James R. Wheaton, SBN 115230
David A. Greene, SBN 160107
FIRST AMENDMENT PROJECT
California Building
1736 Franklin Street, Ninth Floor
Oakland, CA 94612
Phone: (510) 208-7744
Facsimile: (510) 208-4562
wheaton@thefirstamendment.org
dgreene@thefirstamendment.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Seth Rosenfeld | Case No. |
| Plaintiff, | COMPLAINT FOR INJUNCTIVE RELIEF |
| vs. | |
| Federal Bureau of Investigation, and United States Department of Justice | |
| Defendant. | |

Plaintiff, Seth Rosenfeld, in support of his Complaint for Injunctive Relief, alleges the following facts:

**JURISDICTION AND VENUE**

1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff Seth Rosenfeld by Defendant Department of Justice (hereinafter, "DOJ") and its component Federal Bureau of Investigation (hereinafter, "FBI") (collectively, "Defendants").  This Court has both subject matter

COMPLAINT

1  jurisdiction over this action and personal jurisdiction over the

2  parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has

3  subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331,

4  1346(a)(2), and 1361.

5  2.   Venue is appropriate in this district pursuant to 28 U.S.C.

6  §§ 1391(e) and 1402(a)(1), and 5 U.S.C. § 552(a)(4)(B).

7                    **INTRADISTRICT ASSIGNMENT**

8  3.   This court has Intradistrict Assignment jurisdiction

9  pursuant to L.R. §§ 3-2(c) and (d).

10                      **FACTUAL BACKGROUND**

11 4.   Plaintiff Seth Rosenfeld (hereinafter, "Rosenfeld") is a

12 professional journalist based in San Francisco, California and

13 has been so for more than 23 years.  Rosenfeld seeks the records

14 described below in his capacity as a professional journalist.

15 5.   The DOJ is a Department of the Executive Branch of the

16 United States Government, and includes the component entity FBI.

17 The DOJ is an agency within the meaning of 5 U.S.C. § 552(f).

18 6.   Rosenfeld is a staff reporter for the San Francisco

19 Chronicle, employed since 2000.  Prior to the that Rosenfeld was

20 a reporter for the San Francisco Examiner from 1984 until 2000.

21 Rosenfeld has won numerous national, state and local journalism

22 awards, particularly for his articles about the FBI's activities

23 in regard to the University of California that were based on FBI

24 records obtained under the Freedom of Information Act.

25 7.   Over the course of his career Rosenfeld has researched the

26 FBI's operations with respect to the University of California,

27 especially its flagship Berkeley campus, and in particular the

28 FBI's activities as they relate to academic freedom, civil

                                                        COMPLAINT

1    liberties and national security.  Rosenfeld has focused on

2    nationally prominent events in and around the campus community,

3    including but not limited to the loyalty oath of the 1950s, the

4    civil rights movement of the early 1960s, the Free Speech

5    Movement of 1964, the anti-war movement of the latter 1960s, the

6    development of ethnic studies, and other social and political

7    movements.  Rosenfeld has also examined the FBI's activities with

8    respect to prominent people involved in these events, including

9    for example the late renowned educator and University of

10   California President Clark Kerr, the late United States President

11   and Governor of California Ronald Reagan, and the late Free

12   Speech Movement leader Mario Savio.

13   8.   Rosenfeld has published numerous articles based on his

14   research in FBI records concerning the above subjects in the

15   Daily Californian, the San Francisco Chronicle, the Los Angeles

16   Times and other publications.  These include Rosenfeld's June

17   2002 series in the San Francisco Chronicle, entitled "The Campus

18   Files."  Attached hereto as Exhibit A are true and correct copies

19   of the June 2002 Campus Files articles.  The Campus Files series

20   detailed the FBI's unconstitutional and unlawful activities at

21   the University of California, including the FBI's efforts to have

22   Clark Kerr fired as president of the university because FBI

23   officials disagreed with Mr. Kerr's personal political views and

24   his campus policies.

25   9.   The significance of Rosenfeld's writing and research about

26   the FBI activities with respect to the University of California

27   have been recognized in the national press.  The Associated Press

28   carried reports based on The Campus Files series, which appeared

COMPLAINT

1  in the Washington Post, the Los Angeles Times, and numerous other
2  newspapers.  CNN and ABC carried news articles about The Campus
3  Files series, as did many other local television and radio
4  stations.  More than a dozen newspapers wrote editorials about
5  the series.  The New York Times said in a June 16, 2002 editorial
6  about Rosenfeld's series, "These accounts of the F.B.I.'s
7  malfeasance are a powerful reminder of how easily intelligence
8  organizations deployed to protect freedom can become its worst
9  enemy."  Attached hereto as Exhibit A is a true and correct copy
10 of the June 16, 2002 editorial.
11 10.  The significance of Rosenfeld's research and writings based
12 on his research has been further recognized by professional
13 journalism and educational associations.  Rosenfeld's series won
14 several national awards, including the Edward Willis Scripps
15 Award for Distinguished Service to the First Amendment, from the
16 Scripps Howard Foundation; the Eugene S. Pulliam First Amendment
17 Award from the Society of Professional Journalists; the Freedom
18 of Information Award, from Investigative Reporters and Editors
19 (IRE); the Joseph L. Brechner Freedom of Information Award from
20 the University of Florida; and a special citation from Harvard
21 University's Goldsmith Award for Investigative Reporting.
22 11.  The Campus Files series also won the Freedom of Information
23 Award from the Californian Newspaper Publishers Association, for
24 "dedication and outstanding work to protect and enhance the First
25 Amendment, freedom of expression, and a free press."  In 2002,
26 the Society of Professional Journalists of Northern California
27 named Rosenfeld Outstanding Journalist of the Year.
28 / / /

COMPLAINT

4

12.  Rosenfeld's research has been based largely on FBI records released to him pursuant to requests and complaints filed under the FOIA in the United States District Court for the Northern District of California in cases C 90-3576 MHP, C 85-1709, and C 85-2247 MHP.  Rosenfeld substantially prevailed in these cases, and pursuant to a settlement agreement entered by the Court in 1996 the Defendants have released numerous records, albeit not all.

13.  The details of Rosenfeld's aforementioned FOIA requests and the litigation that arose from them are set forth in published decisions in consolidated actions C 85-2246 MHP, C 85-1709 MHP, and C 90-3576 MHP.  In particular, pertinent details are set forth in decision at <u>Rosenfeld v. United States Dep't of Justice</u>, 761 F.Supp. 1440, 1441-43 (N.D. Cal. 1991), and <u>Rosenfeld v. United States Dep't of Justice</u>, 57 F.3d 803, 806-07 (9th Cir. 1995).  Most recently, United States Magistrate Judge Elizabeth D. Laporte issued an unpublished order dated February 6, 2007, requiring the FBI to expeditiously comply with previously issued orders in these cases.

                    Rosenfeld's Subsequent FOIA Requests

14.  Since the date of the settlement agreement, Rosenfeld has continued his research in FBI files in order to write additional articles and a book.  Rosenfeld has thus submitted additional separate requests related to his continuing research about the FBI's activities with respect to the University of California. Despite the previous extensive litigation brought by Rosenfeld, Defendants have once again failed to comply with his FOIA requests.  In some of these cases, more than three years have

COMPLAINT

1   passed since Rosenfeld submitted his requests and Defendants have

2   released no records at all.  In other cases, Defendants have

3   released some records but failed to release others.  Further, in

4   some cases Defendants failed to conduct an adequate search for

5   records that they still have not released.  In sum, in each case

6   set forth below, Defendants have failed to release non-exempt

7   records and engaged in open-ended delays without providing any

8   reasonable estimate of when they expect to release the records,

9   all in violation of the FOIA.

10  15.  Each of the following FOIA requests set forth below are at

11  issue in the instant complaint.  Rosenfeld has made other FOIA

12  requests that the Defendants have similarly failed to comply

13  with, and Rosenfeld may amend this complaint to add these other

14  requests as necessary.

15  16.  Rosenfeld is informed and believes and alleges that the FBI

16  has adopted a deliberate policy of ignoring specific requests

17  lawfully made under the FOIA with the purpose of discouraging,

18  delaying and otherwise denying citizens lawful access to public

19  records.  As part of this policy, the FBI fails to conduct

20  adequate searches for requested records, and on that basis

21  falsely represents to the public that it has been unable to

22  locate responsive records.

23  17.  Although Defendants have received enormous budgetary

24  increases to gather information for the purposes of protecting

25  and serving the public, Defendants have allocated a smaller and

26  smaller proportion of these funds toward complying with the FOIA

27  to let citizens know what their government is up to.  This

28  perennial and deliberate underfunding of the FOIA staff is partly

COMPLAINT

1  responsible for the FBI's failure to comply with the FOIA in

2  these cases.

3  **FIRST CAUSE OF ACTION**

4  RECORDS PERTAINING TO RONALD W. REAGAN

5  (FOIA 405, 193, Appeal No. 97-3116, Appeal No. 07-0563)

6  18.  The aforementioned 1996 settlement agreement provided that

7  the FBI would release certain records concerning Ronald Reagan.

8  The agreement specified which records were to be processed, and

9  the deadline for releasing all non-exempt portions.  It further

10 specified that the Ronald Reagan request was to be treated as a

11 "new" request and any issues arising from its processing were to

12 be treated separately from the previous litigation.  Plaintiff at

13 the aforementioned hearing on December 5, 2006 before Magistrate

14 Judge Laporte initially sought to resolve issues regarding the

15 Ronald Reagan records within the context of the prior litigation

16 as a potentially more efficient process, but Defendants asserted

17 that Plaintiff should bring separate litigation to do so, a

18 position Plaintiff has acquiesced to.

19 19.  Specifically, the settlement agreement specified that the FBI was

20 to release the following Ronald Reagan records:

21     "Any and all records at FBI HQ, San Francisco, Los Angeles,

22 Sacramento, San Diego, Washington Field Office, and all offices of

23 origin on Ronald W. Reagan (date of birth 2/06/11; UC Regent ex

24 officio c. 1966-1978), from the earliest records through January 1,

25 1979."

26 20.  The settlement agreement in regard to the Ronald Reagan records

27 further stated:

28     "The FBI agrees to process this new FOIA request as a priority

COMPLAINT

7

1   matter as specified in Subparagraphs (a) and (b).  The processing of

2   this request and any disputes arising under this new FOIA request

3   shall be deemed a separate matter not covered by this agreement and

4   shall be considered part of the Rosenfeld I or Rosenfeld II cases.

5       "(a) Defendants agree to process (in accordance with FOIA

6   standards in effect as of the date of this agreement) all of the

7   records responsive to this new request that are dated prior to July 1,

8   1975, and release all non-exempt records, within two months after

9   completing reprocessing of the Rosenfeld I records (pursuant to

10  Paragraph 5 of this agreement).

11      "(b) Defendants agree to process (in accordance with FOIA

12  standards in effect as of the date of this agreement) all of the

13  records responsive to this new request that are dated from July 1,

14  1975 through January 1, 1979, and release all non-exempt records, at a

15  rate of at least 1,000 pages per month beginning after completion of

16  the reprocessing of the Rosenfeld II records (pursuant to Paragraph 5

17  of this agreement)."  Attached hereto as Exhibit B is a true and

18  correct copy of the 1996 settlement agreement.

19  21.   Thus, the settlement agreement required the FBI to release all

20  non-exempt Ronald Reagan records no later than 14 months from the date

21  of the settlement agreement, which the parties signed in January 1996

22  and which was entered by the Court on May 22, 1996.  Thus, the FBI was

23  required to have completed releasing these records in no case later

24  than July 22, 1997.

25  22.   By letter dated May 2, 1996, the FBI released 1,935 pages.  By

26  letter dated February 27, 1997, the FBI released an additional 851

27  pages and stated "The enclosed documents represent the final scheduled

28  release pursuant to the Settlement Agreement..." Attached hereto as

COMPLAINT

1   Exhibits C and D, respectively, is a true and correct copy of the May

2   2, 1996 letter and a true and correct copy of the February 27, 1997

3   letter.

4   23.   By letters dated July 28, 1997, and September 25, 1997,

5   Rosenfeld, by his then counsel, the late Thomas Steel, appealed the

6   FBI's withholding of information from the Ronald Reagan records to the

7   DOJ.   Attached hereto as Exhibits E and F, respectively, is a true and

8   correct copy of the July 28, 1997 letter and a true and correct copy

9   of the September 25, 1997 letter.

10  24.   In response to Rosenfeld's appeal, the DOJ stated in an undated

11  letter to Mr. Steel that it was releasing one additional page but had

12  decided to release no additional Ronald Reagan records.   Attached

13  hereto as Exhibit G is a true and correct copy of the undated letter

14  from the DOJ to Mr. Steel.

15  25.   The DOJ's letter further stated that it was referring certain

16  classified records to the Department Review Committee to determine

17  whether the classified information warrants remaining classified.   The

18  DOJ stated it would notify Rosenfeld if the committee decided to

19  declassify any information.   The DOJ has not notified Rosenfeld.

20  26.   The DOJ letter further stated that all redacted information had

21  been properly redacted, and declined to provide any itemized

22  justification for the redacted information.   The DOJ letter advised

23  Rosenfeld that he could seek judicial review.

24  27.   By letters dated March 31, 2006 and May 4, 2006, new counsel for

25  Rosenfeld wrote Mark Quinlivan, the DOJ attorney of record in the

26  above referenced settlement agreement, setting forth numerous

27  instances in which Rosenfeld believed the FBI had failed to release

28  the Ronald Reagan records.   Attached hereto as Exhibits H and I,

COMPLAINT

9

respectively, is a true and correct copy of the March 31, 2006 letter
and a true and correct copy of the May 4, 2006 letter.

28.   Rosenfeld's May 4, 2006 letter, in summary, advised the DOJ that
the FBI failed to conduct adequate searches for the records and
therefore did not process responsive records; the FBI did not search
in places it had identified as likely to contain responsive records,
including records concerning Ronald Reagan; and that the FBI did not
release all non-exempt responsive records it had located.  (See
Exhibit I.)

29.   In addition, Rosenfeld's May 4, 2006, letter asked the DOJ to
advise him as the status of apparently pending parts of the Ronald
Reagan request, including the status of documents that FBI had
referred to other agencies and documents that the FBI had identified
as responsive but could not find at the time.

30.   Rosenfeld's May 4, 2006 letter also identified specific
categories of records that the FBI had not released, including "cross
reference" documents.

31.   However, Rosenfeld never received a substantive reply to this
letter and the DOJ and the FBI have not released the outstanding
Ronald Reagan records.

32.   By letter dated January 29, 2007, Rosenfeld through this office
again appealed the FBI's failure to release all required Ronald Reagan
records to the DOJ.  Attached hereto as Exhibit J is a true and
correct copy of the January 29, 2007 letter.

33.   By letter dated February 8, 2007, DOJ stated it had placed the
Ronald Reagan appeal into its "substantial" backlog.  Attached hereto
as Exhibit K is a true and correct copy of the February 8, 2007
letter.

COMPLAINT

34.   On March 1, 2007, after DOJ had still made no substantive response to this appeal, Rosenfeld again wrote the DOJ again setting forth reasons why additional Ronald Reagan records should be released and complaining of the DOJ's open-ended delay in responding to this appeal.  This letter asked DOJ to instruct the FBI to release the requested information within 90 days.  This letter stated that if the DOJ and Rosenfeld could not agree on a firm date for the release of outstanding Ronald Reagan records, Rosenfeld would have no choice but to seek relief in court. Attached hereto as Exhibit L is a true and correct copy of the March 1, 2007 letter.

35.   The DOJ has made no substantive reply to Rosenfeld's several letters concerning the Ronald Reagan records, and the FBI has released no additional records.

36.   On or about April 13, 2007, Rosenfeld again wrote DOJ regarding this.  Attached hereto as Exhibit M is a true and correct copy of the April 13, 2007 letter.

37.   To date, Defendants have failed to provide Rosenfeld all records concerning Ronald Reagan as required under the settlement agreement and the FOIA.

38.   Rosenfeld has exhausted the applicable administrative remedies with respect to this request.

39.   The Defendants have wrongfully withheld the requested records from Rosenfeld.

### SECOND CAUSE OF ACTION

RECORDS PERTAINING TO HERBERT ELLINGWOOD, DECEASED

(FOIA 1049408-000, Appeal No. 07-0120)

40.   On May 8, 2006, Rosenfeld submitted this request to the Los Angeles, Sacramento, San Francisco, San Diego, Washington Field, and

COMPLAINT

11

1   HQ offices of the FBI, seeking "any and all" records concerning

2   Herbert Ellingwood, deceased.  However, the FBI failed to release the

3   requested records.  Attached hereto as Exhibit N are true and correct

4   copies of the May 8, 2006 requests.

5   41.  By letter dated May 18, 2006, FBI Headquarters acknowledged

6   receipt of this request. By letter dated June 30, 2006, the FBI

7   acknowledged receipt of the Sacramento FBI request. By letters dated

8   May 11, 2006 and May 23, 2006, the FBI acknowledged receipt of the San

9   Diego FBI request.  Attached hereto as Exhibit O are true and correct

10  copies of the acknowledgment letters.

11  42.  By letter dated July 19, 2006, the FBI notified Rosenfeld that

12  the FBI had located approximately 530 pages responsive to Rosenfeld's

13  request.  The letter provided an estimated cost which the FBI would

14  assume Rosenfeld was willing to pay unless he advised otherwise.

15  Rosenfeld did not object to the cost.  Attached hereto as Exhibit P is

16  a true and correct copy of the July 19, 2006 letter.

17  43.  By letter dated October 16, 2006, Rosenfeld appealed the FBI's

18  failure to release the requested records.  Attached hereto as Exhibit

19  Q is a true and correct copy of the October 16, 2006 letter.

20  44.  Rosenfeld's letter dated October 16, 2006 also asked that the

21  records be processed in light of the deceased and/or public figure

22  status of people who may be referenced in the records to ensure that

23  all non-exempt information was released.  However, by letter dated

24  December 18, 2006, DOJ declined to take action on the ground that the

25  FBI "has not yet responded to your request."  Attached hereto as

26  Exhibit R is a true and correct copy of the December 18, 2006 letter.

27  45.  The FBI still did not release the records, and by letter dated

28  January 31, 2007 Plaintiff wrote the FBI inquiring as to the status of

COMPLAINT

1   this request.  Attached hereto as Exhibit S is a true and correct copy

2   of the January 31, 2007 letter.

3   46.  By letter dated February 7, 2007, the FBI informed Rosenfeld that

4   the requested records were "being prepared for processing. Such

5   preparation can be time consuming."  Defendants did not respond to

6   Rosenfeld's request that the records be processed in light of deceased

7   and/or public figure status of persons who may appear in the records.

8   Attached hereto as Exhibit T is a true and correct copy of the

9   February 7, 2007 letter.

10  47.  By letter dated March 1, 2007, Rosenfeld through his counsel

11  appealed again. This appeal asked DOJ to instruct the FBI to release

12  the records immediately. If the FBI cannot release the records now,

13  the appeal asked DOJ to provide a specific date as to when the FBI

14  reasonably expects to. To date, Rosenfeld has received no substantive

15  reply and the records have not been released.  Attached hereto as

16  Exhibit U is a true and correct copy of the March 1, 2007 letter.

17  48.  Rosenfeld has exhausted the applicable administrative remedies

18  with respect to this request.

19  49.  The Defendants have wrongfully withheld the requested records

20  from Rosenfeld.

21                      **THIRD CAUSE OF ACTION**

22          RECORDS PERTAINING TO ALEX SHERRIFFS, DECEASED

23    (Appeal No. 05-1852, FBI Headquarters No. 1001628-00, SF: No Number

24                              Assigned)

25  50.  By letters dated July 8, 2004, Rosenfeld sent a request to the

26  FBI Headquarters and the FBI San Francisco office requesting records

27  relating to Alex Sherriffs, deceased.  Attached hereto as Exhibit V

28  are true and correct copies of the July 8, 2004 letters.

                                                        COMPLAINT

51.  By letter dated February 19, 2005, Rosenfeld wrote the FBI noting
no records had been released and inquiring as to to when they would be
released.  Rosenfeld has sent several letters to the FBI inquiring as
to the status of this request.  Attached hereto as Exhibit W is a true
and correct copy of the February 19, 2005 letter.

52.  By letter dated May 12, 2005, Rosenfeld appealed to DOJ the FBI's
failure to release any records pursuant to this request.  Attached
hereto as Exhibit X is a true and correct copy of the May 12, 2005
letter.

53.  By letter dated November 8, 2005, Rosenfeld again wrote the FBI
noting the request was now 16 months old and no records had been
released.  Rosenfeld again asked the FBI to immediately release the
records or state a reasonable estimate of when it would release them.
Attached hereto as Exhibit Y is a true and correct copy of the
November 8, 2005 letter to the FBI.

54.  By letter dated November 8, 2005, Rosenfeld again appealed to DOJ
the FBI's failure to release any records pursuant to this request.
Attached hereto as Exhibit Z is a true and correct copy of the
November 8, 2005 letter to the DOJ.

55.  By letter dated March 30, 2006, Rosenfeld again wrote the FBI,
noting the request was now 20 months old.  Rosenfeld again asked the
FBI to promptly release the records or provide a reasonable estimate
of when it would release them.  Attached hereto as Exhibit AA is a
true and correct copy of the March 30, 2006 letter.

56.  By letter dated January 31, 2007, Rosenfeld again appealed to DOJ
the FBI's failure to release any records pursuant to this request,
noting the request was now 30 months old.  Attached hereto as Exhibit
BB is a true and correct copy of the January 31, 2007.

COMPLAINT

14

57.  Rosenfeld again appealed the FBI's failure to release any records by letter to DOJ dated January 31, 2007.

58.  DOJ replied by letter declining to take any action.

59.  By letter dated March 1, 2007, Rosenfeld through his counsel appealed again.  This appeal asked DOJ to instruct the FBI to release the records immediately.  If the FBI cannot release the records now, the appeal asked DOJ to provide a specific date as to when the FBI reasonably expects to.  Attached hereto as Exhibit CC is a true and correct copy of the March 1, 2007 letter.

60.  To date, Rosenfeld has received no substantive reply and the records have not been released.

61.  Rosenfeld has exhausted the applicable administrative remedies with respect to this request.

62.  Although nearly three years have passed since he submitted his request, Defendants have released no records and have wrongfully withheld the requested records from Rosenfeld.

### FOURTH CAUSE OF ACTION

RECORDS PERTAINING TO ROY M. BREWER, DECEASED

(FBI Headquarters No. 1063060-000, Los Angeles Field Office No. 190-C2-2838, Washington Field Office: No number assigned, Appeal No. 07-573)

63.  By three separate and identical letters dated October 13, 2006, Rosenfeld submitted requests to the FBI Washington Field Office, the Los Angeles Field Office, and FBI Headquarters for records relating to Roy M. Brewer, deceased.  Attached hereto as Exhibit DD are true and correct copies of the October 13, 2006 letters.

64.  These requests sought any and all records concerning Mr. Brewer, and specified records in "all main files, all see references, Do Not

COMPLAINT

15

1   File Files, channelized records, search slips, including search slips
2   used to process this request, ELSUR records, index cards, records that
3   are or were maintained in SAC safes, and bulky exhibits."  These
4   requests also provided the names of organizations that Mr. Brewer was
5   involved in, to aid the FBI's search for all responsive records. In
6   addition, the requests provided the names of deceased people who be
7   referenced in the responsive records.
8   65.  By letter dated October 25, 2006, the Washington Field Office
9   acknowledged receipt of the request. By letter dated October 17, 2006,
10  the Los Angeles Field Office acknowledged receipt of the request. Both
11  field offices stated they were referring the requests to headquarters.
12  Headquarters acknowledged receipt of the request by letter November
13  17, 2006.  Attached hereto as Exhibit EE are true and correct copies
14  of the acknowledgment letters.
15  66.  When the FBI had released no records, Rosenfeld by letter dated
16  January 31, 2007, appealed to DOJ the FBI's failure to release the
17  requested records.  Attached hereto as Exhibit FF is a true and
18  correct copy of the January 31, 2007 letter.
19  67.  The DOJ acknowledged receipt of this appeal by letter dated
20  February 8, 2007.  However, DOJ's said that it had a "substantial
21  backlog" of appeals and provided no date when it reasonably expected
22  to address this matter.  Attached hereto as Exhibit GG is a true and
23  correct copy of the February 8, 2007 letter.
24  68.  By letter dated March 1, 2007, Rosenfeld through his counsel
25  appealed again.  This appeal asked DOJ to instruct the FBI to release
26  the records immediately.  If the FBI cannot release the records now,
27  the appeal asked DOJ to provide a specific date as to when the FBI
28  reasonably expects to.  Attached hereto as Exhibit HH is a true and

COMPLAINT

1    correct copy of the March 1, 2007 letter.

2    69.  By letter dated April 28, 2007, the FBI released 231 pages of

3    records from the Washington Field Office. However, Rosenfeld's review

4    of these records show that they contained no FBI records dated prior

5    to approximately 1988.  In addition, the FBI released no records from

6    the other requested FBI offices, and gave no indicated as to when or

7    if it would release those records.  Attached hereto as Exhibit II is a

8    true and correct copy of the April 26, 2007 letter.

9    70.  To date, Rosenfeld has received no further substantive reply to

10   this appeal and the FBI has continued to fail to release all requested

11   records.

12   71.  Rosenfeld has exhausted the applicable administrative remedies

13   with respect to this request.

14   72.  The Defendants have wrongfully withheld the requested records

15   from Rosenfeld.

16                        **FIFTH CAUSE OF ACTION**

17             RECORDS PERTAINING TO NEIL REAGAN, DECEASED

18   (FBI Headquarters and Los Angeles Field Office No. 1017395, Washington

19         Field Office (no number assigned), FOIA Appeal No. 05-1850)

20   73.  By three separate and identical letters dated March 23, 2005,

21   sent by certified mail to the FBI Washington Field Office and the Los

22   Angeles Field Office, and by certified mail and fax to FBI

23   Headquarters, Rosenfeld requested any and all records concerning Neil

24   Reagan, the deceased brother of President Ronald Reagan.  Attached

25   hereto as Exhibit JJ are true and correct copies of the March 23, 2005

26   letters.

27   74.  By letter dated March 30, 2005, FBI headquarters acknowledged

28   receipt of this request. By letter dated April 13, 2005, the FBI Los

                                    COMPLAINT

Angeles office acknowledged receipt of this request.  Attached hereto as Exhibit KK are true and correct copies of the acknowledgment letters.

75.  By letter dated May 12, 2005, Rosenfeld appealed to DOJ the FBI's failure to release the requested records.  Attached hereto as Exhibit LL is a true and correct copy of the May 12, 2005 letter.

76.  By letter dated May 26, 2005, DOJ advised Rosenfeld that his appeal was pending.   Attached hereto as Exhibit MM is a true and correct copy of the May 26, 2005 letter.

77.  By letter dated May 26, 2005, the FBI stated that a search of some of its records at FBI HQ and the Los Angeles and Washington Field Offices "revealed no records responsive to your FOIA request." Attached hereto as Exhibit NN is a true and correct copy of the May 26, 2005 letter.

78.  By letter dated September 6, 2005, DOJ further responded to Rosenfeld's appeal, declining to take action and stating that the FBI had replied to his request by letter dated May 26, 2005, and that if Rosenfeld was dissatisfied with the FBI's response he could appeal again to DOJ or, alternatively, could consider the DOJ letter a denial of his appeal and seek judicial review.  Attached hereto as Exhibit OO is a true and correct copy of the September 6, 2005 letter.

79.  By letter dated November 8, 2005, Rosenfeld again appealed to DOJ the FBI's failure to release the requested records.  Attached hereto as Exhibit PP is a true and correct copy of the November 8, 2005.

80.  By letter dated February 28, 2006, the FBI released three pages concerning Neil Reagan.  Attached hereto as Exhibit QQ is a true and correct copy of the February 28, 2006 letter.

/ / /

COMPLAINT

81.  By letter dated January 31, 2007, Rosenfeld again wrote the FBI requesting the release of additional non-exempt information from each of the above-named FBI offices.  Attached hereto as Exhibit RR is a true and correct copy of the January 31, 2007 letter.

82.  By letter dated March 1, 2007, Rosenfeld through his counsel appealed again.  This appeal asked DOJ to instruct the FBI to release the records immediately.  If the FBI cannot release the records now, the appeal asked DOJ to provide a specific date as to when the FBI reasonably expects to.  Attached hereto as Exhibit SS is a true and correct copy of the March 1, 2007.

83.  To date, Rosenfeld has received no substantive reply and the records have not been released.

84.  Rosenfeld has exhausted the applicable administrative remedies with respect to this request.

85.  The Defendants have wrongfully withheld the requested records from Rosenfeld.

### SIXTH CAUSE OF ACTION

RECORDS PERTAINING TO "80 FILES"

(FBI Request 1049330, Appeal No. 07-0124)

86.  Rosenfeld submitted requests for certain files containing the "80" designation to FBI headquarters by letter dated April 28, 2006 and the FBI Sacramento office by letter dated May 6, 2006.  Attached hereto as Exhibit TT is a true and correct copy of the April 28, 2006 letter and a true and correct copy of the May 6, 2006 letter.

87.  By letter dated September 25, 2006, the FBI released some records that Rosenfeld did not request and which were non-responsive to his request.  The FBI had apparently misunderstood what was being requested.

COMPLAINT

88.  By letter dated October 15, 2006, Rosenfeld appealed to DOJ the FBI's failure to release the requested records, explaining that the FBI had released wholly non-responsive records that he never requested.  Attached hereto as Exhibit UU is a true and correct copy of the October 15, 2006 letter.

89.  By letter dated October 24, 2006 Rosenfeld wrote the FBI about this problem.  Attached hereto as Exhibit VV is a true and correct copy of the October 24, 2006 letter.

90.  By letter dated December 18, 2006, DOJ replied to Rosenfeld's appeal, declining to direct the FBI to release the requested records on the ground that they had been released.  Attached hereto as Exhibit WW is a true and correct copy of the December 18, 2006 letter.

91.  By letter dated December 21, 2006, the FBI told Rosenfeld that it had acknowledged this request, apparently treating it as a new request but releasing no records.  Attached hereto as Exhibit XX is a true and correct copy of the December 21, 2006 letter.

92.  By letter dated January 18, 2007, Rosenfeld appealed again to DOJ, explaining once again that the FBI had not released the requested records.   Attached hereto as Exhibit YY is a true and correct copy of the January 18, 2007 letter.

93.  By letter dated March 1, 2007, Rosenfeld through his counsel appealed again.  This appeal asked DOJ to instruct the FBI to release the records immediately.  If the FBI cannot release the records now, the appeal asked DOJ to provide a specific date as to when the FBI reasonably expects to.  Attached hereto as Exhibit ZZ is a true and correct copy of the March 1, 2007 letter.

94.  Rosenfeld has received no substantive response to this appeal, and to date the FBI has not released the requested records.

COMPLAINT

1  95.   Rosenfeld has exhausted the applicable administrative remedies
2  with respect to this request.
3  96.   The Defendants have wrongfully withheld the requested records
4  from Rosenfeld.

5                    **SEVENTH CAUSE OF ACTION**

6          RECORDS PERTAINING TO MOTION PICTURE INDUSTRY COUNCIL
7                 (Appeal No. 07-0126, Request 1050646-000)
8          RECORDS PERTAINING TO LABOR LEAGUE OF HOLLYWOOD VOTERS
9                 (Appeal No. 07-0125, Request 1050649-001)
10  RECORDS PERTAINING TO MOTION PICTURE ALLIANCE FOR THE PRESERVATION OF
11                            AMERICAN IDEALS
12             (Appeal No. Not Assigned, Request 1050648-000)

13  97.   By letters dated June 14, 2006, Rosenfeld sent copies of this
14  request to the Los Angeles and HQ offices of the FBI. He stated that
15  he wanted "any and all" records concerning three subjects, the Motion
16  Picture Industry Council, the Labor League of Hollywood Voters, and
17  the Motion Picture Alliance for the Preservation of American Ideals.
18  Attached hereto as Exhibit AAA are true and correct copies of the June
19  14, 2006 letters.
20  98.   Rosenfeld's request properly specified the records he is seeking,
21  including but not limited to main files, see references, Do Not File
22  Files, channelized records, search slips, including search slips used
23  to process this request, ELSUR records, index cards, records that are
24  or were maintained in SAC safes, and bulky exhibits.
25  99.   The request further specified all records, including but not
26  limited to those listed in the General Index, and any and all other
27  indexes.
28  / / /

                                                      COMPLAINT

1  100. By letters dated June 22, 2006, FBI Headquarters acknowledged
2  receipt of this request and assigned separate FOIA request numbers to
3  each subject.  Attached hereto as Exhibit BBB are true and correct
4  copies of the June 22, 2006 letters.
5  101. By letter dated August 21, 2006, the FBI stated it had found no
6  records concerning the Motion Picture Industry Council as a result of
7  searching some of its records at FBI headquarters and the FBI Los
8  Angeles Field Office.  Attached hereto as Exhibit CCC is a true and
9  correct copy of the August 21, 2006 letter stating no records were
10 found.
11 102. By letter dated August 21, 2006, the FBI stated it had found
12 approximately 820 pages concerning the Motion Picture Alliance for the
13 Preservation of American Ideals. The FBI did not state which FBI
14 office or offices these records were located at. The FBI did not
15 release the records, and did not say when it would.  Attached hereto
16 as Exhibit DDD is a true and correct copy of the August 21, 2006
17 letter stating records were located.
18 103. By letter dated August 28, 2006, the FBI stated it had found no
19 responsive records on the Labor League of Hollywood Voters and the
20 Motion Picture Industry Council at FBI headquarters and the Los
21 Angeles Field Office.  Attached hereto as Exhibit EEE is a true and
22 correct copy of the August 28, 2006 letter.
23 104. By letter dated October 16, 2006, Rosenfeld appealed to DOJ the
24 FBI's failure to release the requested records on the Motion Picture
25 Industry Council.  Rosenfeld informed DOJ that the FBI apparently
26 chose to disregard the specifics of his request, and instead of
27 searching for the properly specified records, the FBI conducted a much
28 narrower search that failed to locate the records.  Attached hereto as

COMPLAINT

1   Exhibit FFF is a true and correct copy of the October 16, 2006 letter
2   to the DOJ.
3   105. By a separate letter dated October 16, 2006, Rosenfeld informed
4   the FBI that the names of and information concerning certain deceased
5   and/or public figures may appear in the requested records on each of
6   the three organizations, and that the FBI should consider this as it
7   weighs in favor of greater disclosure of all non-exempt information.
8   Attached hereto as Exhibit GGG is a true and correct copy of the
9   October 16, 2006 letter to the FBI.
10  106. By letter dated November 13, 2006, DOJ acknowledged receipt of
11  Rosenfeld's October 16, 2006 appeal of the FBI's failure to release
12  records in response to his request on the Labor League of Hollywood
13  Voters and the Motion Picture Industry Council.  Attached hereto as
14  Exhibit HHH is a true and correct copy of the November 13, 2006
15  letter.
16  107. By letters dated December 19, 2006, DOJ informed Rosenfeld it had
17  remanded the Motion Picture Industry Council and the Labor League of
18  Hollywood Voters request to the FBI.  Attached hereto as Exhibit III
19  are true and correct copies of the December 19, 2006 letter.
20  108. By letters dated February 8, 2007, the FBI informed Rosenfeld
21  that it was once again searching for the records he had requested on
22  the Motion Picture Industry Council and the Labor League of Hollywood
23  Voters.  Attached hereto as Exhibit JJJ are true and correct copies of
24  the February 8, 2007 letters.
25  109. Subsequently, a member of the FBI's FOIA staff informed Rosenfeld
26  in a telephone conversation that these requests were being processed.
27  In addition, this member of the FBI's FOIA staff by letter dated March
28  13, 2007 provided Rosenfeld with two CD-ROMs of some records available

COMPLAINT

23

1    at the FBI's reading room for Rosenfeld's reference.  However, after

2    Rosenfeld examined the CDs he discovered that they do not contain the

3    requested records.  After another telephone conversation with

4    Rosenfeld, the FOIA staff member agreed that the CD-ROM did not

5    contain the records requested by Rosenfeld.  The FBI staff person

6    could not say when the FBI would release the records.  Attached hereto

7    as Exhibit KKK is a true and correct copy of the March 13, 2007

8    letter.

9    110.  By letter dated March 1, 2007, Rosenfeld through his counsel

10   appealed again.  This appeal asked DOJ to instruct the FBI to release

11   the records immediately.  If the FBI cannot release the records now,

12   the appeal asked DOJ to provide a specific date as to when the FBI

13   reasonably expects to.  To date, the FBI has failed to release all of

14   the requested records.  Attached hereto as Exhibit LLL is a true and

15   correct copy of the March 1, 2007 letter.

16   111.  By letter dated April 25, 2007, the FBI advised Rosenfeld that it

17   had located 1,041 pages on the Motion Picture Alliance for the

18   Preservation of American Ideals.  The FBI did not state which FBI

19   office(s) the records were from or whether there were other

20   outstanding records.  The FBI did not state whether it would apply

21   Rosenfeld's list of deceased and/or public figures mentioned above.

22   The FBI did not say when it would release the records.  Attached

23   hereto as Exhibit MMM is a true and correct copy of the April 25, 2007

24   letter.

25   112.  By letter dated May 1, 2007, the FBI advised Rosenfeld that it

26   had located 1,100 pages on the Motion Picture Industry Council.  (By

27   letter dated March 27, 2007, the FBI released two pages of search

28   slips.)  The FBI did not state which FBI office(s) the records were

COMPLAINT

24

1   from or whether there were other outstanding records.  The FBI did not

2   state whether it would apply Rosenfeld's list of deceased and/or

3   public figures mentioned above.  The FBI did not say when it would

4   release the records.  Attached hereto as Exhibit NNN is a true and

5   correct copy of the May 1, 2007 letter.

6   113. By letter dated April 25, 2007 the FBI released from FBI

7   Headquarters 49 pages concerning the Labor League of Hollywood Voters.

8   However, the FBI did not release all non-exempt Headquarters records

9   and it released no Los Angeles records.

10  114.  To date the FBI has failed to release all the requested records

11  on each of these three subjects from each of the specified field

12  offices, and has provided no date when it reasonably expects to

13  release the records.

14  115.  Rosenfeld has exhausted the applicable administrative remedies

15  with respect to this request.

16  116.  The Defendants have wrongfully withheld the requested records

17  from Rosenfeld.

18  **PRAYER FOR RELIEF**

19      WHEREFORE, Plaintiff Seth Rosenfeld prays that this Court:

20  A)   Order Defendants to conduct complete and thorough searches for

21  all requested records;

22  B)   Apply the lists of deceased people and other information provided

23  by Rosenfeld readily available to the FBI, including the Social

24  Security Death records, to the responsive records to ensure that all

25  information is properly released;

26  C)   Order Defendants to promptly release to Rosenfeld all non-exempt

27  requested records on each subject in the manner and order specified by

28  Rosenfeld;

COMPLAINT

1    D)    As to the Ronald Reagan records, process them in accord with

2    Rosenfeld's letters to Defendants dated March 31, 2006, May 4, 2006,

3    January 29, 2007, March 1, 2007, and April 13, 2007.

4    E)    Award Plaintiff costs and reasonably attorneys fees incurred in

5    this action; and

6    F)    Grant such other relief as the Court may deem just and proper.

7    DATED: 18 June 2007              Respectfully submitted,

8                                    James R. Wheaton
                                     David A. Greene
9                                    FIRST AMENDMENT PROJECT

10

11

12   By:    _____
                  Attorneys for Plaintiff
13                SETH ROSENFELD

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2
        I, Nicole Feliciano, hereby declare:
        I am over the age of 18 years and am not a party to this
3   action.  I am employed in the county of Alameda.  My business
    address is Public Interest Law Offices, 1736 Franklin Street,
4   Ninth Floor, Oakland, CA 94612.

5       On June 19, 2007, I caused to be served the attached:

6

7   **COMPLAINT FOR INJUNCTIVE RELIEF**

8       ___X___  BY CERTIFIED MAIL.  I caused the above identified
    document(s) addressed to the party(ies) listed below to be
9   deposited for collection at the Public Interest Law Offices or a
    certified United States Postal Service box following the regular
10  practice for collection and processing of correspondence for
    mailing with the United States Postal Service.  In the ordinary
11  course of business, correspondence is deposited with the United
    States Postal Service on this day.
12
    United States Attorney's Office
13  450 Golden Gate Avenue
    11th Floor
14  San Francisco, CA 94102

15
    U.S. Department of Justice
16  950 Pennsylvania Avenue, NW
    Washington, D.C. 20530-0001
17
18  Federal Bureau of Investigation
    J. Edgar Hoover Building
19  935 Pennsylvania Avenue, NW
    Washington, D.C. 20535-0001
20

21      I declare under penalty of perjury, under the laws of the

22  State of California, that the foregoing is true and correct, and

23  that this Declaration was executed at Oakland, California on

24  June 19, 2007.

25

26                          _____

27                              Nicole Feliciano
                                DECLARANT
28

                                                    COMPLAINT

                            27