# EXHIBIT A

SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
OWEN P. MARTIKAN (SBN 177104)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7241
    Facsimile:   (415) 436-6748
    Email:      owen.martikan@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| SETH ROSENFELD, | ) | No. C 07-3240 MHP |
| | ) | (Related: Nos. C 90-3576 MHP, C 85-1709 MHP, and C 85-2247 MHP) |
| Plaintiff, | ) | **E-FILING CASE** |
| v. | ) | |
| | ) | **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST, FOURTH, AND IN PART, PLAINTIFF'S SEVENTH CAUSES OF ACTION** |
| UNITED STATES DEPARTMENT OF JUSTICE, and UNITED STATES FEDERAL BUREAU OF INVESTIGATION, | ) | |
| | ) | Date: Monday, September 17, 2007 |
| Defendants. | ) | Time: 2:00pm |
| | | Ctrm: 15, 18th Floor |

PLEASE TAKE NOTICE that on Monday, September 17, 2007, at 2:00p.m., in the Courtroom of the Honorable Marilyn H. Patel, United States District Judge, Courtroom 15, 18th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, the United States Department of Justice, represented by the United States Attorney for the Northern District of California, through Owen P. Martikan, Assistant United States Attorney, will move this Court to dismiss plaintiff's first, fourth, and in part, plaintiff's seventh causes of action in the above-captioned case under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The motion will be based on this motion and memorandum of points and authorities, the arguments of the parties, and such other matters as may be presented to or considered by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

This case concerns several Freedom of Information Act requests that plaintiff Seth Rosenfeld, a journalist, has made to the FBI. Each of Rosenfeld's seven causes of action, with the exception of the last, relates to a FOIA request for documents relating to a specific person. Rosenfeld's seventh cause of action relates to three FOIA requests to organizations relating to the entertainment industry.

The Court should dismiss Rosenfeld's first cause of action, relating to Ronald Reagan, because the statute of limitations has expired. The Court should dismiss Rosenfeld's fourth cause of action, relating to Roy Brewer, because Rosenfeld failed to exhaust administrative remedies with respect to this claim. The Court should also dismiss Rosenfeld's seventh cause of action, as it relates to the Labor League of Hollywood Voters, because Rosenfeld has failed to exhaust administrative remedies with respect to these claims.

**STATEMENT OF FACTS**

Plaintiff Seth Rosenfeld is a journalist with a particular interest in researching FBI activities in California during the 1960s. Complaint at ¶¶4-7. In this case, he is pursuing nine FOIA requests that he made to the FBI for documents relating to various individuals, organizations, and categories of FBI files. This motion addresses four of those FOIA requests.

**A.   Ronald Reagan Records.**

As part of the settlement of an earlier FOIA lawsuit by Rosenfeld, the FBI and Rosenfeld agreed to treat Rosenfeld's request for various records relating to Ronald Reagan as a new FOIA request that would be addressed separately from any earlier litigation. Complaint at ¶18. The FBI released 1,935 pages of responsive records to Rosenfeld by letter dated May 2, 1996, and an additional 851 pages of responsive records by letter dated February 27, 1997. *Id.* at ¶22. This latter letter stated that the enclosed document production completed the FBI's response to Rosenfeld's request. *Id.*

Rosenfeld appealed the FBI's FOIA response in two appeal letters dated July 28, 1997 and September 25, 1997. *Id.* at ¶23. At some point, the FBI released one additional page to

1 | Rosenfeld. *Id.* at ¶24.

2 |     **B.**     **Roy Brewer Records.**

3 |     On October 13, 2006, Rosenfeld made three FOIA requests to the FBI for records
4 | relating to Roy Brewer. Complaint at ¶63. When Rosenfeld had not received a response from
5 | the FBI by January 31, 2007, Rosenfeld filed an appeal with the FBI. *Id.* at ¶66. Rosenfeld filed
6 | a second appeal on March 1, 2007. *Id.* at ¶68.

7 |     On April 26, 2007, the FBI released 231 pages of records to Rosenfeld. *Id.* at ¶69 and
8 | Exhibit II. Rosenfeld did not appeal this response. Hardy Decl. at ¶12.

9 |     **C.**     **Labor League of Hollywood Voters Records.**

10 |     On June 14, 2006, Rosenfeld made a FOIA request to the FBI for records relating to the
11 | Labor League of Hollywood Voters. Complaint at ¶97. The FBI initially responded to this
12 | request on August 28, 2006, stating that it could find no responsive records. *Id.* at ¶103.
13 | Rosenfeld appealed this determination on October 16, 2006, and on December 19, 2006, the FBI
14 | remanded the case for further investigation into the existence of responsive records. *Id.* at
15 | ¶¶106-07.

16 |     On April 25, 2007, the FBI provided Rosenfeld with 49 pages of responsive records
17 | concerning the Labor League of Hollywood Voters. *Id.* at ¶113. Rosenfeld did not appeal this
18 | response. Hardy Decl. at ¶20.

19 | **ARGUMENT AND AUTHORITIES**
20 | **I.**     **STANDARD OF REVIEW ON A MOTION TO DISMISS.**
21 |     The Court must dismiss a claim over which it lacks subject matter jurisdiction.
22 | Fed. R. Civ. P. 12(b)(1); *Hooker v. U.S. Dep't of Health and Human Servs.*, 858 F.2d 525, 530
23 | (9th Cir. 1988); *see also Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989) (the court is
24 | under a continuing duty to dismiss an action whenever it appears that the court lacks
25 | jurisdiction). Among other reasons, a court lacks subject matter jurisdiction over a lawsuit that
26 | presents no live case or controversy. *Baker v. Carr*, 369 U.S. 186, 198 (1962).
27 |     In considering a Rule 12(b)(1) motion, the Court applies standards particular to the nature
28 | of the jurisdictional challenge. If the challenge is a facial attack -- one contesting jurisdiction

DEF'S MOTION TO DISMISS
C 07-03240 MHP                         3

1 solely on the allegations of the complaint -- the factual allegations of the complaint are presumed
2 to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for
3 subject matter jurisdiction. *See Thornhill Pub. Co. v. Gen'l Tel. & Elecs. Corp.*, 594 F.2d 730,
4 733 (9th Cir. 1979). If the motion is made as a "speaking motion" attacking the existence of
5 subject matter jurisdiction "in fact," the jurisdictional issue is separable from the merits of the
6 case; the court may then consider the evidence presented with respect to the jurisdictional issue
7 and rule on that issue, resolving factual disputes if necessary. *Thornhill*, 594 F.2d at 733 (citing
8 *Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947)); *see also White v. Lee*, 227 F.3d 1214, 1242
9 (9th Cir. 2000) (jurisdictional attacks under Rule 12(b)(1) can be either facial or factual).

       The Court need not assume the truth of the allegations in the complaint in deciding a Rule 12(b)(1) motion. *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.1 (9th Cir. 2006) ("unlike a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined by the facts contained in the four corners of the complaint-it may consider facts and need not assume the truthfulness of the complaint"); *Thornhill*, 594 F.2d at 733 (citation omitted).

       Where a jurisdictional issue is separable from the merits of a case, the court may determine jurisdiction under Rule 12(b)(1). *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). In such a situation, the court is "free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (quotations omitted). Here, the issues of whether Rosenfeld met the jurisdictional requirements to bring a FOIA action are separable from the merits of his claim.

## II. THE RONALD REAGAN CLAIM IS TIME-BARRED.

       The statute of limitations for filing a cause of action under FOIA is six years from accrual. *Spannaus v. Dept. of Justice*, 824 F.2d 52, 56 (D.C. Cir. 1987); *Aftergood v. CIA*, 225 F.Supp.2d 27, 29 (D.D.C. 2002); 28 U.S.C. § 2401(a). A FOIA claim accrues once a claimant has constructively exhausted administrative remedies, which in this case is when the time limit by which the agency must respond to the claimant's FOIA appeal expires. *Aftergood*, 225 F.Supp.2d at 29 (*citing Spannaus*, 824 F.2d at 57-58. A federal agency has 20 days to respond to

DEF'S MOTION TO DISMISS
C 07-03240 MHP                            4

1  a FOIA claimant's appeal. 5 U.S.C. § 552(a)(6)(A)(ii). The statute of limitations does not toll
2  while a FOIA request is pending. *Peck v. CIA*, 787 F.Supp. 63, 66 (S.D.N.Y. 1992).
3        In a FOIA case, the statute of limitations is jurisdictional because it is a waiver of
4  sovereign immunity, and should thus be strictly construed in the government's favor. *Id.* at 64.
5        As Rosenfeld notes in his complaint, the FBI completed its response to his Ronald
6  Reagan FOIA request on February 27, 1997. Complaint at ¶22. And because Rosenfeld had
7  appealed this response by September 25, 1997, his claim accrued – at the latest – on October 14,
8  1997. *See id.* at ¶23.
9        Because the six-year statute of limitations under which Rosenfeld could have sued over
10 the Ronald Reagan FOIA request expired – at the latest – in October, 2003, the Court should find
11 that Rosenfeld's claim relating to Ronald Reagan records is time-barred.

### III.   ROSENFELD HAS FAILED TO EXHAUST THE BREWER AND LABOR LEAGUE OF HOLLYWOOD VOTERS CLAIMS.

14       A FOIA claimant who is dissatisfied with an agency's response to a FOIA request must
15 file an administrative appeal with the agency. *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir.
16 2004). In the Ninth Circuit, this is a jurisdictional requirement. *United States v. Steele*, 799 F.2d
17 461, 466 (9th Cir. 1986); *Hymen v. Merit Systems Protection Board*, 799 F.2d 1421, 1423 (9th Cir.
18 1986) (overruled on other grounds by *Capital Tracing, Inc. v. United States*, 63 F.3d 859 (9th Cir.
19 1995)). The right to judicial review that ordinarily arises from the lack of a timely response
20 lapses if an agency responds to the request at any time before the FOIA suit is filed, requiring
21 that the claimant exhaust remedies with respect to that response. *Oglesby v. Dept. of the Army*,
22 920 F.2d 57, 63-64 (D.C. Cir. 1990).
23       In the case of Rosenfeld's claim for records pertaining to Brewer, the FBI released
24 documents to Rosenfeld on April 28, 2007. Complaint at ¶69. Rosenfeld failed to appeal this
25 response. Hardy Decl. at ¶12. Therefore, the Court should dismiss Rosenfeld's claim relating to
26 the Brewer records.
27       In the case of Rosenfeld's claim for records pertaining to the Labor League of Hollywood
28 Voters, the FBI released documents to Rosenfeld on April 25, 2007. Complaint at ¶113.

DEF'S MOTION TO DISMISS
C 07-03240 MHP                                 5

1 | Rosenfeld failed to appeal this response. Hardy Decl. at ¶20. Therefore, the Court should
2 | dismiss Rosenfeld's claim relating to the Labor League of Hollywood Voters records.

## CONCLUSION

The Court lacks subject matter jurisdiction over Rosenfeld's claims pertaining to the Ronald Reagan records, Roy Brewer records, and Labor League of Hollywood Voters records. The Court should grant the FBI's motion to dismiss with respect to those claims.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: July 20, 2007

_____
OWEN P. MARTIKAN
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SETH ROSENFELD, )
)
Plaintiff, )
)
v. ) Civil Action No. 07-CV-03240
)
FEDERAL BUREAU OF )
INVESTIGATION and )
U.S. DEPARTMENT OF JUSTICE, )
)
Defendants. )

### DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 209

employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded plaintiff's October 13, 2006 FOIA request which seeks access to records pertaining to Roy M. Brewer, including all "main" and "reference" file listings, "Do Not File" files, channelized records, search slips – including search slips used to process plaintiff's request – ELSUR records, index cards, records that are or were maintained in Special Agent in Charge ("SAC") safes, and bulky exhibits. I am also aware of the treatment which has been afforded plaintiff's June 14, 2006 FOIA request which seeks access to records pertaining to the Labor League of Hollywood Voters including all "main" and "reference" file listings, "Do Not File" files, channelized records, search slips – including search slips used to process plaintiff's request – ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits.

(4)     The purpose of this declaration is to provide the Court and plaintiff with an

explanation of the administrative history of the handling of certain of plaintiff's FOIA requests to FBIHQ, the Los Angeles Field Office ("LAFO") and the Washington Field Office ("WFO"). This declaration is submitted in support of defendant's motion to dismiss or in the alternative for summary judgement based on plaintiff's failure to exhaust administrative remedies with respect to certain of his FOIA requests.

## CORRESPONDENCE

### a. Roy M. Brewer

(5)  By three separate letters dated October 13, 2006, plaintiff submitted a FOIA/Privacy Act request to FBIHQ, WFO, and LAFO, seeking access to any and all records including but not limited to all main files, all see references, "Do Not File" files, channelized records, search slips – including search slips used to process his request – ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits concerning Roy Martin Brewer. **(See Exhibit DD to Plaintiff's Complaint for Injunctive Relief ("Complaint").)**

(6)  By letter dated October 17, 2006, LAFO acknowledged receipt of plaintiff's October 13, 2006 request and informed plaintiff that the request was forwarded to FBIHQ for processing. **(See Exhibit EE to Complaint.)**

(7)  By letter dated October 25, 2006, WFO acknowledged receipt of plaintiff's October 13, 2006 request and informed plaintiff that the request was forwarded to FBIHQ for processing. **(See Exhibit EE to Complaint.)**

(8)  By letter dated November 17, 2006, FBIHQ acknowledged receipt of the

plaintiff's FOIA request to FBIHQ as well as the requests forwarded from LAFO and WFO. FBIHQ advised plaintiff that the requests to FBIHQ, LAFO and WFO had all been assigned FOIPA No. 1063060. **(See Exhibit EE to Complaint.)**

(9)     By letter dated January 31, 2007, plaintiff appealed to the U.S. Department of Justice ("DOJ") Office of Information and Privacy ("OIP") on the basis that the FBI had yet to release any records in response to his October 13, 2006 request regarding Roy M. Brewer. **(See Exhibit FF to Complaint.)**

(10)    By letter dated February 8, 2007, OIP acknowledged receipt of plaintiff's administrative appeal and advised plaintiff that it had been assigned Appeal Number 07-0573. **(See Exhibit GG to Complaint.)**

(11)    By letter dated March 1, 2007, plaintiff's counsel wrote OIP to renew the original appeal of January 31, 2007. **(See Exhibit HH to Complaint.)**

(12)    By letter dated April 26, 2007, FBIHQ released 231 pages out of 281 pages reviewed in response to plaintiff's request to LAFO. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, and 7(C), 5 U.S.C. §§ 552 (b)(2), (b)(6) and (b)(7)(C). Plaintiff was advised of the procedure to appeal any denial of information to the DOJ OIP. **(See Exhibit II to Complaint.)** Our administrative records show that RIDS personnel closed plaintiff's October 13, 2006 request on April 26, 2007. In the absence of further communication from plaintiff, including any administrative appeal of FBIHQ's April 26, 2007 release to DOJ OIP, plaintiff's October 13, 2006 request has been administratively closed. On July 20, 2007, DOJ OIP confirmed that no appeal has been filed by plaintiff since the FBI's

-4-

April 26, 2007 release.

### b. Labor League of Hollywood Voters

(13)  By letter dated June 14, 2006, plaintiff submitted a FOIA request to FBIHQ and LAFO seeking access to any and all records including but not limited to all main files, all see references, "Do Not File" files, channelized records, search slips, including search slips used to process his request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits concerning the Labor League of Hollywood Voters. **(See Plaintiff's Exhibit AAA.)**

(14)  By letter dated June 22, 2006, FBIHQ acknowledged receipt of the plaintiff's FOIA request and advised plaintiff that the requests to FBIHQ and LAFO had both been assigned FOIPA No. 1050649. **(See Exhibit BBB to Complaint.)**

(15)  By letter dated August 28, 2006, FBIHQ advised plaintiff that no records pertinent to his request were located by a search of the automated and manual indices either at FBIHQ or LAFO. Plaintiff was advised of the procedure to appeal this response to the DOJ OIP. **(See Exhibit EEE to Complaint.)**

(16)  By letter dated November 13, 2006, OIP acknowledged receipt of plaintiff's administrative appeal and advised plaintiff that it had been assigned Appeal Number 07-0125.[1] **(See Exhibit HHH to Complaint.)**

(17)  By letter dated December 19, 2006, OIP notified plaintiff that it had remanded

---

[1] FBIHQ does not have a copy of plaintiff's October 16, 2006 appeal referred to in the OIP letter dated November 13, 2006.

his request to the FBI for further searches for records responsive to his request, including cross-references. Plaintiff was advised that he could appeal any future adverse determination made by the FBI. Plaintiff was also advised by OIP that if he was dissatisfied with OIP's action, he could seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B). **(See Exhibit III to Complaint.)**

(18) By letter dated February 8, 2007, FBIHQ advised plaintiff that a search of the central records system for the requested information was being conducted. **(See Exhibit JJJ to Complaint.)**

(19) By letter dated March 1, 2007, plaintiff's counsel wrote OIP to renew the original appeal. **(See Exhibit LLL to Complaint.)**

(20) By letter dated April 25, 2007, FBIHQ released 49 pages – out of 53 pages reviewed – in response to plaintiff's request to FBIHQ. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, and 7(C), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C), and (b)(7)(D). Plaintiff was advised of the procedure to appeal any denial of information to the DOJ OIP. **(See Exhibit A attached hereto.)** Our administrative records show that RIDS personnel closed plaintiff's June 14, 2006 request on April 25, 2007. In the absence of further communication from plaintiff, including any administrative appeal of FBIHQ's April 25, 2007 release to DOJ OIP, plaintiff's June 14, 2006 request has been administratively closed. On July 20, 2007, DOJ OIP confirmed that no appeal has been filed by plaintiff since the FBI's April, 25, 2007 release.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibit A attached hereto is a true and correct copy.

Executed this 20th day of July, 2007.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH ROSENFELD ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Federal Bureau of Investigation, and ) <br> United States Department of Justice, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 07-CV-03240 |

# EXHIBIT A

U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

April 25, 2007

MR SETH ROSENFELD
POST OFFICE BOX 421 892
SAN FRANCISCO, CA 94142 1892

Subject: LABOR LEAGUE OF HOLLYWOOD VOTERS
FOIPA No. 1050649- 001

Dear Requester:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

**Section 552**

- ☐ (b)(1)
- ☒ (b)(2)
- ☐ (b)(3) _____
- _____
- _____
- _____
- ☐ (b)(4)
- ☐ (b)(5)
- ☒ (b)(6)

- ☐ (b)(7)(A)
- ☐ (b)(7)(B)
- ☒ (b)(7)(C)
- ☒ (b)(7)(D)
- ☐ (b)(7)(E)
- ☐ (b)(7)(F)
- ☐ (b)(8)
- ☐ (b)(9)

**Section 552a**

- ☐ (d)(5)
- ☐ (j)(2)
- ☐ (k)(1)
- ☐ (k)(2)
- ☐ (k)(3)
- ☐ (k)(4)
- ☐ (k)(5)
- ☐ (k)(6)
- ☐ (k)(7)

53 page(s) were reviewed and 49 page(s) are being released.

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

☐ referred to the OGA for review and direct response to you.

☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☐ See additional information which follows.

Sincerely yours,

*[signature]*

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

Enclosure(s)