SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102-3495
Telephone:    (415) 436-7314
Facsimile:    (415) 436-6748
Email:    ellen.fitzgerald@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SETH ROSENFELD,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, and UNITED STATES FEDERAL BUREAU OF INVESTIGATION,<br><br>          Defendants. | No. C 07-3240 MHP<br>(Related: Nos. C 90-3576 MHP, C 85-1709 MHP, and C 85-2247 MHP)<br>**E-FILING CASE**<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST, FOURTH, AND IN PART, PLAINTIFF'S SEVENTH CAUSES OF ACTION**<br><br>Date: Monday, November 5, 2007<br>Time: 2:00 pm<br>Ctrm: 15, 18th Floor |

      PLEASE TAKE NOTICE that on Monday, November 5, 200, at 2:00 p.m., in the Courtroom of the Honorable Marilyn H. Patel, United States District Judge, Courtroom 15, 18th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, the United States Department of Justice, represented by the United States Attorney for the Northern District of California, through Ellen M. FitzGerald, Assistant United States Attorney, will move this Court to dismiss plaintiff's first, fourth, and, in part, plaintiff's seventh causes of action in the above-captioned case under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The motion will be based on the accompanying memorandum of points and authorities, the arguments of the parties, and such other matters as may be presented to or considered by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This case concerns several Freedom of Information Act requests that plaintiff Seth Rosenfeld, a journalist, has made to the FBI. Each of Rosenfeld's seven causes of action, with the exception of the last, relates to a FOIA request for documents relating to a specific person. Rosenfeld's seventh cause of action relates to three FOIA requests to organizations relating to the entertainment industry.

The Court should dismiss Rosenfeld's first cause of action, relating to Ronald Reagan, because the statute of limitations has expired. The Court should dismiss Rosenfeld's fourth cause of action, relating to Roy Brewer, because Rosenfeld failed to exhaust administrative remedies with respect to this claim. The Court should also dismiss Rosenfeld's seventh cause of action, as it relates to the Labor League of Hollywood Voters, because Rosenfeld has failed to exhaust administrative remedies with respect to these claims.

## STATEMENT OF FACTS

Plaintiff Seth Rosenfeld is a journalist with a particular interest in researching FBI activities in California during the 1960s. Complaint at ¶¶4-7. In this case, he is pursuing nine FOIA requests that he made to the FBI for documents relating to various individuals, organizations, and categories of FBI files. This motion addresses three of those FOIA requests.

**A.    Ronald Reagan Records**

As part of the settlement of an earlier FOIA lawsuit by Rosenfeld, the FBI and Rosenfeld agreed to treat Rosenfeld's request for various records relating to Ronald Reagan as a new FOIA request that would be addressed separately from any earlier litigation. Complaint at ¶18. The FBI released 1,935 pages of responsive records to Rosenfeld by letter dated May 2, 1996, and an additional 851 pages of responsive records by letter dated February 27, 1997. *Id*. at ¶22. This latter letter stated that the enclosed document production completed the FBI's response to Rosenfeld's request. *Id*.

Rosenfeld appealed the FBI's FOIA response in two appeal letters dated July 28, 1997 and September 25, 1997. *Id*. at ¶23. At some point, the FBI released one additional page to

1  Rosenfeld. *Id*. at ¶24.

2  **B.     Roy Brewer Records**

3  On October 13, 2006, Rosenfeld made three FOIA requests to the FBI for records relating

4  to Roy Brewer. Complaint at ¶63. When Rosenfeld had not received a response from the FBI by

5  January 31, 2007, Rosenfeld filed an appeal with the FBI. *Id*. at ¶66. Rosenfeld filed a second

6  appeal on March 1, 2007. *Id*. at ¶68.

7  On April 26, 2007, the FBI released 231 pages of records to Rosenfeld. *Id*. at ¶69 and

8  Exhibit II. Rosenfeld did not appeal this response. Hardy Decl. at ¶12.

9  **C.     Labor League of Hollywood Voters Records**

10  On June 14, 2006, Rosenfeld made a FOIA request to the FBI for records relating to the

11  Labor League of Hollywood Voters. Complaint at ¶97. The FBI initially responded to this

12  request on August 28, 2006, stating that it could find no responsive records. *Id*. at ¶103.

13  Rosenfeld appealed this determination on October 16, 2006, and on December 19, 2006, the FBI

14  remanded the case for further investigation into the existence of responsive records. *Id*. at ¶¶106-

15  07.

16  On April 25, 2007, the FBI provided Rosenfeld with 49 pages of responsive records

17  concerning the Labor League of Hollywood Voters. *Id*. at ¶113. Rosenfeld did not appeal this

18  response. Hardy Decl. at ¶20.

19  **ARGUMENT AND AUTHORITIES**

20  **I.     STANDARD OF REVIEW ON A MOTION TO DISMISS**

21  The Court must dismiss a claim over which it lacks subject matter jurisdiction. Fed. R.

22  Civ. P. 12(b)(1); *Hooker v. U.S. Dep't of Health and Human Servs.*, 858 F.2d 525, 530 (9th Cir.

23  1988); *see also Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989) (the court is under a

24  continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction).

25  Among other reasons, a court lacks subject matter jurisdiction over a lawsuit that presents no live

26  case or controversy. *Baker v. Carr*, 369 U.S. 186, 198 (1962).

27  In considering a Rule 12(b)(1) motion, the Court applies standards particular to the nature

28  of the jurisdictional challenge. If the challenge is a facial attack -- one contesting jurisdiction

1  solely on the allegations of the complaint -- the factual allegations of the complaint are presumed
2  to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for
3  subject matter jurisdiction. *See Thornhill Pub. Co. v. Gen'l Tel. & Elecs. Corp.*, 594 F.2d 730,
4  733 (9th Cir. 1979). If the motion is made as a "speaking motion" attacking the existence of
5  subject matter jurisdiction "in fact," the jurisdictional issue is separable from the merits of the
6  case; the court may then consider the evidence presented with respect to the jurisdictional issue
7  and rule on that issue, resolving factual disputes if necessary. *Thornhill*, 594 F.2d at 733 (citing
8  *Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947)); *see also White v. Lee*, 227 F.3d 1214, 1242
9  (9th Cir. 2000) (jurisdictional attacks under Rule 12(b)(1) can be either facial or factual).

10  The Court need not assume the truth of the allegations in the complaint in deciding a Rule
11  12(b)(1) motion. *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.1 (9th Cir. 2006) ("unlike a
12  Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined by the facts
13  contained in the four corners of the complaint-it may consider facts and need not assume the
14  truthfulness of the complaint"); *Thornhill*, 594 F.2d at 733 (citation omitted).

15  Where a jurisdictional issue is separable from the merits of a case, the court may
16  determine jurisdiction under Rule 12(b)(1). *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.
17  1987). In such a situation, the court is "free to hear evidence regarding jurisdiction and to rule on
18  that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*,
19  704 F.2d 1074, 1077 (9th Cir. 1983) (quotations omitted). Here, the issues of whether Rosenfeld
20  met the jurisdictional requirements to bring a FOIA action are separable from the merits of his
21  claim.

22  **II.    THE RONALD REAGAN CLAIM IS TIME-BARRED**

23  The statute of limitations for filing a cause of action under FOIA is six years from
24  accrual. *Spannaus v. Dept. of Justice*, 824 F.2d 52, 56 (D.C. Cir. 1987)*; Aftergood v. CIA*, 225
25  F.Supp.2d 27, 29 (D.D.C. 2002); 28 U.S.C. § 2401(a). A FOIA claim accrues once a claimant
26  has constructively exhausted administrative remedies, which in this case is when the time limit
27  by which the agency must respond to the claimant's FOIA appeal expires. *Aftergood*, 225
28  F.Supp.2d at 29 (*citing Spannaus*, 824 F.2d at 57-58). A federal agency has 20 days to respond

to a FOIA claimant's appeal.  5 U.S.C. § 552(a)(6)(A)(ii).  The statute of limitations does not toll while a FOIA request is pending.  *Peck v. CIA*, 787 F.Supp. 63, 66 (S.D.N.Y. 1992).

In a FOIA case, the statute of limitations is jurisdictional because it is a waiver of sovereign immunity, and should thus be strictly construed in the government's favor.  *Id*. at 64.

As Rosenfeld notes in his complaint, the FBI completed its response to his Ronald Reagan FOIA request on February 27, 1997.  Complaint at ¶22.  And because Rosenfeld had appealed this response by September 25, 1997, his claim accrued – at the latest – on October 14, 1997.  *See id*. at ¶23.

Because the six-year statute of limitations under which Rosenfeld could have sued over the Ronald Reagan FOIA request expired – at the latest – in October, 2003, the Court should find that Rosenfeld's claim relating to Ronald Reagan records is time-barred.

### III. ROSENFELD HAS FAILED TO EXHAUST THE ROY BREWER AND LABOR LEAGUE OF HOLLYWOOD VOTERS CLAIMS

A FOIA claimant who is dissatisfied with an agency's response to a FOIA request must file an administrative appeal with the agency.  *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004).  In the Ninth Circuit, this is a jurisdictional requirement.  *United States v. Steele,* 799 F.2d 461, 466 (9th Cir. 1986); *Hymen v. Merit Systems Protection Board*, 799 F.2d 1421, 1423 (9th Cir. 1986) (overruled on other grounds by *Capital Tracing, Inc. v. United States*, 63 F.3d 859 (9th Cir. 1995)).  The right to judicial review that ordinarily arises from the lack of a timely response lapses if an agency responds to the request at any time before the FOIA suit is filed, requiring that the claimant exhaust remedies with respect to that response.  *Oglesby v. Dept. of the Army*, 920 F.2d 57, 63-64 (D.C. Cir. 1990).

In the case of Rosenfeld's claim for records pertaining to Brewer, the FBI released documents to Rosenfeld on April 28, 2007.  Complaint at ¶69.  Rosenfeld failed to appeal this response. Hardy Decl. at ¶12.  Therefore, the Court should dismiss Rosenfeld's claim relating to the Brewer records.

In the case of Rosenfeld's claim for records pertaining to the Labor League of Hollywood Voters, the FBI released documents to Rosenfeld on April 25, 2007.  Complaint at ¶113.

1  Rosenfeld failed to appeal this response. Hardy Decl. at ¶20.  Therefore, the Court should dismiss
2  Rosenfeld's claim relating to the  Labor League of Hollywood Voters records.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's first cause of action (pertaining to the Ronald Reagan records), plaintiff's second cause of action (pertaining to the Roy Brewer records), and that part of plaintiff's seventh cause of action pertaining to the Labor League of Hollywood Voters records for lack of subject matter jurisdiction should be granted in all respects and the Court should grant such other and further relief as the Court may deem just and proper.

Dated: October 1, 2007

          Respectfully submitted,

          SCOTT N. SCHOOLS
          United States Attorney

             /s/
By: _____
      ELLEN M. FITZGERALD
      Assistant United States Attorney