SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 240885)
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102-3495
Telephone:    (415) 436-7314
Facsimile:     (415) 436-6748
Email:           ellen.fitzgerald@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SETH ROSENFELD,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, and UNITED STATES FEDERAL BUREAU OF INVESTIGATION,<br><br>                    Defendants. | No. C 90-3576 MHP<br>No. C 85-1709 MHP<br>No. C 85-2247 MHP<br>No. C 07-3240 CW<br><br>**E-FILING CASE**<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST, FOURTH AND, IN PART, PLAINTIFF'S SEVENTH CAUSES OF ACTION**<br><br>Date: Monday, November 5, 2007<br>Time: 2:00 pm<br>Ctrm: 15, 18th Floor |

**INTRODUCTION**

This case comes before the Court on defendant's motion pursuant to Fed. R. Civ. Pro. 12(b)(1) to dismiss plaintiff's first, fourth and, in part, plaintiff's seventh causes of action for lack of subject matter jurisdiction. For the following reasons, the Court GRANTS defendants' motion to dismiss in its entirety.

**BACKGROUND**

Plaintiff, Seth Rosenfeld, is a journalist with a particular interest in researching FBI activities in California during the 1960s. Complaint at ¶¶4-7. In this case, he is pursuing nine FOIA requests that he made to the FBI for documents relating to various individuals, organizations, and categories of FBI files. This motion addresses three of those FOIA requests.

**A.   The Ronald Reagan Records**

As part of the settlement of an earlier FOIA lawsuit by plaintiff, the FBI and plaintiff agreed to treat plaintiff's request for various records relating to Ronald Reagan as a new FOIA request that would be addressed separately from any earlier litigation. Complaint at ¶18. The FBI released 1,935 pages of responsive records to plaintiff by letter dated May 2, 1996, and an additional 851 pages of responsive records by letter dated February 27, 1997. *Id*. at ¶22. This latter letter stated that the enclosed document production completed the FBI's response to plaintiff's request. *Id*.

Plaintiff appealed the FBI's FOIA response in two appeal letters dated July 28, 1997 and September 25, 1997. *Id*. at ¶23. At some point, the FBI released one additional page to plaintiff. *Id*. at ¶24.

**B.   The Roy Brewer Records**

On October 13, 2006, plaintiff made three FOIA requests to the FBI for records relating to Roy Brewer. Complaint at ¶63. When plaintiff had not received a response from the FBI by January 31, 2007, plaintiff filed an appeal with the FBI. *Id*. at ¶66. Plaintiff filed a second appeal on March 1, 2007. *Id*. at ¶68.

On April 26, 2007, the FBI released 231 pages of records to plaintiff. *Id*. at ¶69 and Exhibit II. Plaintiff did not appeal this response. Hardy Decl. at ¶12.

**C.   The Labor League of Hollywood Voters Records**

On June 14, 2006, plaintiff made a FOIA request to the FBI for records relating to the Labor League of Hollywood Voters. Complaint at ¶97. The FBI initially responded to this request on August 28, 2006, stating that it could find no responsive records. *Id*. at ¶103. Plaintiff appealed this determination on October 16, 2006, and on December 19, 2006, the FBI remanded the case for further investigation into the existence of responsive records. *Id*. at ¶¶106-07.

On April 25, 2007, the FBI provided plaintiff with 49 pages of responsive records concerning the Labor League of Hollywood Voters. *Id*. at ¶113. Plaintiff did not appeal this response. Hardy Decl. at ¶20.

...
...

**LEGAL STANDARD**

This Court must dismiss a claim over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Hooker v. U.S. Dep't of Health and Human Servs.*, 858 F.2d 525, 530 (9th Cir. 1988); *see also Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989) (the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction). Among other reasons, a court lacks subject matter jurisdiction over a lawsuit that presents no live case or controversy. *Baker v. Carr*, 369 U.S. 186, 198 (1962).

In considering a Rule 12(b)(1) motion, this Court applies standards particular to the nature of the jurisdictional challenge. If the challenge is a facial attack -- one contesting jurisdiction solely on the allegations of the complaint -- the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *See Thornhill Pub. Co. v. Gen'l Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). If the motion is made as a "speaking motion" attacking the existence of subject matter jurisdiction "in fact," the jurisdictional issue is separable from the merits of the case; the court may then consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary. *Thornhill*, 594 F.2d at 733 (citing *Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947)); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (jurisdictional attacks under Rule 12(b)(1) can be either facial or factual).

This Court need not assume the truth of the allegations in plaintiff's complaint in deciding a Rule 12(b)(1) motion. *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.1 (9th Cir. 2006) ("unlike a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined by the facts contained in the four corners of the complaint-it may consider facts and need not assume the truthfulness of the complaint"); *Thornhill*, 594 F.2d at 733 (citation omitted).

Here, the issues of whether plaintiff met the jurisdictional requirements to bring a FOIA action are separable from the merits of his claim. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Thus, this court is "free to hear evidence regarding jurisdiction and to rule on

1  that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*,
2  704 F.2d 1074, 1077 (9th Cir. 1983) (quotations omitted).

3  **ANALYSIS**

4  **A.   Plaintiff's Claim for Records Relating to Ronald Reagan Is Time-barred**

5  The statute of limitations for filing a FOIA action is six years from accrual of the action.
6  *Spannaus v. Dept. of Justice*, 824 F.2d 52, 56 (D.C. Cir. 1987)*; Aftergood v. CIA*, 225 F.Supp.2d
7  27, 29 (D.D.C. 2002); 28 U.S.C. § 2401(a).  A FOIA claim accrues once a claimant has
8  constructively exhausted administrative remedies; that is, when the 20 day time limit by which
9  the agency must respond to the claimant's FOIA appeal expires. *Aftergood*, 225 F.Supp.2d at 29
10 (*citing Spannaus*, 824 F.2d at 57-58); 5 U.S.C. § 552(a)(6)(A)(ii).  The statute of limitations does
11 not toll while a FOIA request is pending. *Peck v. CIA*, 787 F.Supp. 63, 66 (S.D.N.Y. 1992).

12 In a FOIA case, the statute of limitations is jurisdictional because it is a waiver of
13 sovereign immunity, and should thus be strictly construed in the government's favor.  787
14 F.Supp.  at 64.

15 Plaintiff's complaint states that FBI completed its response to his Ronald Reagan FOIA
16 request on February 27, 1997. Complaint at ¶22.  Because plaintiff appealed this response on or
17 about September 25, 1997, his FOIA claim accrued – at the latest – on October 14, 1997. *See id*.
18 at ¶23.  Thus, the applicable six-year statute of limitations under which plaintiff could have sued
19 over the Ronald Reagan FOIA request expired – at the latest – in October, 2003.  Plaintiff's
20 claim relating to the Ronald Reagan records is therefore time-barred and must be dismissed..

21 **B.   Rosenfeld Failed to Exhaust His Administrative Remedies with Respect**
22 **       to the Roy Brewer and the Labor League of Hollywood Voters Claims**

23 A FOIA claimant who is dissatisfied with an agency's response to a FOIA request must
24 file an administrative appeal with the agency. *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir.
25 2004).  The Ninth Circuit has held that this is a jurisdictional requirement. *United States v.*
26 *Steele,* 799 F.2d 461, 466 (9th Cir. 1986); *Hymen v. Merit Systems Protection Board*, 799 F.2d
27 1421, 1423 (9th Cir. 1986) (overruled on other grounds by *Capital Tracing, Inc. v. United States*,
28 63 F.3d 859 (9th Cir. 1995)).  The right to judicial review that ordinarily arises from the lack of a

timely response lapses if an agency responds to the request at any time before the FOIA suit is filed, requiring that the claimant exhaust remedies with respect to that response. *Oglesby v. Dept. of the Army*, 920 F.2d 57, 63-64 (D.C. Cir. 1990).

Here, the FBI released records pertaining to Roy Brewer to plaintiff on April 28, 2007. Complaint at ¶69. Plaintiff did not appeal the FBI's response. Hardy Decl. at ¶12. Plaintiff thus failed to exhaust his administrative remedies and, as a result, his claim for records relating to Roy Brewer must be dismissed..

The FBI released records pertaining to the Labor League of Hollywood Voters to plaintiff on April 25, 2007. Complaint at ¶113. Plaintiff did not appeal this response. Hardy Decl. at ¶20. Plaintiff thus failed to exhaust his administrative remedies and, as a result, his claim for records relating to the Labor League of Hollywood Voters must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion in its entirety. Plaintiff's first cause of action (the Ronald Reagan records), plaintiff's second cause of action (the Roy Brewer records), and that part of plaintiff's seventh cause of action pertaining to the Labor League of Hollywood Voters records are dismissed with prejudice.

IT IS SO ORDERED.

Dated: _____      _____
HON. MARILYN HALL PATEL
UNITED STATES DISTRICT JUDGE