IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH ROSENFELD,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF<br>  INVESTIGATION and<br>  U.S. DEPARTMENT OF JUSTICE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-CV-03240<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DECLARATION OF DAVID M. HARDY**

I, David M. Hardy, declare as follows:

(1) I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2) In my official capacity as Section Chief of RIDS, I supervise approximately 209

employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)   Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded plaintiff's October 13, 2006 FOIA request which seeks access to records pertaining to Roy M. Brewer, including all "main" and "reference" file listings, "Do Not File" files, channelized records, search slips – including search slips used to process plaintiff's request – ELSUR records, index cards, records that are or were maintained in Special Agent in Charge ("SAC") safes, and bulky exhibits. I am also aware of the treatment which has been afforded plaintiff's June 14, 2006 FOIA request which seeks access to records pertaining to the Labor League of Hollywood Voters including all "main" and "reference" file listings, "Do Not File" files, channelized records, search slips – including search slips used to process plaintiff's request – ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits.

(4)   The purpose of this declaration is to provide the Court and plaintiff with an

explanation of the administrative history of the handling of certain of plaintiff's FOIA requests to FBIHQ, the Los Angeles Field Office ("LAFO") and the Washington Field Office ("WFO"). This declaration is submitted in support of defendant's motion to dismiss or in the alternative for summary judgement based on plaintiff's failure to exhaust administrative remedies with respect to certain of his FOIA requests.

## CORRESPONDENCE

### a. Roy M. Brewer

(5)     By three separate letters dated October 13, 2006, plaintiff submitted a FOIA/Privacy Act request to FBIHQ, WFO, and LAFO, seeking access to any and all records including but not limited to all main files, all see references, "Do Not File" files, channelized records, search slips – including search slips used to process his request – ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits concerning Roy Martin Brewer. **(See Exhibit DD to Plaintiff's Complaint for Injunctive Relief ("Complaint").)**

(6)     By letter dated October 17, 2006, LAFO acknowledged receipt of plaintiff's October 13, 2006 request and informed plaintiff that the request was forwarded to FBIHQ for processing. **(See Exhibit EE to Complaint.)**

(7)     By letter dated October 25, 2006, WFO acknowledged receipt of plaintiff's October 13, 2006 request and informed plaintiff that the request was forwarded to FBIHQ for processing. **(See Exhibit EE to Complaint.)**

(8)     By letter dated November 17, 2006, FBIHQ acknowledged receipt of the

plaintiff's FOIA request to FBIHQ as well as the requests forwarded from LAFO and WFO. FBIHQ advised plaintiff that the requests to FBIHQ, LAFO and WFO had all been assigned FOIPA No. 1063060. **(See Exhibit EE to Complaint.)**

(9) By letter dated January 31, 2007, plaintiff appealed to the U.S. Department of Justice ("DOJ") Office of Information and Privacy ("OIP") on the basis that the FBI had yet to release any records in response to his October 13, 2006 request regarding Roy M. Brewer. **(See Exhibit FF to Complaint.)**

(10) By letter dated February 8, 2007, OIP acknowledged receipt of plaintiff's administrative appeal and advised plaintiff that it had been assigned Appeal Number 07-0573. **(See Exhibit GG to Complaint.)**

(11) By letter dated March 1, 2007, plaintiff's counsel wrote OIP to renew the original appeal of January 31, 2007. **(See Exhibit HH to Complaint.)**

(12) By letter dated April 26, 2007, FBIHQ released 231 pages out of 281 pages reviewed in response to plaintiff's request to LAFO. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, and 7(C), 5 U.S.C. §§ 552 (b)(2), (b)(6) and (b)(7)(C). Plaintiff was advised of the procedure to appeal any denial of information to the DOJ OIP. **(See Exhibit II to Complaint.)** Our administrative records show that RIDS personnel closed plaintiff's October 13, 2006 request on April 26, 2007. In the absence of further communication from plaintiff, including any administrative appeal of FBIHQ's April 26, 2007 release to DOJ OIP, plaintiff's October 13, 2006 request has been administratively closed. On July 20, 2007, DOJ OIP confirmed that no appeal has been filed by plaintiff since the FBI's

April 26, 2007 release.

### b. Labor League of Hollywood Voters

(13)    By letter dated June 14, 2006, plaintiff submitted a FOIA request to FBIHQ and LAFO seeking access to any and all records including but not limited to all main files, all see references, "Do Not File" files, channelized records, search slips, including search slips used to process his request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits concerning the Labor League of Hollywood Voters. **(See Plaintiff's Exhibit AAA.)**

(14)    By letter dated June 22, 2006, FBIHQ acknowledged receipt of the plaintiff's FOIA request and advised plaintiff that the requests to FBIHQ and LAFO had both been assigned FOIPA No. 1050649. **(See Exhibit BBB to Complaint.)**

(15)    By letter dated August 28, 2006, FBIHQ advised plaintiff that no records pertinent to his request were located by a search of the automated and manual indices either at FBIHQ or LAFO. Plaintiff was advised of the procedure to appeal this response to the DOJ OIP. **(See Exhibit EEE to Complaint.)**

(16)    By letter dated November 13, 2006, OIP acknowledged receipt of plaintiff's administrative appeal and advised plaintiff that it had been assigned Appeal Number 07-0125.[1] **(See Exhibit HHH to Complaint.)**

(17)    By letter dated December 19, 2006, OIP notified plaintiff that it had remanded

---

[1] FBIHQ does not have a copy of plaintiff's October 16, 2006 appeal referred to in the OIP letter dated November 13, 2006.

his request to the FBI for further searches for records responsive to his request, including cross-references. Plaintiff was advised that he could appeal any future adverse determination made by the FBI. Plaintiff was also advised by OIP that if he was dissatisfied with OIP's action, he could seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B). **(See Exhibit III to Complaint.)**

(18)   By letter dated February 8, 2007, FBIHQ advised plaintiff that a search of the central records system for the requested information was being conducted. **(See Exhibit JJJ to Complaint.)**

(19)   By letter dated March 1, 2007, plaintiff's counsel wrote OIP to renew the original appeal. **(See Exhibit LLL to Complaint.)**

(20)   By letter dated April 25, 2007, FBIHQ released 49 pages – out of 53 pages reviewed – in response to plaintiff's request to FBIHQ. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, and 7(C), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C), and (b)(7)(D). Plaintiff was advised of the procedure to appeal any denial of information to the DOJ OIP. **(See Exhibit A attached hereto.)** Our administrative records show that RIDS personnel closed plaintiff's June 14, 2006 request on April 25, 2007. In the absence of further communication from plaintiff, including any administrative appeal of FBIHQ's April 25, 2007 release to DOJ OIP, plaintiff's June 14, 2006 request has been administratively closed. On July 20, 2007, DOJ OIP confirmed that no appeal has been filed by plaintiff since the FBI's April, 25, 2007 release.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibit A attached hereto is a true and correct copy.

Executed this 20th day of July, 2007.

*[signature]*
DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SETH ROSENFELD )
)
Plaintiff, )
)
v. ) Civil Action No. 07-CV-03240
)
Federal Bureau of Investigation, and )
United States Department of Justice, )
)
Defendant. )

# EXHIBIT A



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

April 25, 2007

MR SETH ROSENFELD
POST OFFICE BOX 421 892
SAN FRANCISCO, CA 94142 1892

Subject: LABOR LEAGUE OF HOLLYWOOD VOTERS

FOIPA No. 1050649- 001

Dear Requester:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

**Section 552**                                          **Section 552a**

☐(b)(1)                    ☐(b)(7)(A)                    ☐(d)(5)
☒(b)(2)                    ☐(b)(7)(B)                    ☐(j)(2)
☐(b)(3)_____       ☒(b)(7)(C)                    ☐(k)(1)
_____              ☒(b)(7)(D)                    ☐(k)(2)
_____              ☐(b)(7)(E)                    ☐(k)(3)
_____              ☐(b)(7)(F)                    ☐(k)(4)
☐(b)(4)                    ☐(b)(8)                       ☐(k)(5)
☐(b)(5)                    ☐(b)(9)                       ☐(k)(6)
☒(b)(6)                                                  ☐(k)(7)

53 page(s) were reviewed and 49 page(s) are being released.

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

   ☐ referred to the OGA for review and direct response to you.

   ☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☐ See additional information which follows.

Sincerely yours,

*[signature]*

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

Enclosure(s)