# Exhibit K




U.S. Department of Justice

Federal Bureau of Investigation

---

Washington, D. C. 20535-0001

June 24, 1999

Ms. Elizabeth Pritzker, Staff Counsel
First Amendment Project
1736 Franklin Street, 8th Floor
Oakland, CA 94612

Re: Seth Rosenfeld FOIA Request
Ronald Reagan Index Cards

Dear Ms. Pritzker:

　　　　Enclosed are processed copies of 108 pages of FBI
index cards from the following field offices of the FBI
concerning Ronald Reagan: Los Angeles, Sacramento, San Diego,
San Francisco and Washington Field.

　　　　Information has been withheld from these index cards
pursuant to 5 U.S.C. § 552(b)(6) and (b)(7)(C). Further, in
order that these cards be processed in a timely manner and
released to Mr. Rosenfeld as quickly as possible, these index
cards have not been reviewed for classification. Certain
information on a few of the cards would warrant
classification; therefore, such information has been withheld
in its entirety, and DOCNOs assigned for those cards. For
example, see SF index card, page 1 regarding one index card
which has been assigned DOCNO 1.

Sincerely yours,

John M. Kelso Jr.

John M. Kelso, Jr., Section Chief
Freedom of Information-
Privacy Acts Section
Office of Public and
Congressional Affairs

Enclosure

# Exhibit L

*Washington, D.C. 20530*

Mark T. Quinlivan
(202) 514-3346

July 2, 1999

<u>VIA OVERNIGHT DELIVERY</u>

Elizabeth Pritzker
First Amendment Project
1736 Franklin Street, 9th Floor
Oakland, CA 94612

     Re:   Rosenfeld v. United States Department of Justice

Dear Elizabeth:

     Enclosed please find a June 24, 1999 letter from John M. Kelso, Jr., Section Chief, Freedom of Information-Privacy Acts Section, Office of Public and Congressional Affairs, Federal Bureaus of Investigation ("FBI"), to you, which encloses processed copies of 108 pages of FBI index cards concerning Ronald Reagan. For your information, I was out of the office from June 10 through this week, and only now have had the opportunity to send these materials to you.

     Please also be aware that, as outlined in my letter of February 26, 1999, the processing of these materials has been an extremely time-consuming process. Unfortunately, as you are no doubt aware, the amount of time necessary to complete this task has far exceeded even our most pessimistic estimates. Thank you once again for your patience in this regard.

     I will contact you next week regarding outstanding matters. In the meantime, please do not hesitate to contact me at (202) 514-3346.

- 2 -

Sincerely yours,

MARK T. QUINLIVAN
Trial Attorney
Federal Programs Branch
Civil Division

Enclosures

# Exhibit M



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

February 28, 2006



JAMES WHEATON ESQ
FIRST AMENDMENT PROJECT
9TH FLOOR
1736 FRANKLIN STREET
OAKLAND, CA 94612

Subject: UNIVERSITY OF CALIFORNIA

FOIPA No. 0291701- 004

Dear Mr. Wheaton:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☒(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☒(b)(3) 50 USC 403-3 (c)(5) | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

3,273  page(s) were reviewed and 3,224  page(s) are being released.

☒  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

  ☒  referred to the OGA for review and direct response to you.

  ☐  referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

⋈ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

Enclosure(s)

Enclosed is the final release consisting of sections 50, 70, 72, 76, 79, 86, 87, 89, 90, 93, 94 and 95. The subject of this file is captioned " Communist Infiltration of the Radiation Laboratory at the University of California at Berkeley (CINRAD)."

# Exhibit N

# FIRST AMENDMENT PROJECT

1736 Franklin St., 9th Floor, Oakland, CA 94612 □ phone: 510.208.7744 □ fax: 510.208.4562 □ www.thefirstamendment.org
David Greene                                                                                                                James Wheaton
Executive Director/Staff Counsel                                                                                           Senior Counsel

March 31, 2006

Mr. Mark Quinlivan

Re:    *Rosenfeld v. United States Department of Justice*
       Outstanding Settlement Issues

Dear Mr. Quinlivan,

As we discussed, I am addressing this letter concerning the FBI's compliance
with the settlement agreement in *Rosenfeld v. US Department of Justice* to you with the
understanding that you will forward it to the appropriate person in the Civil Division.

This letter concerns the above referenced matter and the letter to my office
dated February 28, 2006 from Mr. David M. Hardy, chief of the FBI's
Records/Information Dissemination Section. I can provide a copy of that letter for your
reference.

Mr. Hardy states in his letter that the records he has enclosed constitute the
FBI's "final release." However, it is clear that the FBI has not released all records as
required under the settlement, which was entered as an order of U.S. District Judge
Marilyn Hall Patel on May 16, 1996.

As you know, the settlement required the FBI to produce all designated records
within one year. As you also know, despite that court order, the FBI has taken much
longer to release many of the records. The FBI's February 28, 2006 letter concerning
the release of some records concerning University of California HQ File No. 190625 –
nine years after the FBI agreed to release them - is only the latest example.

Moreover, the FBI has failed to produce some of the records that it explicitly
agreed to process in the court ordered settlement, despite our repeated requests.
Some of these are set forth below. We will likely identify additional records as we
review the agency's releases in light of the FBI's apparent assertion that it has
completed processing in this matter.

**I.    Subjects for which the FBI has not released Supporting Office or Office of Origin files.**

As you are aware, as part of the settlement, the FBI and Mr. Rosenfeld stipulated to a list of subjects requested by Mr. Rosenfeld. This stipulated list was signed by a representative of the Department of Justice and entered as an order by Judge Patel on Oct. 25, 1995. This stipulation listed both the subjects and the respective FBI offices from which Mr. Rosenfeld requested records.

However, the FBI has not produced, and in some cases has refused to produce, records from Supporting Offices, which are FBI Field Offices that provide assistance to other FBI offices during investigations, and records from Offices of Origin, which are the FBI offices that have primary responsibility during an investigation.

The FBI has taken the position that Mr. Rosenfeld should have submitted his original request individually to each Office of Origin and each Supporting Office. However, this view, as we have repeatedly advised the FBI, is erroneous. The FBI, in agreeing to the stipulation and settlement, implicitly and explicitly agreed to process these records pursuant to the terms therein. The FBI's post-hoc arguments that it was not obliged to produce these records is not only contrary to the bureau's representations to the court, but smacks of bad faith in its extended negotiations prior to settlement with Mr. Rosenfeld and his counsel. If at all, the FBI should have objected prior to settlement that it would not produce such records, not after it agreed to produce them in a binding court order.

For your reference, these are the subjects for which the FBI has not produced, or specifically refused to produce, Supporting Office and/or Office of Origin records:

Hugh M. Burns
Irving Hall
Hardin Jones
Eli Katz
Mario Savio
Robert G. Sproul
Edward W. Strong
Jack Tenney
Steve Weissman
Ronald Reagan

We ask again that you promptly release these records.

**II.    Subjects who were alive at the time of the stipulation and for whom the FBI has refused to release any records.**

The stipulated list of subjects included several living people who were prominent in public affairs. Despite the fact that they were prominent public figures, the FBI has refused to release any records concerning them absent notarized waivers from them.

The FBI's refusal to release records regarding these public figure is contrary both to FOIA and to the rulings of five federal judges in this litigation. As you know, the courts repeatedly ruled that in many cases the FBI's surveillance of and accumulation of information on individuals was revealing not so much of the already public activity of these people but of the FBI's covert and legally questionable spying on them because of their First Amendment activities. At minimum, the FBI was required to release this kind of information on the living public figure subjects listed in the stipulation. Such information includes, but is not limited to, newspaper clippings, petitions, transcripts and photographs of public speeches, and FBI records addressing the collection of such information on subjects involved in First Amendment activity.

Moreover, and as you know, the settlement agreement requires the FBI to release information in broad categories, including the names of law enforcement officers, names of commercial and financial institution employees, and names of all non-FBI federal, state and local government employees in documents dated 1990 or prior. Thus, to the extent than any of the following living subjects fall into these categories, the FBI is required to release information on them.

For your reference, these subjects and the respective FBI offices from which Mr. Rosenfeld requested records include:

Alan Blanchard: SF
Jerome Byrne, HQ, LA, SF
Stephen Carr, HQ, LA, SC, SD SF
William T. Divale, HQ, LA, SF
Franklin Dunn, SF
Harry Edwards: HQ, SF
Allan Francke: SF
Paul Ivory: HQ, SF
Charles Palmer, HQ, SF
Franz Schurman, HQ, SF
Charles Schwartz, HQ, SF
Joseph Tussman, HQ, SF
Emit Wallace, SF

We ask again that you promptly release these records.

For your further reference, please be advised both that Joseph Tussman and Jerome Byrne recently passed away. I am prepared to provide you copies of their obituaries. I ask that you immediately release the records concerning them and that you process them in accord with the settlement requirements. Please note that we are in no way waiving our position that the FBI is required to release the records as set forth above

### III.    Records referred to other governmental agencies for processing

Previous letters from the FBI and the Department of Justice indicate that the FBI has referred thousands of pages of responsive records to other governmental agencies for processing. We have not received many of these records. Please advise me as to the status of these records in writing, including the number of pages you referred to each agency and the date you referred them.

### IV.    FBI records that were missing and placed on locate

Previous letters from the FBI and the Department of Justice have stated that the FBI was unable to locate some records and had placed them "on locate." Please advise me as to which records remain on locate in writing, by subject title and the number of pages.

### V.    Declassification Review

Please advise me as to the status of all of the FBI's outstanding declassification reviews for the responsive records in writing, including the caption, number, and approximate number of pages for each file pending review.

### VI.    Other outstanding issues

We are still awaiting a reply to some of the issues raised in our letters dated March 9, March 25 and April 11, 2005.

Mr. Hardy's letter of June 30, 2005 did address some questions in these letters, but he also stated, "please be advised that your other concerns are being investigated and we will provide you with the outcome in the very near future." Nearly nine months have passed and we have had no further response to these other concerns. The issues which remain to be addressed are as follows:

1.    The FBI inexplicably sent some correspondence to an incorrect address. We asked the agency to confirm that no records had been produced to that or any other incorrect address. Please check your records to determine whether the FBI had sent any other shipments of documents to the wrong address, and advise me in writing as to whether any other shipments from the FBI, or from other government agencies to which the FBI had referred records, were sent to the wrong address. As I explained

in my prior letters, the FBI sent at least one shipment to the wrong address, as did the Department of Homeland Security.

2.   So that we may confirm that we received all shipments we requested that we be sent copies of all cover letters for each shipment of records that the FBI has released in this case since January 1, 1999. Presumably, the FBI's cover letters are easily accessible to the FBI because they all reside in the master file ("190") on Mr. Rosenfeld's FOIA request.

3.   To monitor the progress of the FBI's compliance with the settlement agreement, we further requested a list, by file name and number, of all records that remain to be processed and released pursuant to the court settlement, and when you reasonably expect to release them.

4.   In his June 30, 2005 letter, Mr. Hardy acknowledged that the FBI had stopped including inventory sheets with its releases of University of California HQ File No. 190625, supra. He stated that he would include the FBI's new electronically produced inventory, listing the page, serial number, date and exemption claimed. However, some nine months have passed and the FBI still has not released these for all sections of this file.

## Conclusion

The record shows that my client has been exceedingly patient and cooperative in the handling of this request. In fact, according to a recent survey Mr. Rosenfeld's request is the single oldest pending FOIA request in the United States. Such non-responses and open-ended delays are clearly contrary to the FOIA and to President Bush's recent Executive Order requiring agencies to improve compliance with the FOIA. I thus ask that you respond promptly to each of the points in this letter.

Please contact me at the above number if I may be of assistance. Thank you very much for your help.

Very truly yours,

David Greene

# Exhibit O

# FIRST AMENDMENT PROJECT

1736 Franklin St., 9th Floor, Oakland, CA 94612 ⏹ phone: 510.208.7744 ⏹ fax: 510.208.4562 ⏹ www.thefirstamendment.org
David Greene                                                                                                                James Wheaton
Executive Director/Staff Counsel                                                                                            Senior Counsel

May 4, 2006

Mr. Mark Quinlivan
Assistant U.S. Attorney
John Joseph Moakley Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210

> Re: *Rosenfeld v. United States Department of Justice*
> Outstanding Settlement Issues

Dear Mr. Quinlivan,

Thank you for speaking with me on April 7, 2006, and acknowledging receipt of my letter dated March 31, 2006 addressing, inter alia, the FBI's failure to release certain records in the above referenced matter. You agreed to forward that letter to the appropriate person in the Civil Division.

To date I have had no further response from you or any one else in the Civil Division. I am thus also addressing this letter concerning my further concerns with the FBI's lack of compliance with the settlement agreement in *Rosenfeld v. US Department of Justice* to you with the understanding that you will likewise forward it to the appropriate person. Given the age of this matter, I would appreciate a timely response from you or whoever in the Civil Division will be handling it.

Mr. Rosenfeld continues a thorough review of the produced materials in light of the FBI's assertion that it has complied in full with the Stipulation and Order. He has identified several areas in which it appears that the FBI has not adequately responded in addition to those noted in my last letter.

### Ronald Regan records

Under the 1996 settlement agreement the FBI agreed to release:

"Any and all records at FBI HQ, San Francisco, Los Angeles, Sacramento, San Diego, Washington Field Office, and all offices of origin on Ronald W. Reagan (date of birth 2/06/11; UC Regent ex officio c. 1966-1978), from the earliest records through January 1, 1979."

My letter to you dated April 16, 2006 addressed the FBI's refusal to process Office of Origin records concerning Ronald Reagan. This letter addresses numerous other records that the FBI apparently has not released as required under the settlement agreement.

It appears that the searches the FBI did conduct were not complete and thorough; that the FBI has not released all responsive records it found in those searches; and that the FBI did not search in places it identified as likely to contain responsive records. Set forth below are examples, both of specific records and whole categories of records, which the FBI has yet to release.

Please direct the FBI to conduct the requested searches and reviews, and release all responsive records promptly.

### A) Outstanding Referrals

The FBI's letters dated May 2, 1996 and February 27, 1997 stated that it had referred dozens of documents concerning Ronald Reagan to other government agencies for processing. These letters stated that in some instances the other government agencies would respond to Mr. Rosenfeld directly. In others instances, the FBI would respond to Mr. Rosenfeld. In addition, you letter dated April 17, 1998 included a list that showed four outstanding referred documents. Other FBI records indicate that the FBI referred dozens of documents to other agencies.

Please advise me as to the status of each referral, including referrals to the IRS, DOJ Criminal Division, and the U.S. Secret Service. Please also advise me as to the status of those referrals in which the FBI was to respond to Mr. Rosenfeld.

### B) Outstanding HQ Cross References

By letters dated May 2, 1996 and February 27, 1997, the FBI stated that "there are eight cross references which are on special locate at FBI HQ" along with one additional cross reference also on special locate at FBI HQ. Further, by letter dated April 17, 1998, the FBI stated that "most of these have been located and sent to DCU. Upon completion of the DCU review, they will be processed and forwarded expeditiously."

Further, the FBI's Inventory Sheets for the records released May 2, 1996 at page 45 lists the following Headquarters cross references as on locate:

    105-196603-5
    62-12188-7981
    62-112228-A
    62-11228-47A
    100-138754-A
    100-38280-384
    58-11887-190 (permanent charge out)
    91-01-1374

FBI search slips list HQ 66-6575 as on locate.

Please advise me as to the status of these and any other records on locate.

### C) Miscellaneous Records Not Released

Other records were identified in FBI materials but not released, including:

- FBI index cards list Sacramento Field Office cross reference 194-4-1, but this was not released.

- The FBI identified HQ file 175-383 as a main file captioned Ronald Reagan, but

withheld serials 2 through 11 on the ground that "these serials don't pertain to Reagan." As you know, that is not a valid exemption under the FOIA for withholding records from a responsive file.

- Search slips and index cards for the San Francisco Field Office list File No. 80-0-2602A as responsive; but it was not released. In addition, San Francisco File 9-2094 was listed as destroyed but it appears that this file may be extant.

Please direct the FBI to release each of the above cited records.

### D) Overly Narrow Field Office Searches

In regard to field office records, the FBI should have conducted a search for any and all references concerning Ronald Reagan. An examination of the FBI's search slips indicates, however, that instead of conducting "all reference" searches, the FBI instead conducted narrower searches narrower and incomplete searches.

Los Angeles: The FBI did not specify an all-reference search, as it did on the headquarters search slip. (It did not specify any kind of search.) Further, the search slip indicates no searches were made of the Confidential Indices, FOIMS, Global, ISIS, IIS, Micro and Regional indices.

Sacramento: The FBI did not specify an all-reference search. The search slip indicates no searches were made of the FOIMS, Global, ISIS, OCIS, IIS, Micro and Regional indices.

San Diego: The search slip states that - instead of an all-reference search - a search was done for "Security References Only" and for either "Main Security" or "Main Criminal." Further, the slip indicates no searches were done for Global, Micro and Regional indices. In addition, the slip states that the search was restricted to the geographic San Diego area only. As you know, Mr. Rosenfeld's request did not restrict the requested documents to any geographic area.

San Francisco: The FBI specified an "all reference search." However, the slip indicates no searches were made of the ISIS, Micro or Global and Regional indices. The search slip indicates that a search of the General Indices was negative, which seems highly unlikely. The slip notes that the San Francisco field office apparently searched its Hearnap and Rymur indices, which are indices created for these two major investigations. However, no other field office searched any of their major case indices.

Washington Field Office: The FBI did not specify an all-reference search. The search slip indicates no searches were made of the Global, Micro and Regional indices. Further, all searches that were done were restricted to "AX & WF refs. only." (AX is the Alexandria resident agency, a sub-office of the Washington Field Office.) However, Mr. Rosenfeld requested any and all documents at each field office without restricting the office or agency that originated the document, and without restricting the geographic area covered by the document. The FBI's undue restrictions could improperly eliminate

records in the possession and/or otherwise under the control of the Washington Field
Office and all its sub-offices.

Indeed, the FBI's overly narrow searches for responsive records apparently
resulted in its failure to release records as required under the settlement agreement. As
noted above, the FBI was required to release any and all records concerning Reagan
from specified FBI Field Offices, including any and all cross references (also called see
references). However, the FBI released only one cross reference from the San
Francisco Field Office; one from the San Diego Field Office; two from the Los Angeles
FBI Field Office (44-3130-1 is actually a main file); and four from the Washington Field
Office. The Sacramento Field Office released several cross references, but none prior
to 1974.

These FBI offices likely had many more cross references on Reagan, who after
all was a prominent figure in Hollywood and in state and national politics and was
governor of California for eight years.

In this regard, I note with some concern that the FBI apparently has a practice in
handling FOIA requests of not listing all responsive records on its search slips and not
processing all responsive records, even when requesters seek "any and all" records.

### E) Overly Narrow Headquarters Searches

FBI Headquarters also appears to have conducted its search in an overly narrow
manner that excluded responsive documents.

The search slip indicates that the FBI did make an "all references" search for
headquarters records. However, the search slip also states that the FBI used "the
common name rule" in searching and listing records for processing. According to
information from the FBI, the application of the common name rule means that not all
responsive main files and cross references are listed on the search slip and processed
for the requester.

Further, it appears that the FBI did not search all ISIS, Micro, Global, Regional
OCIS, IIS, SDIS and FOIMS indices for headquarters records.

### F) Searches Apparently Not Conducted

In addition to conducting overly narrow searches as set forth above, a review of
the record indicates that the FBI did not search in files that in some cases the bureau
itself had identified as containing responsive records concerning Ronald Reagan. Some
examples are set forth below:

Reagan was a member of the board of the Screen Actors Guild (SAG) starting in
1941 and was president of the SAG from 1947 to 1952 and again from 1959 to 1960,
during a period when the FBI was intensely investigating communism in Hollywood in a

major case it code-named COMPIC. However, the FBI apparently did not examine its records concerning COMPIC or SAG for information concerning Reagan and did not release all responsive information from these records.

In 1946, Reagan, in his role as a member of the SAG board, mediated a dispute involving the Conference of Studio Unions, which was lead by Herb Sorrell, a suspected communist. However, the FBI apparently did not examine its records concerning the late Sorrell for references to Reagan and did not release all records concerning this matter.

The FBI released records showing that in the late 1940s Reagan provided the FBI with information on actors Larry Parks ("The Jolson Story"), Howard Da Silva ("The Lost Weekend") and Alexander Knox ("Wilson"). Each of them is deceased. However, the FBI apparently did not check its records on each of these actors for references to Reagan.

In 1948, Reagan was a founder of the Labor League of Hollywood Voters and in 1949 a co-founder of the Motion Picture Industry Council. Both of these organizations were involved in efforts to remove communists from Hollywood and were in contact with the FBI. However, the FBI apparently did not examine its records concerning these two organizations for information concerning Reagan.

In the late 1950s and early 1960s, the U.S. Department of Justice and the FBI conducted investigations of the Music Corporation of America (MCA) and its relationship with the Screen Actors Guild during a time when Reagan was SAG President. In this connection, according to published accounts, Reagan in 1962 testified before the federal grand jury investigating MCA and the FBI investigated Reagan's tax records. However, the FBI has not released all records concerning these matters.

In the 1940s and 1950s, the FBI investigated an organization called the Hollywood Independent Citizens Committee of the Arts, Sciences and Professions (HICCASP), in which Reagan was involved. However, the FBI apparently did not search its records on HICCASP for information concerning Reagan.

The FBI apparently maintained at FBI Headquarters and/or the Los Angeles Field Office a major case index on its investigation of communism in Hollywood, which as previously noted the FBI code-named COMPIC. However, the FBI apparently did not conduct a search of the COMPIC index for records concerning Reagan.

### G) Other Missing Records

The FBI's overly narrow and incomplete searches, as described above, may account for the FBI having not released all responsive records on Reagan, including but not limited to those described as follows.

Press accounts and books over the years have said that Reagan was an informant for the FBI, starting in the 1940s. Although these accounts were published while Reagan was President and during his subsequent years in private life, Reagan never disputed these reports. If these accounts are correct, then why has the FBI not released to Mr. Rosenfeld all files on Reagan's role in providing information to the FBI, including but not limited to informant reports, FD-302s, and informant files such as "134" classification files.

Reagan published two autobiographies, "Where's the Rest of Me? The Ronald Reagan Story," published in 1965, and "An American Life," published in 1990. In both books, Reagan describes what he says was an important meeting with FBI agents. According to Reagan, one evening in 1946 or thereabout two agents came to his apartment in Los Angeles and had a substantial discussion with him about alleged subversion in the film industry. However, the FBI has released no records concerning this meeting or others Reagan himself described.

At the time of publication of "Where's the Rest of Me?" the FBI had a practice of internally reviewing and taking note of books that mentioned the FBI and prominent people of interest to the FBI. However, the FBI has released no records concerning this book.

### H) Conclusion

As set forth above, it appears that the FBI has not adequately searched for and released any and all records concerning Ronald Reagan.

I therefore ask that your office direct the FBI to take the following steps to ensure all records concerning Reagan are searched for at each specified FBI office and released as required pursuant to the settlement agreement:

1) Conduct complete and thorough searches, including but not limited to "all reference" searches, for any and all references to Ronald Reagan in all indices at FBI headquarters and at each specified field office, including but not limited active, inactive, General, Confidential, ELSUR, FOIMS, Global, ISIS, OCIS, IIS, Micro, Regional, SDIS and ADB indices.

2) Search all major case indices, including but not limited to COMPIC, HEARNAP, RYMUR and WEAFUG, at headquarters and at each specified field office.

3) Release any and all responsive records, including any and all main files, main file equivalents and cross references, at each specified FBI office.

4) Conduct searches using a six-way-breakdown on all reasonable variations of the names Ronald Wilson Reagan, Ronnie Reagan, Ronald Wilson Regan and Ron Regan.

5) Conduct searches under Reagan's official title, "Governor, State of California,"

and "California, Governor's Office" and reasonable variations thereof.

6) Search for records concerning Reagan in the files on COMPIC; Screen Actors Guild (SAG); the Labor League of Hollywood Voters (LLHV); the Motion Picture Industry Council (MPIC); the late Herb Sorrell; the Hollywood Independent Citizens Committee of the Arts, Sciences and Professions (HICCASP); the Music Corporation of America (MCA).

7) Search for records concerning Reagan in the FBI's records on the late actors Larry Parks, Howard Da Silva and Alexander Knox.

8) Search for information concerning Reagan's 1965 Book, "Where's the Rest of Me? The Ronald Reagan Story." Please search by reasonable variations of the title, and under the names of Reagan and his co-author, Richard G. Hubler.

9) Search for and release any and all records at each specified FBI office concerning Reagan's meeting with the FBI around 1948 and his role in providing information to the FBI, including but not limited to informant reports, FD-302s, and informant files such as 134 classification files.

10) Provide copies of search slips used for each of the above requested searches.

11) Provide a copy of the pages of the General Indices Statistical Data (GISD) book at headquarters and each specified field office showing any and all records concerning Reagan.

In conclusion, we ask that the FBI immediately release any and all responsive records concerning Ronald Reagan, including but not limited to those discussed above.

As Mr. Rosenfeld has been very patient in awaiting the FBI's completion of his request, I would be grateful for a prompt response to each of the points in this letter.

Very truly yours,

David Greene

# Exhibit P

# FIRST AMENDMENT PROJECT

1736 Franklin Street, 9th Flr, Oakland, California 94612#tel:510.208.7744#fax: 510.208.4562 # www.thefirstamendment.org
James Wheaton, Senior Counsel            Pondra Perkins, Staff Attorney & Fellow            David Greene, Executive Director
wheaton@thefirstamendment.org                 scope@thefirstamendment.org                    dgreene@thefirstamendment.org

January 29, 2007

Mr. Daniel J. Metcalfe, Director
Office of Information and Privacy
U.S. Department of Justice
Flag Building, Suite 570
Washington, DC 20530

      By mail and facsimile to 202-514-1009

      Re: Seth Rosenfeld request for Ronald Reagan FBI records

Dear Mr. Metcalfe,

      This office represents Seth Rosenfeld and hereby submits this final appeal of the FBI's failure to release any and all records in response to the above referenced FOIA request for records concerning the late Ronald Reagan.

      The FBI was required to produce certain records concerning Mr. Reagan pursuant to the 1996 settlement agreement in Rosenfeld v. U.S. Department of Justice, Case Nos. 90-3576 MHP, 85-1709 MHP and 85-2247 MHP.

      The settlement agreement specified these records as:

      "Any and all records at FBI HQ, San Francisco, Los Angeles, Sacramento, San Diego, Washington Field Office, and all offices of origin on Ronald W. Reagan (date of birth 2/06/11; UC Regent ex officio c. 1966-1978), from the earliest records through January 1, 1979."

      However, our review of the record indicates that the FBI has not conducted complete and thorough searches; that the FBI has not released all responsive records it found in those searches; and, moreover, that the FBI did not search in places it identified as likely to contain responsive records.

      We detailed these issues in a letter dated May 4, 2006, to Assistant U.S. Attorney Mark Quinlivan, as he was the attorney of record in the above referenced cases. We asked Mr. Quinlivan to respond or, alternatively, to forward the letter to the appropriate person at the U.S. Department of Justice.

      In addition, we note that many of the records that may be responsive to this request may already have been processed for other requesters. To the extent this is the case, it may significantly reduce the burden on the Bureau to search for and release responsive records as required under the Settlement Agreement.

      We had hoped to resolve these issues without further litigation that would create an avoidable burden on the parties as well as on the federal courts. However, we received no substantive response from Mr. Quinlivan or anyone else for the defendants, and consequently filed a motion to compel compliance with these and other outstanding settlement agreement issues.

Mr. Daniel J. Metcalfe, Director
9 February 2007
Page 2

In response to our motion, defendants took the position that the Settlement Agreement provided that any issues concerning the FBI's processing of the Reagan records would be handled as a separate FOIA case. At a hearing on our motion before U.S. Magistrate Judge Elizabeth LaPorte on December 5, 2006, Peter Wechsler, a trial attorney with DOJ's Civil Division, affirmed this position.

We therefore submit this final administrative appeal in a further effort to resolve it without unnecessary litigation. I request that you review the attached, and hereby incorporated, copy of our May 4, 2006 letter and that you direct the FBI to conduct the requested searches for the specified Reagan records in a thorough and complete manner as required under the Settlement Agreement. Further, given the history of this matter, we request that you direct the FBI to complete these searches and release any and all responsive records within 90 days from the date of this letter.

We hope we can dispatch with this matter in a mutually acceptable manner, but if we cannot reach an agreement with a firm deadline my client will have no alternative but to enforce his rights under the FOIA in court.

Thank you very much for your timely consideration of this matter. Please phone me if I may be of assistance.

Cordially,

James Wheaton,
Senior Counsel

Encl: May 4, 2006 letter

# Exhibit Q



U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642                     Washington, D.C. 20530

FEB 0 8 2007

James Wheaton, Esq.
First Amendment Project
1736 Franklin Street, 9th Floor
Oakland, CA 94612

Re:  Seth Rosenfeld request for Ronald Reagan FBI records

Dear Mr. Wheaton:

This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation was received by this Office on January 30, 2007.

The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number 07-0563.  Please mention this number in any future correspondence to this Office regarding this matter.

We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

Sincerely,

Priscilla Jones
Supervisory Administrative Specialist

# Exhibit R

# FIRST AMENDMENT PROJECT

1736 Franklin Street, 9th Flr., Oakland, California 94612 ■ tel:510.208.7744 ■ fax: 510.208.4562 ■ www.thefirstamendment.org
James Wheaton, Senior Counsel        Pondra Perkins, Fellow & Staff Attorney        David Greene, Executive Director
wheaton@thefirstamendment.org           pondra@thefirstamendment.org              dgreene@thefirstamendment.org

1 March 2007

Mr. Daniel J. Metcalfe, Director
Office of Information and Privacy
U.S. Department of Justice
Flag Building, Suite 570
Washington, DC 20530

By mail and fax to 202-514-1009

Re: Ronald Reagan FBI records, Appeal No. 07-0563

Dear Mr. Metcalfe,

This letter concerns the above referenced matter, my appeal letter dated January 29, 2007, and your reply by Priscilla Jones dated February 8, 2007.

My letter appealed the FBI's failure to produce "any and all" records in response to the above referenced request as required under the law and the 1996 settlement agreement in Rosenfeld v. U.S. Department of Justice, Case Nos. 90-3576, 85-1709-MHP and 85-2247 MHP.

Thank you for your February 8 letter, which acknowledged my appeal. However, your letter did not address any of the substantive matters in my appeal, and it provided no date when you reasonably expected to make such a substantive response.

This means, of course, that at this point we face an open-ended delay as to when we might actually receive the records at issue. Accordingly, I hereby renew my appeal of the FBI's numerous improper withholdings of information concerning Mr. Reagan, as set forth in my January 29 letter and as outlined below.

In addition, please understand that this appeal concerns not only the FBI's failure to search for and release records, but also the FBI's improper withholdings in records it has released.

As you know from the record in this case, my office and prior counsel for Mr. Rosenfeld repeatedly raised such concerns in prior letters. In response to our appeal, your office released only one (1) additional page of material on Mr. Reagan and stated that if Mr. Rosenfeld wanted to pursue further relief he should file a lawsuit in U.S. District Court.

We believe the FBI made numerous unfounded claims in processing this request and withholding some of the requested records, including but not limited to claims based on personal privacy, law enforcement and national security.

We believe additional information should be released for numerous reasons, including but not limited to the following:

Mr. Daniel J. Metcalfe, Director
1 March 2007
Page 2

1) The records are as much as six decades old;

2) Many people whose names appear in the records are deceased, are government officials or are celebrities, all of whom have a diminished expectation of privacy;

3) The FBI previously released such information elsewhere;

4) Other government agencies, as well as non-government entities, have released identical or similar information;

5) A great volume of contextual information related to the records is already public;

6) The records concern public events and other well-publicized matters.

Mr. Rosenfeld has previously provided the FBI with several lists of the names of deceased and public figure persons who likely appear in these records.

Further, and as you know, the records at issue are of great historical value and overriding public interest. Mr. Reagan is considered by many scholars, politicians and citizens to be one of the nation's most significant presidents.

All of the above factors weigh in favor of the broadest possible release of information. Yet the FBI has instead withheld non-exempt information.

Moreover, it is clear that the FBI withheld numerous pages from the cross-references it has released, without even claiming any exemption for them. This has rendered the released cross-reference records incomplete and in many cases virtually incomprehensible. Such processing amounts to a constructive and impermissible denial of access to non-exempt information.

It also appears the FBI and other agencies have not released all documents and/or portions of documents that the FBI found in its files and referred to the other agencies for processing. Such failures to release non-exempt information from these "referrals" are also prohibited under the FOIA.

Please note that the FBI should be able to review the Reagan records it has released to Mr. Rosenfeld and release additional non-exempt information as noted above fairly easily. This is because many of these records at issue have apparently been previously processed for other requesters and thus the FBI's FOIA processing unit has already done much or most of the necessary initial review.

For your reference, these previously processed records may include records in the FBI files on Mr. Reagan as well as in related FBI files on the Screen Actors Guild, the COMPIC investigation, Motion Picture Industry Council, the Motion Picture Alliance, the Labor League of Hollywood Voters, the Hollywood Independent Citizens Committee of the Arts, Sciences and Professions, also known as HICCASP, the late Roy M. Brewer, and in files on other organizations and individuals with which Mr. Reagan was involved in and of which the FBI is aware.

To the extent these records have been processed for other requesters, the FBI may more easily review them for additional information that should be released in this request. This may significantly reduce the burden on the FBI to comply with this request, and we

ask that you ensure that the FBI avail itself of this potential route to expeditiously processing these records.

Given the protracted history of litigation in this matter, we request that you direct the FBI to release all non-exempt information within 90 days from the date of this letter. Specifically we request the following:

1) That the FBI conduct complete and thorough searches for all responsive records as set forth in our January 29, 2007 letter to you;

2) That the FBI conduct a re-review of all Reagan records it has released to Mr. Rosenfeld to date to ensure that it release all non-exempt portions thereof;

3) That the FBI release all pages of all responsive see references, including all administrative pages;

4) That in processing the responsive records the FBI apply the lists of deceased persons, public figures and exposed informants and sources that Mr. Rosenfeld has previously provided;

5) That in processing the records the FBI check its readily available resources to determine whether third parties mentioned in the responsive records are deceased and/or are public figures so that the FBI may release all non-exempt information in the responsive records.

While this appeal challenges unfounded deletions in all the Reagan records released to Mr. Rosenfeld to date, I have enclosed for your convenience a partial list of these records.

In conclusion, I note that the record in this case shows that Mr. Rosenfeld been very patient and cooperative in working with the FBI on these requests. This is underscored by the fact that he has prevailed in the three above-referenced federal court actions, and most recently in the motion that resulted in Magistrate Judge Elizabeth D. Laporte's Order dated February 6, 2007.

I sincerely hope that we may resolve these matters informally and in a mutually acceptable manner and thus avoid potentially unnecessary litigation. However, if we cannot promptly reach an agreement with a firm deadline my client will have no alternative but to enforce his rights under the FOIA in court.

Thank you very much for your timely consideration of this matter. Please phone me if I may be of assistance.

Cordially,

James Wheaton,
Senior Counsel

Enclosure:    Partial list of excised Reagan records from which additional information should be released

Mr. Daniel J. Metcalfe, Director
1 March 2007
Page 4

Partial list of excised Reagan records from which additional information should be released

1) HQ Cross-references Vol. 1:

66-2542-7560
100-146517-33
100-138754-124
100-138754-125
100-343468-14
100-339008-31
100-338892-63
100-173363-22
100-343748-8
100-41584-42
100-339008-49
100-317714-25
100-338892-124
100-339008-109
66-2542-3-26-198 or -1987 (number unclear)
61-7582-1463
100-138754-188
61-7582-1471
100-138754-220
100-138754-329
94-34419-1 (Quentin Reynolds is deceased)
100-138754-314
100-138754-367
100-351326-5
100-138754-461
100-138754-472
100-138754-481
100-343468-39
100-138754-503
100-138754-513
100-2245-8
100-138754-525
100-138754-545
100-138754-667
100-138754-691
100-138754-695
100-138754-842
100-362955-5
62-60527-33807
62-60527-33498
62-56921-263
77-81528-5
77-81528-8
77-81528-10

2) HQ Cross-references Vol. 2:

62-104401-108
100-375582-152
100-340922-480
62-88472-20
100-434516-143
62-108840-11
62-9-38-374
Document No. 1, 7-29-65
Classified No. 4, 7-27-66
100-18459-323
100-151646-219
100-151646-223
100-151646-223
Classified No. 2, 8-28-67
157-6-19-423
100-3-104-26-339x2
100-445393-109
62-112075-2
100-3-104-26-345x
100-3-104-26-346x
166-7728-30
62-112228-67-35
62-107261-32-107
12-0-7232
100-454261-23
62-109119-2672
62-109276-1192

3) HQ Main Files:

100-382196 Sections 1, 2, 3 and 4

4) L.A. Main Files:

80-579
116-70463
161-2715-12

# Exhibit S

# FIRST AMENDMENT PROJECT

1736 Franklin Street, 9th Flr., Oakland, CA 94612 ■ tel:510.208.7744 ■ fax: 510.208.4562 ■ www.thefirstamendment.org
James Wheaton, Senior Counsel            Pondra Perkins, Fellow & Staff Attorney            David Greene, Executive Director
wheaton@thefirstamendment.org            pondra@thefirstamendment.org            dgreeene@thefirstamendment.org

13 April 2007

Mr. Daniel J. Metcalfe, Director
Office of Information and Privacy
U.S. Department of Justice
Flag Building, Suite 570
Washing ton, DC 20530

> By mail and fax to 202-514-1009
> Re: Appeals in various FOIA requests

Dear Mr. Metcalfe,

I am counsel for Seth Rosenfeld regarding his appeals pursuant to the Freedom of Information Act in the above referenced requests.

Mr. Rosenfeld in the past several years has submitted FOIA requests to the FBI for records concerning various subjects about which he is conducting research as a professional journalist. (A list of these requests, with available request and appropriate appeal numbers is attached as an exhibit for ease of reference.)

Mr. Rosenfeld has also made repeated requests of the FBI, both verbally and in writing, inquiring when the FBI will release the requested records. Further, he has filed repeated appeals on each of these requests with your office asking your office to direct the FBI to release the records pursuant to the FOIA.

However, to date the FBI has failed to release the requested records. In response to some requests, the FBI has released some but not all records. In many other of the requests, the FBI has failed to release any records at all. Further, the FBI has failed to conduct adequate searches for the records specified in the requests.

Moreover, despite Mr. Rosenfeld's requests, both the FBI and your office have not provided any estimate of a date when you reasonably expect to release the records. Thus, although Mr. Rosenfeld has been patient and cooperative in these requests, and has waited in some cases has already waited nearly three years, he continues to face open-ended delays that constructively deny him timely access to the requested records.

Please be advised that as of this date we are treating the FBI's failure to release all requested non-exempt records – as well as the lack of response to his eppals – as a denial of his requests and of his appeals. Accordingly, we believe that under the FOIA we may file suit at any time to compel compliance with these requests.

We will file said suit if we do not receive (1) a written communication granting his appeals in all respects on or before April 19, 2007, and (2) a commitment to provide all responsive records within 30 days thereafter.

We look forward to your timely reply.

Cordially,

James Wheaton

Enc. List of FOIA Appeals

PRINTED ON RECYCLED PAPER

Exhibit 1: List of Seth Rosenfeld FOIA Appeals

Ronald Reagan, Deceased
Appeal No. 07-0563

Earl C. Bolton, Deceased
FOIA APPEAL NOS. 05-1845 and 05-1843
FBI HQ REQUEST 0999534-01
FBI SF REQUEST 0999688-000 SF

Neil Reagan (deceased)
FOIA APPEAL 05-1850
FBI Headquarters and
Los Angeles Field Office No. 1017395
Washington Field Office (no number
assigned)

Research West
Appeal 07-0128
FBI HQ FOIA 1050449-000
FBI San Francisco FOIA - no number

"80 Files"
Appeal No. 07-0124
FBI Request 1049330

Herbert Ellingwood, deceased,
FOIA No. 1049408-000
Appeal No. 07-0120

Alexander C. Sherriffs, deceased
Appeal: Number 05-1852
FBI Headquarters: Number 1001628-00
SF: No Number Assigned

Robert L. Lamborn, Deceased
FOIA APPEAL Nos. 05-1848; 07-0571; 07-0572
FBI HQ REQUEST 0997262-000
FBI SF REQUEST 0997928-000

George Murphy, deceased
Appeal No. 07-0119; 05-1847
Los Angeles Field Office No. 1017613
FBI Washington Field Office No. 1018728-000
Washington Field Office (no number
assigned)

Motion Picture Industry Council
Appeal No. 07-0126; Request 1050646-000,

Labor League of Hollywood Voters
Appeal No. 07-0125; Request 1050649-001,

Motion Picture Alliance for the Preservation of
American Ideals
No appeal number; Request 1050648-000,

Roy M. Brewer (deceased)
APPEAL No. 07-573 -
FBI Headquarters – No. 1063060-000
Los Angeles Field Office No. 190-C2-2838
Washington Field Office (No number assigned)

# Exhibit T

Seth Rosenfeld
P.O. Box 421,892
San Francisco, CA 94142-1892


May 8, 2006          Via Certified Mail & Fax to 202-324-3752


Mr. David M. Hardy
Section Chief - Record/Information Dissemination Section
Records Management Division
FBI HQ
935 Pennsylvania Ave. NW
Washington, DC 20535-0001

        Re: FOIA Request - Herbert E. Ellingwood (deceased)

Dear Mr. Hardy,

        This is a request pursuant to the Freedom of
Information Act, 5 U.S.C., as amended, for any and all
records in any way concerning the late Herbert E.
Ellingwood, also known as Herb Ellingwood. I have enclosed
documentation of his death for your reference.

        Mr. Ellingwood's SSN is 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. He was born on or
about March 5, 1931, in Colorado. He died on March 8, 1989.

        Please bear in mind that Mr. Ellingwood was a public
figure, serving in the California state government and
later in the federal government. This, along with the fact
that he is deceased, weighs in favor of releasing all
responsive information concerning him.

        If other public figures are referenced in the
responsive pages, please release that information as well,
as it serves the public interest. For your reference, such
public figures may include Ronald Reagan, the late
president; Alex Sherriffs, a deceased California state
official; and other elected and appointed public officials.

        As a preliminary matter, please advise me as to
whether any of the records concerning Mr. Ellingwood have
been previously processed. Please advise me as to this as
soon as possible, as the availability of preprocessed
records may save both the FBI and me time and expense in
processing of records.

Please understand that I want any and all records, including but not limited to all main files, all see references, Do Not File Files, channelized records, search slips, including search slips used to process this request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits.

Please be sure to search using a six-way breakdown on his name and an "all references" check of all indices, both automated and manual, active and inactive, for any and all records concerning Mr. Ellingwood in any way.

Please be sure to release all responsive see references. For see references of five pages or less, I am requesting the entire see reference document. For see references of more than five pages, please release all administrative pages, the first five pages of the body of the document, and three pages on either side of each reference to Mr. Ellingwood.

Please process all records identifiable with my request, even though reports based on those record may have been sent to FBI headquarters or other FBI offices, and even though there may be duplication between sets of files.

Please produce all records with their administrative markings intact, and make sure that all reports, memos and documents to include any and all administrative pages.

Please release all pages, regardless of the extent of excising, even if all that remains are stationery headings and administrative markings.

In excising material, please black out rather than white out or cut out material.

If you withhold any information, please release all reasonably segregable portions of the records that are not exempt.

Please be sure that all records are fully legible, including all administrative markings, file numbers, hand-written notations and marginalia.

This letter constitutes my commitment to pay fees of up to $200 for these records, and I therefore ask that you

proceed with my request immediately. However, I believe
that releasing the records will primarily benefit the
general public by shedding light on important government
operations, and I reserve my right to pursue a fee waiver
at a later date.

I look forward to your prompt response.

Thank you for your help.

Sincerely,

Seth Rosenfeld

Enc.

Seth Rosenfeld
P.O. Box 421,892
San Francisco, CA 94142-1892

May 8, 2006                                    Via Certified Mail

FBI - FOIA OFFICE
Federal Office Building
9797 Aero Drive
San Diego, California 92123-1800

        Re: FOIA Request - Herbert E. Ellingwood (deceased)

Dear FOIA Officer,

        This is a request pursuant to the Freedom of
Information Act, 5 U.S.C., as amended, for any and all
records in any way concerning the late Herbert E.
Ellingwood, also known as Herb Ellingwood. I have enclosed
documentation of his death for your reference.

        Mr. Ellingwood's SSN is 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. He was born on or
about March 5, 1931, in Colorado. He died on March 8, 1989.

        Please bear in mind that Mr. Ellingwood was a public
figure, serving in the California state government and
later in the federal government. This, along with the fact
that he is deceased, weighs in favor of releasing all
responsive information concerning him.

        If other public figures are referenced in the
responsive pages, please release that information as well,
as it serves the public interest. For your reference, such
public figures may include Ronald Reagan, the late
president; Alex Sherriffs, a deceased California state
official; and other elected and appointed public officials.

        As a preliminary matter, please advise me as to
whether any of the records concerning Mr. Ellingwood have
been previously processed. Please advise me as to this as
soon as possible, as the availability of preprocessed
records may save both the FBI and me time and expense in
processing of records.

Please understand that I want any and all records, including but not limited to all main files, all see references, Do Not File Files, channelized records, search slips, including search slips used to process this request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits.

Please be sure to search using a six-way breakdown on his name and an "all references" check of all indices, both automated and manual, active and inactive, for any and all records concerning Mr. Ellingwood in any way.

Please be sure to release all responsive see references. For see references of five pages or less, I am requesting the entire see reference document. For see references of more than five pages, please release all administrative pages, the first five pages of the body of the document, and three pages on either side of each reference to Mr. Ellingwood.

Please process all records identifiable with my request, even though reports based on those record may have been sent to FBI headquarters or other FBI offices, and even though there may be duplication between sets of files.

Please produce all records with their administrative markings intact, and make sure that all reports, memos and documents to include any and all administrative pages.

Please release all pages, regardless of the extent of excising, even if all that remains are stationery headings and administrative markings.

In excising material, please black out rather than white out or cut out material.

If you withhold any information, please release all reasonably segregable portions of the records that are not exempt.

Please be sure that all records are fully legible, including all administrative markings, file numbers, hand-written notations and marginalia.

This letter constitutes my commitment to pay fees of up to $200 for these records, and I therefore ask that you proceed with my request immediately. However, I believe

2

that releasing the records will primarily benefit the
general public by shedding light on important government
operations, and I reserve my right to pursue a fee waiver
at a later date.

I look forward to your prompt response.

Thank you for your help.

Sincerely,


Seth Rosenfeld

Enc.

Seth Rosenfeld
P.O. Box 421,892
San Francisco, CA 94142-1892

May 8, 2006                                          Via Certified Mail

FBI San Francisco, Att: FOIA OFFICE
450 Golden Gate Avenue, 13th. Floor
San Francisco, California 94102-9523

    Re: FOIA Request – Herbert E. Ellingwood (deceased)

Dear FOIA Officer,

    This is a request pursuant to the Freedom of
Information Act, 5 U.S.C., as amended, for any and all
records in any way concerning the late Herbert E.
Ellingwood, also known as Herb Ellingwood. I have enclosed
documentation of his death for your reference.

    Mr. Ellingwood's SSN is 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. He was born on or
about March 5, 1931, in Colorado. He died on March 8, 1989.

    Please bear in mind that Mr. Ellingwood was a public
figure, serving in the California state government and
later in the federal government. This, along with the fact
that he is deceased, weighs in favor of releasing all
responsive information concerning him.

    If other public figures are referenced in the
responsive pages, please release that information as well,
as it serves the public interest. For your reference, such
public figures may include Ronald Reagan, the late
president; Alex Sherriffs, a deceased California state
official; and other elected and appointed public officials.

    As a preliminary matter, please advise me as to
whether any of the records concerning Mr. Ellingwood have
been previously processed. Please advise me as to this as
soon as possible, as the availability of preprocessed
records may save both the FBI and me time and expense in
processing of records.

    Please understand that I want any and all records,
including but not limited to all main files, all see

references, Do Not File Files, channelized records, search slips, including search slips used to process this request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits.

Please be sure to search using a six-way breakdown on his name and an "all references" check of all indices, both automated and manual, active and inactive, for any and all records concerning Mr. Ellingwood in any way.

Please be sure to release all responsive see references. For see references of five pages or less, I am requesting the entire see reference document. For see references of more than five pages, please release all administrative pages, the first five pages of the body of the document, and three pages on either side of each reference to Mr. Ellingwood.

Please process all records identifiable with my request, even though reports based on those record may have been sent to FBI headquarters or other FBI offices, and even though there may be duplication between sets of files.

Please produce all records with their administrative markings intact, and make sure that all reports, memos and documents to include any and all administrative pages.

Please release all pages, regardless of the extent of excising, even if all that remains are stationery headings and administrative markings.

In excising material, please black out rather than white out or cut out material.

If you withhold any information, please release all reasonably segregable portions of the records that are not exempt.

Please be sure that all records are fully legible, including all administrative markings, file numbers, hand-written notations and marginalia.

This letter constitutes my commitment to pay fees of up to $200 for these records, and I therefore ask that you proceed with my request immediately. However, I believe that releasing the records will primarily benefit the general public by shedding light on important government

operations, and I reserve my right to pursue a fee waiver at a later date.

I look forward to your prompt response.

Thank you for your help.

Sincerely,


Seth Rosenfeld

Enc.

Seth Rosenfeld
P.O. Box 421,892
San Francisco, CA 94142-1892

May 8, 2006                                    Via Certified Mail

FBI Sacramento - FOIA Office
4500 Orange Grove Avenue
Sacramento, California 95841-4205

    Re: FOIA Request - Herbert E. Ellingwood (deceased)

Dear FOIA Officer,

    This is a request pursuant to the Freedom of
Information Act, 5 U.S.C., as amended, for any and all
records in any way concerning the late Herbert E.
Ellingwood, also known as Herb Ellingwood. I have enclosed
documentation of his death for your reference.

    Mr. Ellingwood's SSN is 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. He was born on or
about March 5, 1931, in Colorado. He died on March 8, 1989.

    Please bear in mind that Mr. Ellingwood was a public
figure, serving in the California state government and
later in the federal government. This, along with the fact
that he is deceased, weighs in favor of releasing all
responsive information concerning him.

    If other public figures are referenced in the
responsive pages, please release that information as well,
as it serves the public interest. For your reference, such
public figures may include Ronald Reagan, the late
president; Alex Sherriffs, a deceased California state
official; and other elected and appointed public officials.

    As a preliminary matter, please advise me as to
whether any of the records concerning Mr. Ellingwood have
been previously processed. Please advise me as to this as
soon as possible, as the availability of preprocessed
records may save both the FBI and me time and expense in
processing of records.

Please understand that I want any and all records, including but not limited to all main files, all see references, Do Not File Files, channelized records, search slips, including search slips used to process this request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits.

Please be sure to search using a six-way breakdown on his name and an "all references" check of all indices, both automated and manual, active and inactive, for any and all records concerning Mr. Ellingwood in any way.

Please be sure to release all responsive see references. For see references of five pages or less, I am requesting the entire see reference document. For see references of more than five pages, please release all administrative pages, the first five pages of the body of the document, and three pages on either side of each reference to Mr. Ellingwood.

Please process all records identifiable with my request, even though reports based on those record may have been sent to FBI headquarters or other FBI offices, and even though there may be duplication between sets of files.

Please produce all records with their administrative markings intact, and make sure that all reports, memos and documents to include any and all administrative pages.

Please release all pages, regardless of the extent of excising, even if all that remains are stationery headings and administrative markings.

In excising material, please black out rather than white out or cut out material.

If you withhold any information, please release all reasonably segregable portions of the records that are not exempt.

Please be sure that all records are fully legible, including all administrative markings, file numbers, hand-written notations and marginalia.

This letter constitutes my commitment to pay fees of up to $200 for these records, and I therefore ask that you proceed with my request immediately. However, I believe

that releasing the records will primarily benefit the general public by shedding light on important government operations, and I reserve my right to pursue a fee waiver at a later date.

I look forward to your prompt response.

Thank you for your help.

Sincerely,


Seth Rosenfeld

Enc.

Seth Rosenfeld
P.O. Box 421,892
San Francisco, CA 94142-1892


May 8, 2006                               Via Certified Mail


FBI – FOIA OFFICE
Washington Metropolitan Field Office
601 4th Street, N.W.
Washington, D.C. 20535-0002

    Re: FOIA Request – Herbert E. Ellingwood (deceased)

Dear FOIA Officer,

    This is a request pursuant to the Freedom of
Information Act, 5 U.S.C., as amended, for any and all
records in any way concerning the late Herbert E.
Ellingwood, also known as Herb Ellingwood. I have enclosed
documentation of his death for your reference.

    Mr. Ellingwood's SSN is 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. He was born on or
about March 5, 1931, in Colorado. He died on March 8, 1989.

    Please bear in mind that Mr. Ellingwood was a public
figure, serving in the California state government and
later in the federal government. This, along with the fact
that he is deceased, weighs in favor of releasing all
responsive information concerning him.

    If other public figures are referenced in the
responsive pages, please release that information as well,
as it serves the public interest. For your reference, such
public figures may include Ronald Reagan, the late
president; Alex Sherriffs, a deceased California state
official; and other elected and appointed public officials.

    As a preliminary matter, please advise me as to
whether any of the records concerning Mr. Ellingwood have
been previously processed. Please advise me as to this as
soon as possible, as the availability of preprocessed
records may save both the FBI and me time and expense in
processing of records.

Please understand that I want any and all records, including but not limited to all main files, all see references, Do Not File Files, channelized records, search slips, including search slips used to process this request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits.

Please be sure to search using a six-way breakdown on his name and an "all references" check of all indices, both automated and manual, active and inactive, for any and all records concerning Mr. Ellingwood in any way.

Please be sure to release all responsive see references. For see references of five pages or less, I am requesting the entire see reference document. For see references of more than five pages, please release all administrative pages, the first five pages of the body of the document, and three pages on either side of each reference to Mr. Ellingwood.

Please process all records identifiable with my request, even though reports based on those record may have been sent to FBI headquarters or other FBI offices, and even though there may be duplication between sets of files.

Please produce all records with their administrative markings intact, and make sure that all reports, memos and documents to include any and all administrative pages.

Please release all pages, regardless of the extent of excising, even if all that remains are stationery headings and administrative markings.

In excising material, please black out rather than white out or cut out material.

If you withhold any information, please release all reasonably segregable portions of the records that are not exempt.

Please be sure that all records are fully legible, including all administrative markings, file numbers, hand-written notations and marginalia.

This letter constitutes my commitment to pay fees of up to $200 for these records, and I therefore ask that you proceed with my request immediately. However, I believe

that releasing the records will primarily benefit the
general public by shedding light on important government
operations, and I reserve my right to pursue a fee waiver
at a later date.

I look forward to your prompt response.

Thank you for your help.

Sincerely,

Seth Rosenfeld

Enc.

Seth Rosenfeld
P.O. Box 421,892
San Francisco, CA 94142-1892

May 8, 2006                                    Via Certified Mail

FBI – FOIA OFFICE
Suite 1700, FOB
11000 Wilshire Boulevard
Los Angeles, California 90024-3672

     Re: FOIA Request - Herbert E. Ellingwood (deceased)

Dear FOIA Officer,

This is a request pursuant to the Freedom of Information
Act, 5 U.S.C., as amended, for any and all records in any
way concerning the late Herbert E. Ellingwood, also known
as Herb Ellingwood. I have enclosed documentation of his
death for your reference.

    Mr. Ellingwood's SSN is 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. He was born on or
about March 5, 1931, in Colorado. He died on March 8, 1989.

    Please bear in mind that Mr. Ellingwood was a public
figure, serving in the California state government and
later in the federal government. This, along with the fact
that he is deceased, weighs in favor of releasing all
responsive information concerning him.

    If other public figures are referenced in the
responsive pages, please release that information as well,
as it serves the public interest. For your reference, such
public figures may include Ronald Reagan, the late
president; Alex Sherriffs, a deceased California state
official; and other elected and appointed public officials.

    As a preliminary matter, please advise me as to
whether any of the records concerning Mr. Ellingwood have
been previously processed. Please advise me as to this as
soon as possible, as the availability of preprocessed
records may save both the FBI and me time and expense in
processing of records.

Please understand that I want any and all records, including but not limited to all main files, all see references, Do Not File Files, channelized records, search slips, including search slips used to process this request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits.

Please be sure to search using a six-way breakdown on his name and an "all references" check of all indices, both automated and manual, active and inactive, for any and all records concerning Mr. Ellingwood in any way.

Please be sure to release all responsive see references. For see references of five pages or less, I am requesting the entire see reference document. For see references of more than five pages, please release all administrative pages, the first five pages of the body of the document, and three pages on either side of each reference to Mr. Ellingwood.

Please process all records identifiable with my request, even though reports based on those record may have been sent to FBI headquarters or other FBI offices, and even though there may be duplication between sets of files.

Please produce all records with their administrative markings intact, and make sure that all reports, memos and documents to include any and all administrative pages.

Please release all pages, regardless of the extent of excising, even if all that remains are stationery headings and administrative markings.

In excising material, please black out rather than white out or cut out material.

If you withhold any information, please release all reasonably segregable portions of the records that are not exempt.

Please be sure that all records are fully legible, including all administrative markings, file numbers, hand-written notations and marginalia.

This letter constitutes my commitment to pay fees of up to $200 for these records, and I therefore ask that you proceed with my request immediately. However, I believe

that releasing the records will primarily benefit the general public by shedding light on important government operations, and I reserve my right to pursue a fee waiver at a later date.

I look forward to your prompt response.

Thank you for your help.

Sincerely,


Seth Rosenfeld

Enc.



# Exhibit U



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

May 18, 2006

MR SETH ROSENFELD
POST OFFICE BOX 421,892
SAN FRANCISCO, CA 94142 1892

Request No.: 1049408- 000
Subject: ELLINGWOOD, HERBERT E

Dear Requester:

☒    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐    For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐    To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒    We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

Processing delays have been caused by the large number of requests received by the FBI. Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D. C. 20535-0001

MR SETH ROSENFELD                    JUNE 30, 2006
POST OFFICE BOX 421, 892
SAN FRANCISCO, CA   94142-1892

                    Request No.: 1049408-000
                    Subject:    ELLINGWOOD, HERBERT E

Dear Mr. Rosenfeld:

    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request

to the Sacramento Field Office.  This request was forwarded to FBI Headquarters for handling.

The FOIPA number listed above has been assigned to your request.

                    Sincerely yours,

                    David M. Hardy
                    Section Chief
                    Record/Information
                      Dissemination Section
                    Records Management Division



U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No. 190-SD-C60287-C

9797 Aero Drive
San Diego, California   92123
May 11, 2006


Seth Rosenfeld
P.O. Box 421,892
San Francisco, California 94142-1892

Dear Mr. Rosenfeld:

        This is in response to your Freedom of Information Act
("FOIA")/Privacy Act request received by this office on
May 10, 2006.

        We have referred your request to FBI Headquarters
("FBIHQ") for processing.  The Record/Information Dissemination
Section ("RIDS") at FBIHQ will maintain your request in the order
it was received and will assign it for processing and response in
turn.  In addition, RIDS will assign your request an FOIPA Number
and advise you of that number as soon as possible.  Any future
correspondence concerning this request should be directed to FBI
Headquarters, RID Section, 935 Pennsylvania Avenue, NW,
Washington, D.C. 20535-0001.

                        Sincerely,

                        Leonard J. Davey, Jr.
                        Chief Division Counsel



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D. C. 20535-0001

May 23, 2006

Ms. Seth Rosenfeld
Post Office Box 421,892
San Francisco, CA 94142-1892

Request No.1049408
Subject: Herbert E. Ellingwood

Dear Ms. Rosenfeld:

This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request

1049408 to the San Diego Field Office. This request was forwarded to FBI Headquarters for

handling.

The FOIPA number listed above has been assigned to your request.

Sincerely yours,

David M. Hardy/dal

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

# Exhibit V



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

July 19, 2006

MR SETH ROSENFELD
POST OFFICE BOX 421,892
SAN FRANCISCO, CA 94142-1892

Request No.: 1049408- 000
Subject: ELLINGWOOD, HERBERT E

Dear Requester:

This is in reference to your Freedom of Information-Privacy Acts (FOIPA) request.

We have located approximately <u>530</u> pages which appear to relate to your request. Under Title 28, Code of Federal Regulations (CFR), Sections 16.11 and 16.49, there is a duplication fee of ten cents per page for every page released over 100. These regulations require us to notify requesters when anticipated charges exceed $25, and if all the pages are released, you will owe $ 43.00 in duplication costs. Please remember this is only an estimate; and if some of the pages are withheld or are not identifiable with your subject, the actual charges could be less.

You may want to consider reducing the scope of your request. This would allow you both to lower your costs and hasten the receipt of your information. To streamline our operation, we divide our requests into three tracks based on the amount of material to be processed: small (1-500 pages); medium (501-2500 pages) and large (2501 or more pages), with the small track having the fastest rate of processing. To accelerate the processing of your request, you must reduce the pages to be processed to 500 pages or less. Please let us know in writing if you are interested in discussing the possibility of reducing the scope of your request or if you are willing to pay the estimated duplication cost indicated in the above paragraph, Your written response should provide a telephone number where you can be reached between the hours of 8:00 a.m. to 5:00 p.m., EST. You may fax your response to the following number:202-324-3752, Attention: Request Management Unit. You must include the FOIPA request number in any communication regarding this subject.

As stated previously, the cost indicated is only an estimate; therefore, no payment should be made at this time. Unless advised to the contrary, we are assuming that you are willing to pay fees.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

# Exhibit W

Seth Rosenfeld
P.O. Box 421,892
San Francisco, CA 94142-1892


Oct. 16, 2006         By mail and fax to 202-514-1009


Co-Director
Office of Information and Privacy
U.S. Department of Justice
Flag Building, Suite 570
Washington, DC 20530

          Re:  Herbert Ellingwood, deceased, 1049408-000

     This is an appeal of the above referenced FOIA
request.

     On April 20, 2006, I submitted this request to the Los
Angeles, Sacramento, San Francisco, San Diego, Washington
Field, and HQ offices of the FBI. I stated that I wanted
"any and all" records concerning this subject.

     My request properly specified the records I am
seeking, including but not limited to main files, see
references, Do Not File Files, channelized records, search
slips, including search slips used to process this request,
ELSUR records, index cards, records that are or were
maintained in SAC safes, and bulky exhibits."

     I stated that I want all records, including but not
limited to those listed in the General Index, and any and
all other indexes.

     In addition, I advised the FBI that it was likely that
the names of and information concerning deceased
individuals, including Ronald Reagan and Alex Sherriffs,
were likely to appear in the responsive records.

     However, the FBI has failed to release the requested
records.

     I am hereby appealing the FBI's action. As you know,
the FOIA requires agencies to search for reasonably
specified records and to release them in a timely way. The

FOIA does not permit agencies to engage in open-ended
delays and to disregard a specific request.

Furthermore, the FBI's action has created an
unnecessary and avoidable burden on me and on your office.
Rather than conduct a reasonable search for properly
specified records and release them, the FBI has instead
required me to file this appeal and your office to act on
it.

In effect, the FBI has constructively denied my
request in an improper manner that appears calculated to
discourage, delay or deny my request.

Accordingly, I ask that your office take the following
steps:

1) Make a finding that FBI's denial of my specific
request was improper.

2) Instruct the FBI to process my request pursuant to
the FOIA and release the responsive records from each
specified FBI office immediately, including all information
on deceased individuals such as Alex Sherriffs and Ronald
Reagan.

Thank you very much for your prompt attention to this
matter.

Sincerely,


Seth Rosenfeld

2

# Exhibit X



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                                    _Washington, D.C. 20530_

**DEC 1 8 2006**

Mr. Seth Rosenfeld                          Re:    Appeal No. 07-0120
Post Office Box 421, 892                            Request No. 1049408
San Francisco, CA  94142-1892                      ADW:MJS

Dear Mr. Rosenfeld:

You attempted to appeal from the failure of the San Francisco Field Office of the Federal Bureau of Investigation to respond to your request for access to records pertaining to Herbert Ellingwood. I note that you have previously agreed to pay any applicable fees associated with the processing of this request.

Department of Justice regulations provide for an administrative appeal only after there has been an adverse determination by a component. See 28 C.F.R. § 16.9 (2006). A member of my staff has looked into this and has determined that the FBI has not yet responded to your request. As no adverse determination has yet been made, there is no action for this Office to consider on appeal. In particular, the Freedom of Information Act itself contemplates judicial review, rather than an administrative appeal, when an agency has failed to respond to a request within the statutory time limits. See 5 U.S.C. § 552(a)(6)(C)(i).

I have forwarded your letter to the FBI. You may also wish to contact the FBI directly to inquire about the status of your request. You may appeal any future adverse determination made by the FBI.

Sincerely,

Daniel J. Metcalfe
Director

# Exhibit Y

Seth Rosenfeld
P.O. Box 421,892
San Francisco, CA 94142-1892


Jan. 31, 2007  By Certified Mail and Fax to 202-324-3752


Mr. David M. Hardy
Section Chief — Record/Information
 Dissemination Section
Records Management Division
FBI HQ
935 Pennsylvania Ave., NW
Washington, DC 20535-0001


        Re: FOIAPA No. 1049408, Herbert E. Ellingwood,
deceased

Dear Mr. Hardy,

        Please advise me as the status of this request, which
as you know was sent to FBI HQ and the Los Angeles, San
Francisco, San Diego, Sacramento and Washington Field
Offices.

        Please advise me as to the status of my request at
each specified field office.

        Thank you very much for your assistance.

Sincerely,


Seth Rosenfeld

# Exhibit Z



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

February 7, 2007

MR SETH ROSENFELD
POST OFFICE BOX 421,892
SAN FRANCISCO, CA 94142 1892

Request No.: 1049408- 000
Subject: Ellingwood, Herbert E

Dear Mr. Rosenfeld:

This is in response to your status letter to the Federal Bureau of investigation concerning your Freedom of Information Privacy Acts (FOIPA) request noted above.

The responsive documents pertaining to your request are currently being prepared for processing. Such preparation can be time consuming. Once this preparation is completed your request will be assigned for processing, in the order in which it was received.

We solicit your patience and assure you that your request is being handled.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division