SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102-3495
Telephone:     (415) 436-7314
Facsimile:     (415) 436-6748
Email:          ellen.fitzgerald@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SETH ROSENFELD,<br><br>               Plaintiff,<br><br>               v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, and UNITED STATES FEDERAL BUREAU OF INVESTIGATION,<br><br>               Defendants. | No. C 07-3240 MHP<br><br>**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF** |

Defendants, the United States Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI"), by and through their undersigned counsel, hereby answer plaintiff's First Amended Complaint for Injunctive Relief (the "First Amended Complaint") upon information and belief as follows:

JURISDICTION AND VENUE

1.  Neither admit nor deny the allegations in paragraph 1 of the First Amended Complaint because they constitute the legal basis for the complaint and/or conclusions of law as to which no answer is required; however, specifically deny that defendants have improperly withheld agency records.

2.  Neither admit nor deny the allegation in paragraph 2 of the First Amended

ANSWER TO FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
C 07-03240 MHP

Complaint because it constitutes the legal basis for the complaint and/or a conclusion of law as to which no answer is required.

## INTRADISTRICT ASSIGNMENT

3. Admit the allegation in paragraph 3 of the First Amended Complaint.

## FACTUAL BACKGROUND

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the First Amended Complaint.

5. Admit the allegations in paragraph 5 of the First Amended Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the First Amended Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the First Amended Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the First Amended Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the First Amended Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the First Amended Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the First Amended Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph 12 of the First Amended Complaint. Deny the allegation in the second sentence of paragraph 12 of the First Amended Complaint except admit that the FBI released records to plaintiff.

13. Deny the allegations in paragraph 13 of the First Amended Complaint except admit that there are published opinions in Rosenfeld v. United States Dep't of Justice, 761 F.Supp. 1440 (N.D. Ca.1991), and Rosenfeld v. United States Dep't of Justice, 57 F.3d 803 (9th Cir. 1995), two other FOIA actions filed by plaintiff, and that United States Magistrate Judge

Elizabeth D. LaPorte issued an order, dated February 6, 2007, in Civil Action Number 90-3576. Defendants respectfully refer the Court to the published opinions and the order as the best statement of their contents.

## ROSENFELD'S SUBSEQUENT FOIA REQUESTS

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegation in the first and second sentences of paragraph 14 of the First Amended Complaint except admit that plaintiff has submitted FOIA requests. Deny the remaining allegations in paragraph 14 of the First Amended Complaint.

15. Admit the allegation in the first sentence of paragraph 15 of the First Amended Complaint regarding the subject matter of this action. Deny the remaining allegations in paragraph 15 of the First Amended Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph 16 of the First Amended Complaint regarding what plaintiff is "informed" or "believes." Deny the remaining allegations in paragraph 16 of the First Amended Complaint.

17. Deny the allegations in paragraph 17 of the First Amended Complaint.

## FIRST CAUSE OF ACTION

### RECORDS PERTAINING TO RONALD W. REAGAN

18. Deny the allegations in paragraph 18 of the First Amended Complaint and respectfully refer the Court to the settlement agreement reached in 1996 in Rosenfeld v. United States Dep't of Justice, Civil Action Nos. 85-1709, 85-2247 and 90-3576, as the best statement of its contents and specifications (First Amended Complaint, Exhibit B).

19. Deny the allegations in paragraph 19 of the First Amended Complaint and respectfully refer the Court to the settlement agreement reached in 1996 in Rosenfeld v. United States Dep't of Justice, Civil Action Nos. 85-1709, 85-2247 and 90-3576, as the best statement of its contents and specifications (First Amended Complaint, Exhibit B).

20. Deny the allegations in paragraph 20 of the First Amended Complaint and respectfully refer the Court to the settlement agreement reached in 1996 in Rosenfeld v. United

1  States Dep't of Justice, Civil Action Nos. 85-1709, 85-2247 and 90-3576, as the best statement
2  of its contents and specifications (First Amended Complaint, Exhibit B).
3      21.    Deny the allegations in paragraph 21 of the First Amended Complaint and
4  respectfully refer the Court to the settlement agreement reached in 1996 in Rosenfeld v. United
5  States Dep't of Justice, Civil Action Nos. 85-1709, 85-2247 and 90-3576, as the best statement
6  of its contents and specifications (First Amended Complaint, Exhibit B).
7      22.    Admit the allegations in paragraph 22 of the First Amended Complaint.
8      23.    Deny knowledge or information sufficient to form a belief as to the truth of the
9  allegations in paragraph 23 of the First Amended Complaint.
10     24.    Deny knowledge or information sufficient to form a belief as to the truth of the
11 allegations in paragraph 24 of the First Amended Complaint.
12     25.    Deny knowledge or information sufficient to form a belief as to the truth of the
13 allegations in paragraph 25 of the First Amended Complaint.
14     26.    Deny knowledge or information sufficient to form a belief as to the truth of the
15 allegations in paragraph 26 of the First Amended Complaint.
16     27.    Admit the allegation in paragraph 27 of the First Amended Complaint and
17 respectfully refer the Court to the letter, dated April 17, 1998, as the best statement of its contents
18 (First Amended Complaint, Exhibit H).
19     28.    Admit the allegation in paragraph 28 of the First Amended Complaint and
20 respectfully refer the Court to plaintiff's letter as the best statement of it contents (First Amended
21 Complaint, Exhibit I).
22     29.    Deny the allegations in paragraph 29 of the First Amended Complaint except
23 admit that the FBI, or its counsel, wrote plaintiff two letters, dated February 26, 1999, and March
24 12, 1999, and respectfully refer the Court to the letters as the best statement of their contents
25 (First Amended Complaint, Exhibit J).
26     30.    Admit the allegation in paragraph 30 of the First Amended Complaint.
27     31.    Deny the allegations in paragraph 31 of the First Amended Complaint except
28 admit that the DOJ sent plaintiff a letter, dated February 28, 2006, and respectfully refer the

1  Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit M).

2      32.    Deny the allegations in paragraph 32 of the First Amended Complaint except to
3  admit that plaintiff's counsel wrote to DOJ, or its counsel, by letters dated March 31, 2006 and
4  May 4, 2006, and respectfully refer the Court to plaintiff's counsel's letters as the best statement
5  of their contents (First Amended Complaint, Exhibit N and O).

6      33.    Deny the allegations in paragraph 33 of the First Amended Complaint except to
7  admit that plaintiff's counsel sent DOJ a letter, dated May 4, 2006, and respectfully refer the
8  Court to plaintiff's counsel's letter as the best statement of its contents (First Amended
9  Complaint, Exhibit O).

10     34.    Deny the allegations in paragraph 34 of the First Amended Complaint except to
11 admit that plaintiff's counsel sent DOJ a letter, dated May 4, 2006, and respectfully refer the
12 Court to plaintiff's counsel's letter as the best statement of its contents (First Amended
13 Complaint, Exhibit O).

14     35.    Deny the allegations in paragraph 35 of the First Amended Complaint except to
15 admit that plaintiff's counsel sent DOJ a letter, dated May 4, 2006, and respectfully refer the
16 Court to plaintiff's counsel's letter as the best statement of its contents (First Amended
17 Complaint, Exhibit O).

18     36.    Deny the allegations in paragraph 36 of the First Amended Complaint and
19 affirmatively aver that by letter, dated May 2, 1996, the FBI released 1,935 pages of records
20 pertaining to Ronald Reagan to plaintiff and by letter, dated February 27, 1997, the FBI released
21 another 851 pages to plaintiff.

22     37.    Admit the allegations in paragraph 37 of the First Amended Complaint.

23     38.    Deny the allegations in paragraph 38 of the First Amended Complaint except to
24 admit that the DOJ sent plaintiff a letter, dated February 8, 2007, and respectfully refer the Court
25 to letter as the best statement of its contents (First Amended Complaint, Exhibit Q).

26     39.    Deny the allegations in paragraph 39 of the First Amended Complaint.

27     40.    Deny knowledge or information sufficient to form a belief as to the truth of the
28 allegations in paragraph 40 of the First Amended Complaint.

41. Deny the allegations in paragraph 41 of the First Amended Complaint and affirmatively aver that by letter, dated May 2, 1996, the FBI released 1,935 pages of records pertaining to Ronald Reagan to plaintiff and by letter, dated February 27, 1997, the FBI released another 851 pages to plaintiff.

42. Deny the allegation in paragraph 42 of the First Amended Complaint.

43. Deny the allegations in paragraph 43 of the First Amended Complaint.

44. Deny the allegations in paragraph 44 of the First Amended Complaint.

## SECOND CAUSE OF ACTION

RECORDS PERTAINING TO HERBERT ELLINGWOOD, DECEASED

(FOIA 1049408-00, Appeal No. 07-0120)

45. Admit the allegation in the first and third sentences of paragraph 45 of the First Amended Complaint. Deny the allegation in the second sentence of paragraph 45 of the First Amended Complaint.

46. Admit the allegations in paragraph 46 of the First Amended Complaint.

47. Deny the allegations in paragraph 47 of the First Amended Complaint except admit that the FBI sent plaintiff a letter, dated July 19, 2006, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit V).

48. Admit the allegation in paragraph 48 of the First Amended Complaint.

49. Deny the allegations in paragraph 49 of the First Amended Complaint except admit that plaintiff sent the DOJ a letter, dated October 16, 2006, and the DOJ responded to plaintiff by letter, dated December 18, 2006, and respectfully refer the Court to the letters as the best statement of their contents (First Amended Complaint, Exhibits W and X).

50. Deny the allegations in paragraph 50 of the First Amended Complaint except admit that the FBI received a letter from plaintiff, dated January 31, 2007 and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit Y).

51. Deny the allegations in paragraph 51 of the First Amended Complaint except admit that the FBI sent a letter to plaintiff, dated February 7, 2007, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit Z).

     52.    Deny the allegations in paragraph 52 of the First Amended Complaint except admit that plaintiff sent the DOJ a letter, dated March 1, 2007, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit AA).

     53.    Deny the allegations in paragraph 53 of the First Amended Complaint except admit that defendants sent a letter to plaintiff, dated June 6, 2007 and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit BB).

     54.    Admit the allegation in paragraph 54 of the First Amended Complaint.

     55.    Neither admit nor deny the allegation in paragraph 55 of the First Amended Complaint because it constitutes the legal basis for the complaint and/or a conclusion of law as to which no answer is required. To the extent a response is required, defendants deny the allegation in paragraph 55 of the First Amended Complaint.

     56.    Neither admit nor deny the allegation in paragraph 56 of the First Amended Complaint because it constitutes the legal basis for the complaint and/or a conclusion of law as to which no answer is required. To the extent a response is required, defendants deny the allegation in paragraph 56 of the First Amended Complaint.

THIRD CAUSE OF ACTION

RECORDS PERTAINING TO ALEX SHERRIFFS, DECEASED

(Appeal No. 05-1852, FBI Headquarters No. 1001628-00, SF: No Number Assigned)

     57.    Admit the allegation in paragraph 57 of the First Amended Complaint.

     58.    Deny the allegations in paragraph 58 of the First Amended Complaint except admit that plaintiff sent a letter to the FBI, dated February 19, 2005, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit EE).

     59.    Admit the allegation in paragraph 59 of the First Amended Complaint.

     60.    Deny the allegation in paragraph 60 of the First Amended Complaint except admit that plaintiff sent the FBI a letter, dated November 8, 2005, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit GG).

     61.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the First Amended Complaint.

62. Deny the allegation in paragraph 62 of the First Amended Complaint except admit that plaintiff set the FBI a letter, dated March 30, 2006, and respectfully refer the Court to plaintiff's letter as the best statement of its contents (First Amended Complaint, Exhibit II).

63. Admit the allegation in paragraph 63 of the First Amended Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the First Amended Complaint.

65. Deny the allegation in paragraph 65 of the First Amended Complaint except admit that the DOJ responded to plaintiff by letter, dated July 16, 2007.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the First Amended Complaint.

67. Deny the allegations in paragraph 67 of the First Amended Complaint.

68. Neither admit nor deny the allegation in paragraph 68 of the First Amended Complaint because it constitutes the legal basis for the complaint and/or a conclusion of law as to which no answer is required. To the extent a response is required, defendants deny the allegation in paragraph 68 of the First Amended Complaint.

69. Neither admit nor deny the allegation in paragraph 69 of the First Amended Complaint because it constitutes the legal basis for the complaint and/or a conclusion of law as to which no answer is required. To the extent a response is required, defendants deny the allegation in paragraph 69 of the First Amended Complaint. Deny the allegations in paragraph 69 of the First Amended Complaint.

FOURTH CAUSE OF ACTION

RECORDS PERTAINING TO ROY M. BREWER, DECEASED

(FBI Headquarters No. 1063060-000, Los Angeles Filed Office No. 190-C2-2838,

Washington Field Office: No Number Assigned, Appeal No. 07-573)

70. Admit the allegations in paragraph 70 of the First Amended Complaint.

71. Deny the allegations in paragraph 71 of the First Amended Complaint except admit that plaintiff requested records relating to Roy M. Brewer and respectfully refer the Court to plaintiff's requests for a complete and accurate statement of their contents (First Amended

Complaint, Exhibit LL).

72. Admit the allegations in paragraph 72 of the First Amended Complaint.

73. Deny the allegation in paragraph 73 of the First Amended Complaint except admit that plaintiff set the DOJ a letter, dated January 31, 2007, and respectfully refer the Court to plaintiff's letter as the best statement of its contents (First Amended Complaint, Exhibit NN).

74. Deny the allegations in paragraph 74 of the First Amended Complaint except to admit that the DOJ sent plaintiff a letter, dated February 8, 2007, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit OO).

75. Deny the allegations in paragraph 75 of the First Amended Complaint.

76. Deny the allegations in paragraph 76 of the First Amended Complaint except admit that, by letter dated April 26, 2007, the FBI released 231 pages of records (out of 281 responsive pages of records reviewed) to plaintiff (First Amended Complaint, Exhibit QQ).

77. Deny the allegation in paragraph 77 of the First Amended Complaint.

78. Neither admit nor deny the allegation in paragraph 78 of the First Amended Complaint because it constitutes the legal basis for the complaint and/or a conclusion of law as to which no answer is required. To the extent a response is required, defendants deny the allegation in paragraph 78 of the First Amended Complaint.

79. Neither admit nor deny the allegation in paragraph 79 of the First Amended Complaint because it constitutes the legal basis for the complaint and/or a conclusion of law as to which no answer is required. To the extent a response is required, defendants deny the allegation in paragraph 79 of the First Amended Complaint.

FIFTH CAUSE OF ACTION

RECORDS PERTAINING TO NEIL REAGAN, DECEASED

(FBI Headquarters and Los Angeles Field Office No. 1017395,

Washington Field Office (no number assigned), FOIA Appeal No. 05-1850)

80. Admit the allegation in paragraph 80 of the First Amended Complaint.

81. Admit the allegation in paragraph 81 of the First Amended Complaint.

82. Admit the allegations in paragraph 82 of the First Amended Complaint.

1   83. Admit the allegations in paragraph 83 of the First Amended Complaint.

2   84. Deny the allegation in paragraph 84 of the First Amended Complaint except
admit that the FBI sent plaintiff a letter, dated May 26, 2005, and respectfully refer the Court to
defendant's letter as the best statement of its contents (First Amended Complaint, Exhibit VV).

5   85. Deny the allegations in paragraph 85 of the First Amended Complaint except
admit that the DOJ sent plaintiff a letter, dated September 6, 2005, and respectfully refer the
Court to defendant's letter as the best statement of its contents (First Amended Complaint,
Exhibit WW).

9   86. Admit the allegation in paragraph 86 of the First Amended Complaint.

10   87. Admit the allegation in paragraph 87 of the First Amended Complaint.

11   88. Admit the allegation in paragraph 88 of the First Amended Complaint.

12   89. Deny the allegations in paragraph 89 of the First Amended Complaint.

13   90. Deny the allegation in paragraph 90 of the First Amended Complaint except to
admit that the FBI sent plaintiff a letter, dated May 9, 2007, and respectfully refer the Court to
the letter as the best statement of its contents (First Amended Complaint, Exhibit BBB).

16   91. Deny the allegations in paragraph 91 of the First Amended Complaint except
admit that defendants sent a letter to plaintiff, dated September 4, 2007, and respectfully refer the
Court to defendant's letter as the best statement of its contents (First Amended Complaint,
Exhibit CCC).

20   92. Neither admit nor deny the allegation in paragraph 92 of the First Amended
Complaint because it constitutes the legal basis for the complaint and/or a conclusion of law as to
which no answer is required. To the extent a response is required, defendants deny the allegation
in paragraph 92 of the First Amended Complaint.

24   93. Neither admit nor deny the allegation in paragraph 93 of the First Amended
Complaint because it constitutes the legal basis for the complaint and/or a conclusion of law as to
which no answer is required. To the extent a response is required, defendants deny the allegation
in paragraph 93 of the First Amended Complaint.

SIXTH CAUSE OF ACTION

RECORDS PERTAINING TO "80 FILES"

(FBI Request 1049330, Appeal No. 07-0124)

94. Admit the allegations in paragraph 94 of the First Amended Complaint.

95. Deny the allegation in paragraph 95 of the First Amended Complaint except admit that, by letter dated September 25, 2006, the FBI released 94 pages to plaintiff in response to his request.

96. Deny the allegations contained in paragraph 96 of the First Amended Complaint except admit that plaintiff wrote a letter to the DOJ, dated October 15, 2006, and respectfully refer the Court to plaintiff's letter as the best statement of its contents (First Amended Complaint, Exhibit EEE).

97. Deny the allegation in paragraph 97 of the First Amended Complaint except admit that the FBI received a letter from plaintiff, dated October 24, 2006, and respectfully refer the Court to plaintiff's letter as the best statement of its contents (First Amended Complaint, Exhibit FFF).

98. Deny the allegation contained in paragraph 98 of the First Amended Complaint except admit that the DOJ sent plaintiff a letter dated December 18, 2006 and respectfully refer the Court to plaintiff's letter as the best statement of its contents (First Amended Complaint, Exhibit GGG).

99. Deny the allegation in paragraph 99 of the First Amended Complaint except admit that the FBI sent a letter, dated December 21, 2006, to plaintiff and respectfully refer the Court to the FBI's letter as the best statement of its contents (First Amended Complaint, Exhibit HHH).

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the First Amended Complaint.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the First Amended Complaint.

102. Deny the allegations in paragraph 102 of the First Amended Complaint except admit that defendants sent a letter to plaintiff, dated May 9, 2007, and respectfully refer the Court

to the document for a complete and accurate statement of its contents (First Amended Complaint Exhibit KKK).

103. Deny the allegations in paragraph 103 of the First Amended Complaint except admit that, by letter dated July 30, 2007, defendants released 967 out of 1040 pages of documents to plaintiff and respectfully refer the Court to the letter for a complete and accurate statement of its contents (First Amended Complaint, Exhibit LLL).

104. Neither admit nor deny the allegation in paragraph 104 of the First Amended Complaint because it constitutes the legal basis for the complaint and/or a conclusion of law as to which no answer is required. To the extent a response is required, defendants deny the allegation in paragraph 104 of the First Amended Complaint.

105. Neither admit nor deny the allegation in paragraph 105 of the First Amended Complaint because it constitutes the legal basis for the complaint and/or a conclusion of law as to which no answer is required. To the extent a response is required, defendants deny the allegation in paragraph 105 of the First Amended Complaint.

SEVENTH CAUSE OF ACTION

RECORDS PERTAINING TO MOTION PICTURE INDUSTRY COUNCIL

(Appeal No. 07-0126, Request 1050646-000)

RECORDS PERTAINING TO LABOR LEAGUE OF HOLLYWOOD VOTERS

(Appeal No. 07-0125, Request 1050649-001)

RECORDS PERTAINING TO MOTION PICTURE ALLIANCE FOR THE

PRESERVATION OF AMERICAN IDEALS

(Appeal No. Not Assigned, Request 1050648-000)

106. Admit the allegation in paragraph 106 of the First Amended Complaint and respectfully refer the Court to plaintiff's letters as the best statement of their contents (First Amended Complaint, Exhibit MMM) .

107. Deny the allegations in paragraph 107 of the First Amended Complaint.

108. Deny the allegation in paragraph 108 of the First Amended Complaint.

109. Deny the allegation in paragraph 109 of the First Amended Complaint except

admit that the FBI sent a letter to plaintiff, dated June 22, 2006, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit NNN).

110.   Deny the allegation in paragraph 110 of the First Amended Complaint except admit that the FBI sent a letter to plaintiff, dated August 21, 2006, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit OOO).

111.   Deny the allegations in paragraph 111 of the First Amended Complaint except admit that the FBI sent a letter, dated August 21, 2006, to plaintiff and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit PPP).

112.   Deny the allegation in paragraph 112 of the First Amended Complaint except admit that the FBI sent a letter to plaintiff, dated August 28, 2006, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit QQQ).

113.   Deny the allegations in paragraph 113 of the First Amended Complaint except admit that, by letter dated October 16, 2006, plaintiff appealed the FBI's response to his request for records about the Motion Picture Industry Council and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit RRR).

114.   Deny the allegation in paragraph 114 of the First Amended Complaint except admit that, by letter dated October 16, 2006, plaintiff appealed the FBI's response to his request for records about the Motion Picture Industry Council and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit SSS).

115.   Deny the allegation in paragraph 115 of the First Amended Complaint except admit that the DOJ sent plaintiff a letter, dated November 13, 2006, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit TTT).

116.   Deny the allegation in paragraph 116 of the First Amended Complaint except admit that the DOJ sent plaintiff a letter, dated December 16, 2006, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit UUU).

117.   Deny the allegation in paragraph 117 of the First Amended Complaint except admit that the FBI sent plaintiff a letter, dated February 8, 2007, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit VVV).

118. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 except admit that, by letter dated March 13, 2007, the FBI sent two CD-ROMS of records to plaintiff in response to his request for records about the Motion Picture Industry Council.

119. Deny the allegations in paragraph 119 of the First Amended Complaint except admit that, by letter dated March 1, 2007, plaintiff appealed the FBI's response to his request and respectfully refer the Court to the letter for a complete and accurate statement of its contents (First Amended Complaint, Exhibit XXX).

120. Deny the allegations in paragraph 120 of the First Amended Complaint except admit that the FBI, by letter dated April 25, 2007, responded to plaintiff's request and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit YYY) .

121. Deny the allegations in paragraph 121 of the First Amended Complaint except admit that the FBI sent a letter to plaintiff, dated May 9, 2007, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit XXX [sic]).

122. Deny the allegations in paragraph 121 of the First Amended Complaint except admit that the FBI sent a letter to plaintiff, dated August 7, 2007, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit ZZZ).

123. Deny the allegations in paragraph 123 of the First Amended Complaint except admit that, by letter dated September 28, 2007, the FBI released 991 out of 1006 pages of documents responsive to plaintiff's request and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit AAAA).

124. Deny the allegations in paragraph 124 of the First Amended Complaint except admit that the FBI sent a letter to plaintiff, dated May 1, 2007, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit BBBB).

125. Deny the allegations in paragraph 125 of the First Amended Complaint except admit that the FBI sent a letter to plaintiff, dated July 31, 2007, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit CCCC).

126. Deny the allegations in paragraph 126 of the First Amended Complaint except admit that the FBI, by letter dated April 25, 2007, released 49 of 53 pages of records responsive to plaintiff's request.

127. Deny the allegations in paragraph 127 of the First Amended Complaint except admit that the DOJ sent a letter to plaintiff, dated June 29, 2007, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit DDDD).

128. Deny the allegations in paragraph 128 of the First Amended Complaint .

129. Neither admit nor deny the allegation in paragraph 129 of the First Amended Complaint because it constitutes the legal basis for the complaint and/or a conclusion of law as to which no answer is required. To the extent a response is required, defendants deny the allegation in paragraph 129 of the First Amended Complaint.

130. Neither admit nor deny the allegation in paragraph 130 of the First Amended Complaint because it constitutes the legal basis for the complaint and/or a conclusion of law as to which no answer is required. To the extent a response is required, defendants deny the allegation in paragraph 130 of the First Amended Complaint.

## EIGHTH CAUSE OF ACTION

### ADDITIONAL RECORDS PERTAINING TO RONALD W. REAGAN

131. Admit the allegations in paragraph 131 of the First Amended Complaint.

132. Deny the allegation in paragraph 132 of the First Amended Complaint and respectfully refer the Court to plaintiff's requests, dated August 6, 2007, as the best statement of their contents (First Amended Complaint, Exhibit EEEE).

133. Deny the allegations in paragraph 133 of the First Amended Complaint except admit that the FBI sent plaintiff a letter, dated August 14, 2007, and respectfully refer the Court to the letter as the best statement of its contents (First Amended Complaint, Exhibit FFFF).

## PRAYER FOR RELIEF

The balance of the First Amended Complaint constitutes a prayer for relief to which no response is required. To the extent a response is required, defendants deny that plaintiff is entitled to the relief requested.

Any allegation set forth in the First Amended Complaint not heretofore answered is specifically denied.

FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust administrative remedies under the Freedom of Information Act, 5 U.S.C. 522 et seq.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in part, by the applicable statute of limitations.

FOURTH AFFIRMATIVE DEFENSE

The FBI is not the proper party defendant.

WHEREFORE, having fully answered the First Amended Complaint against them, defendants respectfully pray that this Court enter judgment in its favor and against plaintiff, award it costs, and grant such other and further relief as this court deems just and equitable.

Dated: November 30, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

By:   /s/
ELLEN M. FITZGERALD
Assistant United States Attorney