1  DAVID A. GREENE (CSBN 160107)
   First Amendment Project
2  California Building
   1736 Franklin Street, Ninth Floor
3  Oakland, CA  94612
   Telephone:     (510) 208-7744
4  Facsimile:     (510) 208-4562
   E-mail:        dgreene@thefirstamendment.org
5
   Attorneys for Plaintiff
6

7  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
8  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
9  ELLEN M. FITZGERALD (NY 2408805)
   Assistant United States Attorney
10 450 Golden Gate Avenue, 9th Floor
   San Francisco, California 94102-3495
11 Telephone:     (415) 436-7314
   Facsimile:     (415) 436-6748
12 E-mail:        ellen.fitzgerald@usdoj.gov

13 Attorneys for Defendants

14

15                       UNITED STATES DISTRICT COURT

16                      NORTHERN DISTRICT OF CALIFORNIA

17                            SAN FRANCISCO DIVISION

18 SETH ROSENFELD,                    )   No. C 07-3240 MHP
                                      )   (Related: Nos. C 90-3576 MHP, C 85-1709
19              Plaintiff,            )   MHP, and C 85-2247 MHP)
                                      )
20         v.                         )   **JOINT MOTION FOR**
                                      )   **CLARIFICATION OF CIVIL**
21 UNITED STATES DEPARTMENT OF        )   **PRETRIAL MINUTES AND**
   JUSTICE, and UNITED STATES         )   **STIPULATION TO MODIFY**
22 FEDERAL BUREAU OF                  )   **BRIEFING SCHEDULE**
   INVESTIGATION,                     )   **[AND PROPOSED ORDER]**
23                                    )
                Defendants.           )
24 _____  )

25         Plaintiff, Seth Rosenfeld, and defendants, the United States Department of Justice and the

26 Federal Bureau of Investigation ("defendants"), by and through their undersigned counsel,

27 hereby jointly move pursuant to Rules 6-2 and 7-12 of the Civil Local Rules for the United

28
   JOINT MOTION FOR CLARIFICATION OF CIVIL PRETRIAL MINUTES AND STIPULATION
   TO MODIFY BRIEFING SCHEDULE [AND PROPOSED ORDER]
   No. C 07-03240 MHP

States District Court for the Northern District of California for clarification of the Civil Pretrial Minutes, filed on February 26, 2008 ("Civil Pretrial Minutes"), and stipulate and jointly move for a modification of the schedule for the filing of cross-motions for summary judgment.

This is an action arising under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). By his complaint, plaintiff, Seth Rosenfeld, alleges that defendants have improperly withheld records responsive to certain specified FOIA requests. The FOIA requests, dated from July 2004 to October 2006, seek the production of any and all records concerning the following subjects: former President Ronald Reagan, Herbert Ellingwood, Alex Sherriffs, Roy M. Brewer, Neil Reagan, the "80" Files, the Motion Picture Industry Council, the Labor League of Hollywood Voters, and the Motion Picture Alliance for the Preservation of American Ideals.

I. Clarification of the Contents of the Civil Pretrial Minutes

At the case management conference on February 25, 2008, the Court directed defendants to complete the processing of all records responsive to plaintiff's requests and release the records on or before April 11, 2008.

The Civil Pretrial Minutes filed after the Case Management Conference provide, in pertinent part, as follows:

> Underlying claims discussed; Plaintiff to provide rule 26 disclosures not later than 4/11/2008; Vaughn index to be provided not later than 4/28/2008; . . .

The parties agree that the Minutes erroneously indicate "Plaintiff" instead of "Defendant." The parties also agree that at the hearing, the Court ordered Defendants to complete the processing of all records responsive to Plaintiff's requests and release the records on or before April 11, 2008, and to release the Vaughn index by April 28, 2008.

However, the parties disagree as to what the Court meant by "rule 26 disclosures."

Plaintiff's counsel stated at the Conference that plaintiff's summary judgment motion was likely to focus on the adequacy of defendant's searches for responsive records; the search slips produced by defendants during the course of the searches thus would be a required disclosure pursuant to Rule 26 of the Federal Rule of Civil Procedure. Plaintiff maintains that the Court agreed with this assertion and directed Defendants to produce the search slips. Plaintiff

1  thus maintains that the Civil Trial Minutes should read: "Defendants to provide rule 26
2  disclosures (i.e., the search slips) and all records responsive to Plaintiff's FOIA requests by April
3  11, 2008."
4      Defendants state that they objected to the production of the search slips because they
5  were created after the date defendants' search for records began, and thus they are not responsive
6  to plaintiff's requests. See 28 C.F.R. § 16.4(a) (providing notice of the "date-of-search cut-off"
7  that the Justice Department uses).
8      Defendants further state that discovery in this action should take place, if at all, only after
9  defendants have moved for summary judgment and submitted affidavits and a memorandum of
10 law, which will contain evidentiary proof. See, e.g., Miscavige v. IRS, 2 F.3d 366, 369 (11th
11 Cir. 1993)(discovery inappropriate until government has had chance to provide court with
12 information necessary to make decision); Simmons v. U.S. Dep't of Justice, 766 F.2d 709, 711-
13 12 (4th Cir. 1986)(approving district court's decision denying discovery because agency
14 affidavit filed with summary judgment motion made need for discovery "moot").  Discovery is
15 the exception in FOIA actions. Wheeler v. CIA, 271 F.Supp.2d 132, 139 (D.D.C.
16 3003)("Discovery is generally unavailable in FOIA actions.").
17     Plaintiff responds that he is only seeking the disclosures required by Rule 26(a), not, at
18 this time, the discovery pursuant to Rule 26(b). Nor does Plaintiff maintain, for the purposes of
19 this proceeding, that the search slips are themselves responsive to his FOIA requests, although
20 Plaintiff does not waive his right to have that issue adjudicated, if necessary, in a future
21 proceeding. The search slips are, however, as stated at the Case Management Conference,
22 required disclosures pursuant to Rule 26(a).
23     The parties jointly seek clarification from the Court of the contents of the Civil Pretrial
24 Minutes.
25 ///
26 ///
27 ///
28

JOINT MOTION FOR CLARIFICATION OF CIVIL PRETRIAL MINUTES AND STIPULATION
TO MODIFY BRIEFING SCHEDULE [AND PROPOSED ORDER]
No. C 07-03240 MHP                                         3

II.     Stipulation to Modify the Schedule for Filing of Cross-Motions for Summary Judgment

Because of the amount of responsive records (approximately 4,449 pages), the requirements of the Ninth Circuit's detailed narrative Vaughn index (which make preparation of the index an exceedingly time-consuming task), and defendants' current resource constraints (defendants have, at most,13 employees who are sufficiently trained and skilled to be able to prepare the Vaughn index while also addressing over 100 other active FOIA or Privacy Act actions nationwide), it is physically impossible for defendants to prepare a complete narrative Vaughn index on or before the Court's April 28, 2008 deadline.

As an alternative, the parties jointly propose the following: they will file cross-motions for summary judgment on all issues *except* the issue of the applicability of the asserted FOIA exemptions on or before June 2, 2008, in accordance with the Court's order. The provision of the Vaughn index and summary adjudication of the exemption issues would thus be preserved for later dates to be determined after the Court issues its ruling on the initial cross-motions for summary judgment. This proposed arrangement will ensure a more complete Vaughn index: an index prepared after the Court issues its decision on the cross-motions might include records produced as a result of the Court's ruling.

The parties therefore stipulate and jointly request that the deadline by which defendants will provide a narrative Vaughn index be re-set after the parties have filed their cross-motions for summary judgment on all disputed issues except exemption issues, and the Court has issued its decision with respect to the cross-motions.

///
///
///
///
///
///
///

JOINT MOTION FOR CLARIFICATION OF CIVIL PRETRIAL MINUTES AND STIPULATION
TO MODIFY BRIEFING SCHEDULE [AND PROPOSED ORDER]
No. C 07-03240 MHP                                   4

For the foregoing reasons, the parties respectfully request that the Court clarify the content of the Civil Pretrial Minutes and grant the parties stipulation and joint motion to modify the schedule for filing of summary judgment motions.

Dated: April 7, 2008

                                    Respectfully submitted,

                                    FIRST AMENDMENT PROJECT

By:        /s/
      DAVID A. GREENE
      Attorney for Plaintiff

      JOSEPH P. RUSSONIELLO
      United States Attorney

By:       /s/
      ELLEN M. FITZGERALD
      Assistant United States Attorney
      Attorney for Defendants

[PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED. The parties will serve cross-motions for summary judgment on all issues except for the issue of the applicability of asserted exemptions to FOIA on or before June 2, 2008.

The Civil Pretrial Minutes, filed on February 26, 2008, are hereby changed to reflect the following order of this Court:

Dated: April ___, 2008                              _____
                                                    HON. MARILYN HALL PATEL
                                                    United States District Judge

JOINT MOTION FOR CLARIFICATION OF CIVIL PRETRIAL MINUTES AND STIPULATION
TO MODIFY BRIEFING SCHEDULE [AND PROPOSED ORDER]
No. C 07-03240 MHP                                  6