1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  ELLEN M. FITZGERALD (NY 2408805)
   Assistant United States Attorney
4  450 Golden Gate Avenue, 9th Floor
   San Francisco, California 94102-3495
5  Telephone: (415) 436-7314
   Facsimile: (415) 436-6748
6  Email: ellen.fitzgerald@usdoj.gov

7  Attorneys for Defendants

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11 SETH ROSENFELD,                    )  No. C 90-3576 MHP; No. C 85-1709 MHP
                                       )  No. C 85-2247 MHP; No. C 07-3240 MHP
12                    Plaintiff,       )
                                       )  **DEFENDANTS' NOTICE OF MOTION**
13              v.                     )  **AND MOTION FOR PARTIAL**
                                       )  **SUMMARY JUDGMENT;**
14 UNITED STATES DEPARTMENT OF         )  **MEMORANDUM OF LAW**
   JUSTICE, and UNITED STATES          )  **IN SUPPORT THEREOF**
15 FEDERAL BUREAU OF                   )
   INVESTIGATION,                      )  Hearing Date: June 30, 2008
16                                     )  Time:        2:00 p.m.
                      Defendants.      )  Courtroom:   11, 19th Floor
17 _____    )

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF LAW IN SUPPORT THEREOF
C 07-03240 MHP

1

## TABLE OF CONTENTS

MEMORANDUM OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.     Plaintiff's FOIA Requests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

           A.     Request for Ronald Reagan Records (First Cause of Action) . . . . . . . . . 3

           B.     Request for Herbert Ellingwood Records . . . . . . . . . . . . . . . . . . . . . . . . 4

           C.     Request for Alexander C. Sheriffs Records . . . . . . . . . . . . . . . . . . . . . . . 5

           D.     Request for Roy Brewer Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

           E.     Request for Neil Reagan Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

           F.     Request for "80" Files Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

           G.     Records Pertaining to Motion Picture Industry Council . . . . . . . . . . . . . 8

           H.     Records Pertaining to Labor League of Hollywood Voters . . . . . . . . . . . 8

           I.      Records Pertaining to Motion Picture Alliance for the
                Preservation of American Ideals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

           J.     Records Pertaining to Ronald Reagan (Eighth Cause of Action) . . . . . . 9

    II.    The FBI's Search For, and Processing Of, Responsive Records . . . . . . . . . . . . 10

           A.     The FBI's System of Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

           B.     The FBI's Search for Responsive Records . . . . . . . . . . . . . . . . . . . . . . . 11

           C.     The FBI's Review of Responsive Records . . . . . . . . . . . . . . . . . . . . . . . 12

    III.    Procedural History to Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

I.     FOIA AND THE SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . . . . . . . . 13

    II.    PLAINTIFF'S REQUEST FOR RONALD REAGAN RECORDS IS
         TIME-BARRED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    III.    ROSENFELD FAILED TO EXHAUST THE REQUESTS FOR ROY
         BREWER AND LABOR LEAGUE OF HOLLYWOOD VOTERS
         RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IV.    THE FBI CONDUCTED A REASONABLE SEARCH FOR RESPONSIVE
         RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

1

## TABLE OF AUTHORITIES

2

FEDERAL CASES

3

4

Aftergood v. CIA,
   225 F. Supp. 2d 27 (D.D.C. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

5

Anderson v. Liberty Lobby,
   477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

6

CIA v. Sims,
   471 U.S. 159 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

7

Capital Tracing, Inc. v. United States,
   63 F.3d 859 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

8

9

Celotex Corp. v. Catrett,
   477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

10

Department of the Air Force v. Rose,
   425 U.S. 352 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

11

12

Ground Saucer Watch, Inc. v. CIA,
   692 F.2d 770 (D.C.Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

13

Hale v. Department of Justice,
   973 F.2d 894 (10th Cir. 1992), vacated on other grounds, 509 U.S. 918 (1993)  . . . . . .  13

14

15

Hymen v. Merit Systems Protection Board,
   799 F.2d 1421 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

16

John Doe Agency v. John Doe Corp.,
   493 U.S. 146 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

17

18

Judicial Watch v. U.S. Department of Justice,
   306 F. Supp. 2d 58 (D. D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

19

Miscavige v. IRS,
   2 F.3d 366 (11th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

20

21

Nation Magazine v. U.S. Customs Service,
   71 F.3d 885 (D.C.Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

22

Oglesby v. Department of the Army,
   920 F.2d 57 (D.C. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15, 16

23

24

Peck v. CIA,
   787 F. Supp. 63 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

25

Schwarz v. Department of Treasury,
   131 F. Supp. 2d 142 (D. D.C. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

26

27

28

Spannaus v. Department of Justice,
  824 F.2d 52 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

Steinberg v. U.S. Department Of Justice,
  23 F.3d 548 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

T.W. Electric Serv., Inc. v. Pacific Electric Contractors Association,
  809 F.2d 626 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

United States v. Steele,
  799 F.2d 461 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

Weisberg v. U.S. Department Of Justice,
  745 F.2d 1476 (D.C. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Wilbur v. CIA,
  355 F.3d 675 (D.C. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

Zemansky v. EPA,
  767 F.2d 569 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

**FEDERAL STATUTES**

5 U.S.C. § 552 et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  passim

5 U.S.C. §§ 552 (b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  passim

28 U.S.C. § 2401(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

**FEDERAL RULES**

Fed. R. Civ. P. 56(c) and (e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

1  NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

2  PLEASE TAKE NOTICE that, upon the annexed declaration of David M. Hardy, dated

3  June 2, 2008, and the exhibits thereto, the following memorandum of law, and all the prior

4  pleadings and proceedings held herein, defendants, by and through her undersigned counsel, will

5  move this Court on June 30, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard,

6  for an order of partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil

7  Procedure and the order of this Court, dated May 6, 2008, by which the parties were to serve

8  cross-motions for summary judgment on all issues except for the issue of the applicability of

9  asserted exemptions to FOIA on or before June 2, 2008.

10  ### MEMORANDUM OF LAW

11  ### PRELIMINARY STATEMENT

12  Plaintiff, Seth Rosenfeld, brings this action under the Freedom of Information Act

13  ("FOIA"), 5 U.S.C. § 522 et seq. By his complaint, plaintiff alleges that defendants have

14  improperly withheld records responsive to his FOIA requests for agency records pertaining to the

15  movie industry in Hollywood in the 1960s and 1970s. Specifically, Mr. Rosenfeld's 27 FOIA

16  requests, dated from July 2004 to October 2006, seek the production of records related to nine

17  subjects: former President Ronald Reagan, Herbert Ellingwood, Alex Sherriffs, Roy M. Brewer,

18  Neil Reagan, the "80" Files, the Motion Picture Industry Council, the Labor League of

19  Hollywood Voters, and the Motion Picture Alliance for the Preservation of American Ideals.

20  As set forth below, defendants are entitled to summary judgment as a matter of law with

21  respect to one of plaintiff's FOIA requests for records pertaining to Ronald Reagan because the

22  request is barred by the applicable statute of limitations. Defendants are also entitled to summary

23  dismissal of plaintiff's FOIA requests for records pertaining to Roy Brewer and the Labor League

24  of Hollywood Voters because plaintiff failed to exhaust his administrative remedies. Finally,

25  defendants are entitled to summary judgment because they have established, by detailed

26  declaration, that the search they conducted for records responsive to plaintiff's remaining FOIA

27  request was reasonable.

28

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF LAW IN SUPPORT THEREOF
C 07-03240 MHP                    2

1

## FACTUAL AND PROCEDURAL BACKGROUND

2       I.      Plaintiff's FOIA Requests

3               This subject of this action is a series of 27 FOIA requests filed by plaintiff through which

4       he sought access to FBI records pertaining to nine different individuals and organizations.

5       Specifically, plaintiff's requests records pertaining to former President Ronald Reagan; Herbert

6       Ellingwood (the former deputy general counsel to Ronald Reagan); Alex Sherriffs (a Vice

7       Chancellor at Berkeley in the 1960s who became the State Education Advisor for then-Governor

8       Ronald Reagan);[1] Roy Brewer (who headed the Hollywood branch of the movie industry's

9       leading union of stage hands during the blacklist era, and was also the co-chairman with Ronald

10      Reagan of the Screen Actors Guild); Neil Reagan (brother of Ronald Reagan and Hollywood

11      agent); ten "80" files (files related to "Public Relations Matters"); the Motion Picture Industry

12      Council; the Labor League of Hollywood Voters; and the Motion Picture Alliance for the

13      Preservation of American Ideals. The scope of plaintiff's requests include main files, all see

14      references, "Do Not File" files, channelized records, and search slips, including search slips used

15      to process these requests, ELSUR records, Official and Confidential files, Official and Personal

16      Files, JUNE Files, index cards, records that are or were maintained in SAC safes, and bulky

17      exhibits. Moreover, Mr. Rosenfeld's requests have been directed not only to FBIHQ, but to the

18      Los Angeles, Sacramento, San Francisco, San Diego, and Washington Field Offices.

19      A.      Request for Ronald Reagan Records (First Cause of Action)

20              As part of the settlement of an earlier FOIA lawsuit by Rosenfeld, the FBI and Rosenfeld

21      agreed to treat Rosenfeld's request for various records relating to Ronald Reagan as a new FOIA

22

23              [1] Mr. Rosenfeld's request for access to FBI documents concerning Ronald W. Reagan
        located at FBIHQ, San Francisco, Los Angeles, Sacramento, San Diego and Washington Field
24      Offices, through January 1, 1979, straddles both the prior consolidated cases as well as this new
        case. Mr. Rosenfeld's attempt to fold challenges to this request into the prior Settlement
25      Agreement were rejected by Magistrate Judge LaPorte at a December 2006 hearing, and
        Mr. Rosenfeld has included challenges to the FBI's document releases concerning Ronald
26      Reagan in the context of this new lawsuit. To date, the FBI has processed and released
        approximately 2,786 pages related to Ronald W. Reagan, including a response to plaintiff's
27      March 2, 1998 request for the FBI's search slips generated in responding to this request.
28

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF LAW IN SUPPORT THEREOF
C 07-03240 MHP                    3

request that would be addressed separately from any earlier litigation.[2]  Declaration of David

Hardy, dated June 2, 2008 ("Hardy Decl. ___") ¶ 6; First Amended Complaint at ¶ 18.  The FBI

released 1,935 pages of responsive records to Rosenfeld by letter dated May 2, 1996, and an

additional 851 pages of responsive records by letter dated February 27, 1997. Id. at ¶ 22.  This

latter letter stated that the enclosed document production completed the FBI's response to

Rosenfeld's request. Id.

Rosenfeld appealed the FBI's FOIA response in two appeal letters dated July 28, 1997

and September 25, 1997.  Hardy Decl. ¶¶ 8, 9.  The FBI later released one additional page to

Rosenfeld. Id. at ¶ 10.

B.    Request for Herbert Ellingwood Records

By six separate letters dated May 8, 2006, plaintiff submitted FOIA/Privacy Act

requests to FBIHQ, the Los Angeles Field Office ("LAFO"), the Sacramento Field Office

("SFO"), the San Francisco Field Office ("SFFO"), the San Diego Field Office ("SDFO"), and

the Washington Field Office ("WFO"), seeking access to any and all records including but not

limited to all main files, all see references, "Do Not File" files, channelized records, search slips -

including search slips used to process this request, ELSUR records, index cards, records that are

or were maintained in SAC safes, and bulky exhibits concerning Herbert Ellingwood.  Hardy

Decl. ¶ 22.

Defendant acknowledged receipt of plaintiff's requests and, by letter dated July 19, 2006,

FBIHQ advised plaintiff that approximately 530 pages of responsive material had been located.

Hardy Decl. ¶ 27. Plaintiff appealed. Hardy Decl. ¶ 28.  By letter dated June 27, 2007, FBIHQ

made an interim release of 46 out of 46 pages reviewed to plaintiff.  Plaintiff was advised that

certain information was withheld pursuant to FOIA Exemptions 2, 6, and 7(C), 5 U.S.C. §§ 552

(b)(2), (b)(6) and (b)(7)(C). Hardy Decl. ¶ 34.  By letter dated November 13, 2007, FBIHQ made

---

[2]  Plaintiff's First Amended Complaint contains two causes of action for FOIA requests
for records relating to Ronald Reagan.  The First Cause of Action concerns requests made prior
to the settlement of a prior lawsuit by plaintiff. Hardy Decl. ¶ 5.  The Eighth Cause of Action
pertains to another set of requests, dated August 7, 2007, for records about Ronald Reagan.

1    another interim release of 1319 pages out of 1489 pages reviewed to plaintiff. Plaintiff was

2    advised that certain information was withheld pursuant to FOIA Exemptions 2, 3, 6, 7(C) and

3    7(D), 5 U.S.C. §§ 552 (b)(2), (b)(3), (b)(6), (b)(7)(C) and (b)(7)(D).Hardy Decl. ¶ 36. By letter

4    dated April 4, 2008, FBIHQ made a final release of 16 pages out of 16 pages reviewed to

5    plaintiff. Plaintiff was advised that certain information was withheld pursuant to FOIA

6    Exemptions 6 and 7(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). Hardy Decl. ¶ 38.

7    C.    Request for Alexander C. Sheriffs Records

8        By two separate letters dated July 8, 2004, plaintiff submitted FOIA/Privacy Act

9    requests to FBIHQ and SFFO, seeking access to any and all records including but not limited to

10   main files, see references, ELSUR, Official and Confidential files, Official and Personal Files,

11   JUNE Files and "Do Not File" files concerning Alexander C. Sherriffs. Hardy Decl. ¶ 39.

12   Defendants acknowledged receipt of plaintiff's requests, and by letter dated August 11, 2004,

13   FBIHQ advised plaintiff that no records pertinent to his request were located by a search of the

14   automated and manual indices. Hardy Decl. ¶ 41. Plaintiff appealed. Hardy Decl. ¶ 43. By

15   letter dated July 16, 2007, defendants advised plaintiff that his appeal would be closed

16   because the request was the subject of litigation. Hardy Decl. ¶ 50.

17       By letter dated April 1, 2008, defendants made a release of 22 pages out of 22 pages

18   reviewed to plaintiff. Defendants further advised plaintiff that certain information was withheld

19   pursuant to FOIA Exemptions 2, 6, 7(C) and 7(D). 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C) and

20   (b)(7)(D). Hardy Decl. ¶ 51.

21   D.    Request for Roy Brewer Records

22       On October 13, 2006, Rosenfeld made three FOIA requests to the FBI for records relating

23   to Roy Brewer. First Amended Complaint at ¶ 70. When Rosenfeld had not received a response

24   from the FBI by January 31, 2007, Rosenfeld filed an appeal with the FBI. Id. at ¶ 73. Rosenfeld

25   filed a second appeal on March 1, 2007. Id. at ¶ 75.

26       On April 26, 2007, the FBI released 231 pages of records to Rosenfeld. First Amended

27   Complaint at ¶ 76 and Exhibit QQ. Rosenfeld did not appeal this response. Hardy Decl. at ¶ 59.

28

1    By letter dated April 2, 2008, FBIHQ made another interim release of 290 pages out of
2    292 pages reviewed to plaintiff. Plaintiff was advised that certain information was withheld
3    pursuant to FOIA Exemptions 2, 6, 7(C), 7(D) and 7(E), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C),
4    (b)(7)(D) and (b)(7)(E). Hardy Decl. ¶ 61.

5    By letter dated April 10, 2008, FBIHQ made a final release of 130 pages out of
6    219 pages reviewed to plaintiff. Hardy Decl. ¶ 62. Plaintiff was advised that certain information
7    was withheld pursuant to FOIA Exemptions 1, 2, 3, 6, 7(C), 7(D) and 7(E), 5 U.S.C. §§ 552
8    (b)(1), (b)(2),  (b)(3), (b)(6), (b)(7)(C), (b)(7)(D)and (b)(7)(E). Hardy Decl. ¶ 62. Plaintiff did
9    not appeal this response. Hardy Decl. ¶ 63.

10   E.    Request for Neil Reagan Records

11   By three separate letters dated March 23, 2005, plaintiff submitted a FOIA/Privacy Act
12   request to FBIHQ, WFO, and LAFO, seeking access to any and all records including but not
13   limited to main files, all see references, "Do Not File" files, channelized records, search slips –
14   including search slips used to process his request, ELSUR records, index cards, records that are
15   or were maintained in SAC safes, and bulky exhibits concerning Neil Reagan. Hardy Decl. ¶ 64.

16   By letter dated May 26, 2005, FBIHQ advised plaintiff that no records pertinent to
17   his request were located by a search of the automated and manual indices either at FBIHQ,
18   LAFO, or WFO. Hardy Decl. ¶ 69. Plaintiff appealed. Hardy Decl. ¶ 70.

19   By letter dated February 28, 2006, FBIHQ released 3 pages out of 3 pages
20   reviewed in response to plaintiff's request. Plaintiff was advised that certain information was
21   withheld pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). Hardy
22   Decl. ¶ 76. By letter dated February 8, 2007, FBIHQ advised plaintiff that a search of the
23   central records system for the requested information was being conducted. Hardy Decl. ¶ 78.

24   By letter dated September 4, 2007, FBIHQ released 88 pages out of 88 pages
25   reviewed in response to plaintiff's request. Plaintiff was advised that certain information was
26   withheld pursuant to FOIA Exemptions 2, 6, 7(C), and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6),
27   (b)(7)(C), and (b)(7)(D). Hardy Decl. ¶ 82. By letter dated March 27, 2008, FBIHQ made a final

28

release of 9 pages out of 9 pages reviewed to plaintiff. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C) and (b)(7)(D). Hardy Decl. ¶ 83.

F.    Request for "80" Files Records

By letters dated April 28, 2006 and May 8, 2006 respectively, plaintiff submitted FOIA/Privacy Act requests to FBIHQ and SFFO, seeking access to any and all records including but not limited to all main files, all see references, "Do Not File" files, channelized records, search slips - including search slips used to process this request, ELSUR records, index cards, and records that are or were maintained in SAC safes concerning the following Sacramento "80" classification main files: 80-130, 80-131, 80-132, 80-134, 80-135, 80-136, 80-137, 80-138, 80-139, and 80-140. Hardy Decl. ¶ 84. By letter dated September 25, 2006, FBIHQ released 94 pages out of 94 pages reviewed in response to plaintiff's request. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). Hardy Decl. ¶ 86. Plaintiff appealed. Hardy Decl. ¶ 87.

By letter dated December 21, 2006, FBIHQ acknowledged receipt of plaintiff's FOIA/Privacy Act request to FBIHQ and advised plaintiff that a search of the central records system for the requested information was being conducted. Hardy Decl. ¶ 90. By letter dated July 30, 2007, FBIHQ made a interim release of 967 pages out of 1040 pages reviewed to plaintiff. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C) and (b)(7)(D). Hardy Decl. ¶ 94. Plaintiff again appealed. Hardy Decl. ¶ 95.

By letter dated November 14, 2007, FBIHQ made a final release of 17 pages out of 21 pages reviewed to plaintiff. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(6), (b)(7)(C) and (b)(7)(D). Hardy Decl. ¶ 98.

//

//

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF
C 07-03240 MHP                                7

1  G.    Records Pertaining to Motion Picture Industry Council

2        By two separate letters dated June 14, 2006, plaintiff submitted a FOIA/Privacy

3  Act request to FBIHQ and LAFO, seeking access to any and all records including but not limited

4  to all main files, all see references, "Do Not File" files, channelized records, search slips -

5  including search slips used to process this request, ELSUR records, index cards, records that are

6  or were maintained in SAC safes, and bulky exhibits concerning Motion Picture Industry

7  Council. Hardy Decl. ¶ 100. By letter dated August 21, 2006, FBIHQ advised plaintiff that no

8  records pertinent to his request were located by a search of the automated and manual indices at

9  FBIHQ or LAFO. Hardy Decl. ¶ 102. Plaintiff appealed. Hardy Decl. ¶ 103.

10       By letter dated February 8, 2007, FBIHQ informed plaintiff that a search of the

11  indices in the central records system for responsive records was being conducted. Hardy

12  Decl. ¶ 107. By letter dated March 13, 2007, FBIHQ released two CDs to the plaintiff. Hardy

13  Decl. ¶ 109. By letter dated February 28, 2008, FBIHQ made a release of 1018 pages out of

14  1024 pages reviewed to plaintiff.. Plaintiff was advised that certain information was withheld

15  pursuant to FOIA Exemptions 1, 2, 3, 6, 7(C), 7(D) and 7(E), 5 U.S.C. §§ 552 (b)(1), (b)(2),

16  (b)(3), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E). Hardy Decl. ¶ 115.

17  H.    Records Pertaining to Labor League of Hollywood Voters

18       On June 14, 2006, Rosenfeld made a FOIA request to the FBI for records relating to the

19  Labor League of Hollywood Voters. Complaint at ¶97. The FBI initially responded to this

20  request on August 28, 2006, stating that it could find no responsive records. Id. at ¶103.

21  Rosenfeld appealed this determination on October 16, 2006, and on December 19, 2006, the FBI

22  remanded the case for further investigation into the existence of responsive records. Id. at

23  ¶¶ 106-07.

24       On April 25, 2007, the FBI provided Rosenfeld with 49 pages of responsive records

25  concerning the Labor League of Hollywood Voters. Id. at ¶ 125. Rosenfeld did not appeal this

26  response. Hardy Decl. at ¶ 126. Plaintiff did not appeal defendants' response. Hardy Decl.

27  ¶ 127.

28

I.   Records Pertaining to Motion Picture Alliance for the Preservation of American Ideals

By two separate letters dated June 14, 2006, plaintiff submitted a FOIA/Privacy Act request to FBIHQ and LAFO, seeking access to any and all records including but not limited to all main files, all see references, "Do Not File" files, channelized records, search slips - including search slips used to process this request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits concerning the Motion Picture Alliance for the Preservation of American Ideals. Hardy Decl. ¶ 128.

By letter dated September 28, 2007, FBIHQ made a release of 991 pages out of 1006 pages reviewed to plaintiff. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 3, 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(3), (b)(6), (b)(7)(C) and (b)(7)(D). Hardy Decl. ¶ 137.

J.   Records Pertaining to Ronald Reagan (Eighth Cause of Action)

By six separate letters dated August 6, 2007, plaintiff submitted a FOIA/Privacy Act request to FBIHQ, LAFO, SFO, SFFO, SDFO, and WFO, seeking access to any and all records including but not limited to all main files, see references, search slips - including search slips used to process this request, index cards, abstract records, and copies of duplicate records that are distinguished by substantive administrative markings, including but not limited to any hand written notations on the document concerning Ronald Reagan that have not been previously released to plaintiff. Hardy Decl. ¶ 139.

By letter dated April 11, 2008, FBIHQ released 35 pages out of 35 pages reviewed in response to plaintiff's request. Hardy Decl. ¶ 142. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C), and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C), and (b)(7)(D). Id. ¶ 142. Plaintiff was also advised that the manual and automated indices at FBIHQ, LAFO, SFO, SFFO, SDFO, and WFO were re-checked in an effort to find any additional records identifiable with Ronald Reagan and that other than the enclosed documents, no additional records were located that were found to be responsive to his request. Id. ¶ 142.

1    II.    The FBI's Search For, and Processing Of, Responsive Records

2    A.    The FBI's System of Records

3        The FBI maintains records, including administrative, applicant, criminal, personnel and

4    other documents complied for law enforcement purposes, in its Central Records System

5    ("CRS"). Hardy Decl. ¶ 144. The CRS consists of a numerical sequence of files, called FBI

6    "classifications," which are broken down according to subject matter. Id. The subject matter of a

7    file may relate to an individual, organization, company, publication, activity, or foreign

8    intelligence matter (or program). Id. Some CRS records are located at FBIHQ, and other records

9    that are pertinent to specific FBI field offices are maintained in those field offices. Id.

10        The FBI uses an Automated Case Support System ("ACS") to retrieve data from all Field

11    Offices, Legal Attaches ("Legats") and FBIHQ. Because the CRS cannot query the case files it

12    contains for data, the FBI has converted and duplicated information and moved from CRS to the

13    ACS so that searches can be performed. Hardy Decl. ¶ 145. The ACS contains General Indices

14    which are arranged in alphabetical order; an entry in the General Indices is either a "main" entry

15    or a "reference" entry. Hardy Decl. ¶ 146.

16        The ACS has three separate automated applications that support the FBI's management of

17    all investigative and administrative cases: Investigative Case Management ("ICM"), which

18    allows the FBI to open, assign, and track leads; Electronic Case File ("ECF"), which serves as

19    the central electronic repository for the FBI's official text-based documents; and Universal Index,

20    which provides a complete subject/case index to all investigative and administrative cases.

21    Hardy Decl. ¶ 148. UNI, an index of approximately 98.9 million records, functions to index

22    names to cases, and to search names and cases for use in FBI investigations. Id. ¶ 148 (c). Names

23    of individuals or organizations are recorded with identifying applicable information such as date

24    or place of birth, race, sex, locality, Social Security number, address, and/or date of event. Id.

25    ¶ 148(c). The FBI does not index every name in its files; rather, it indexes only that information

26    considered to be pertinent, relevant, or essential for future retrieval. Id. ¶ 149. The General

27    Indices to the CRS files are the means by which the FBI can determine what retrievable

28

1    information, if any, the FBI may have in its CRS files on a particular subject matter or individual,

2    issued within a specified time frame.

3    B.    The FBI's Search for Responsive Records

4        The FBI initiated a CRS search for records responsive to each of the plaintiff's

5    requests on the following dates: Ronald Reagan (Eighth Cause of Action)(September 11, 2007);

6    Herbert Ellingwood (June 1, 2006); Alex Sherriffs (July 22, 2004); Roy M. Brewer (November

7    17, 2006); Neil Reagan (April 15, 2005); Sacramento "80" Files (August 25, 2006); Motion

8    Picture Industry Council (August 11, 2006); Labor League of Hollywood Voters (August 11,

9    2006); and Motion Picture Alliance for the Preservation of American Ideals (August 11, 2006).

10   Hardy Decl. ¶ 151. The FBI used the following search terms to conduct the searches: "Ronald W

11   Reagan", "Ronald Reagan", "Reagan, Ronald", "Ronald, Ronald, W", "Reagan, R, W", "Reagan,

12   R,", "Herbert Ellingwood", "Ellingwood, H", "Ellingwood, Herbert", "Alex Sherriffs",

13   "Sherriffs, Alex", Sherriffs, A", "Roy M Brewer", "Roy Brewer", "Brewer, Roy", "Brewer, Roy,

14   M", "Brewer, R, M", "Brewer, R", "Neil Reagan", "Reagan, Neil", "Reagan, N", "Sacramento

15   "80" Files", "Motion Picture Industry Council", "Labor League of Hollywood Voters", or

16   "Motion Picture Alliance for the Preservation of American Ideals." This search identified both

17   main files and cross-references. Id.

18       The FBI also conducted manual searches on the following subject matters or individuals

19   in specific field offices, at the FBI's Alexandria Records Center ("ARC"), or at the Pocatello

20   Information Technology Center ("PITC") to locate records responsive to plaintiff's requests:

21   •    Ronald Reagan:    San Diego (SD), Sacramento (SC), PITC, Washington    Field
22                          Office (WFO), Los Angeles (LA), San Francisco (SF), FBIHQ,
                            and the ARC

23   •    Herbert Ellingwood:    SD, SF, WFO, LA, FBIHQ, and the ARC

24   •    Alex Sherriffs:    SF

25   •    Roy Brewer:    LA, WFO

26   •    Neil Reagan:    LA, WFO, ARC

27   •    Sacramento "80" Files:    SF

28

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF LAW IN SUPPORT THEREOF
C 07-03240 MHP                          11

- •     Motion Picture Industry Council:     LA, FBIHQ, ARC
- •     Labor League of Hollywood Voters: LA, FBIHQ, ARC
- •     Motion Picture Alliance for the
  Preservation of American Ideals:     LA, HQ

C.     The FBI's Review of Responsive Records

      The FBI's search located an aggregate of 22,373 pages of records responsive to plaintiff's requests. The FBI conducted a document-by-document review of the records and determined that some records would be released in full; some records would be released in part because they contained information exempt from disclosure and some records would be withheld in their entirety because they were exempt from disclosure under FOIA. The FBI has produced the non-exempt records to plaintiff. At a later date and in accordance with this Court's order, the FBI will submit a <u>Vaughn</u> declaration which will address in detail the nature of the records located and will explain each of the exemptions invoked to withhold certain records. Hardy Decl. ¶ 152.

III.     Procedural History to Date

      On or about June 19, 2007, plaintiff filed this action against the FBI[3] and DOJ, seeking documents relating to nine subjects: former President Ronald Reagan, Herbert Ellingwood, Alex Sherriffs, Roy M. Brewer, Neil Reagan, the "80" Files, the Motion Picture Industry Council, the Labor League of Hollywood Voters, and the Motion Picture Alliance for the Preservation of American Ideals. On or about July 20, 2007, defendants filed an administrative motion, seeking leave to file an early motion to dismiss certain of plaintiff's claims. This Court granted defendants' motion on or about September 26, 2007, and, on or about October 1, 2007, defendants filed a motion to dismiss certain  Instead of opposing defendants' motion, plaintiff filed a first amended complaint on or about October 22, 2007.

      The parties appeared before this Court for a case management conference on February 25, 2008. In the Civil Pretrial Minutes entered after the case management conference, this Court

---

[3] The FBI is not a proper defendant under FOIA, which only permits suits against "agencies." See 5 U.S.C. § 552(a)(4)(B). The FBI is a component of DOJ, the only appropriate defendant to this action.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF LAW IN SUPPORT THEREOF
C 07-03240 MHP               12

ordered defendants to produce a narrative <u>Vaughn</u> index on or before April 28, 2008.  The Court further ordered that the parties serve their cross-motions for summary judgment no later than June 2, 2008 and their oppositions no later than June 16, 2006.

On or about April 7, 2008, the parties filed a stipulation to modify the briefing schedule and a joint motion for clarification of the Court's Civil Pretrial Minutes.

On or about May 6, 2008, this Court ordered, pursuant to stipulation, that the parties were to serve cross-motions for summary judgment on all issues except for the applicability of asserted exemptions under FOIA on or before June 2, 2008.

ARGUMENT

I.    <u>FOIA AND THE SUMMARY JUDGMENT STANDARD</u>

FOIA was enacted to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." <u>Dept. of the Air Force v. Rose</u>, 425 U.S. 352, 361 (1976) (internal quotation omitted).  However, the public's interest in government information under FOIA is not absolute - '[i]t extends only to information that sheds light upon the government's performance of its duties." <u>Hale v. Department of Justice</u>, 973 F.2d 894, 898 (10th Cir. 1992), <u>vacated</u> <u>on other grounds</u>, 509 U.S. 918 (1993).  "Congress recognized . . . that public disclosure is not always in the public interest." <u>CIA v. Sims</u>, 471 U.S. 159, 166-67 (1985).

Thus, FOIA's "basic purpose" reflects a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." <u>John Doe Agency v. John Doe Corp.</u>, 493 U.S. 146, 149 (1989)(quoting <u>Rose</u>, 425 U.S. at 360-361 (1976))(other citation omitted).  FOIA is designed to achieve a workable balance between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy." <u>John Doe</u>, 493 U.S. at 152 (citation omitted).

FOIA actions are generally resolved through summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure.  <u>See Miscavige v. IRS</u>, 2 F.3d 366, 369 (11th Cir. 1993).  Summary judgment promotes judicial economy by preempting the trial of cases in

1  which no genuine issue of material fact remains and the moving party "is entitled to judgment as
2  a matter of law." Fed. R. Civ. P. 56(c) and (e); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23
3  (1986).

4      Upon demonstrating the absence of material fact, the burden shifts to the nonmoving
5  party, who must go beyond the pleadings and designate "'*specific facts* showing that there is a
6  genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626,
7  630 (9th Cir. 1987) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)). The non-moving party
8  cannot simply rest on her allegations without any significant probative evidence tending to
9  support the complaint. Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).

10      In this FOIA action, the government must demonstrate on summary judgment that it
11  conducted a search reasonably calculated to uncover all relevant documents and that any
12  withheld material falls within a statutory exemption. Judicial Watch v. U.S. Dept. of Justice, 306
13  F. Supp.2d 58, 64 (D. D.C. 2004). See Schwarz v. Dept. of Treasury, 131 F. Supp.2d 142, 147
14  (D. D.C. 2000). The government may meet this burden by submitting declarations that describe
15  the withheld material in reasonable detail and explain why it falls within the claimed FOIA
16  exemption. *Id.* In accordance with this Court's order, dated May 6, 2008, defendant now serves
17  their cross-motion for summary judgment on all issues except for the issue of the applicability of
18  FOIA exemptions. The issue of whether defendants properly withheld records under any of
19  FOIA's nine statutory exemptions will be the subject of a subsequent summary judgment motion.

20  II.    PLAINTIFF'S REQUEST FOR RONALD REAGAN RECORDS IS TIME-BARRED

21      Defendant is entitled to summary judgment because plaintiff's claims are barred, in part,
22  by the applicable statute of limitations. The statute of limitations for filing a cause of action
23  under FOIA is six years from accrual. Spannaus v. Dept. of Justice, 824 F.2d 52, 56 (D.C. Cir.
24  1987); Aftergood v. CIA, 225 F. Supp.2d 27, 29 (D.D.C. 2002); 28 U.S.C. § 2401(a). A FOIA
25  claim accrues once a claimant has constructively exhausted administrative remedies, which in
26  this case is when the time limit by which the agency must respond to the claimant's FOIA appeal
27  expires. Aftergood, 225 F.Supp.2d at 29 (citing Spannaus, 824 F.2d at 57-58). A federal agency

28

has 20 days to respond to a FOIA claimant's appeal. 5 U.S.C. § 552(a)(6)(A)(ii). The statute of limitations does not toll while a FOIA request is pending. Peck v. CIA, 787 F. Supp. 63, 66 (S.D.N.Y. 1992).

In a FOIA case, the statute of limitations is jurisdictional because it is a waiver of sovereign immunity and should thus be strictly construed in the government's favor. Peck, 787 F. Supp. at 64.

As Rosenfeld notes in his First Amended Complaint, the FBI completed its response to his Ronald Reagan FOIA request on February 27, 1997. First Amended Complaint at ¶22. And because Rosenfeld had appealed this response by September 25, 1997, his claim accrued – at the latest – on October 14, 1997. See id. at ¶23.

Because the six-year statute of limitations under which Rosenfeld could have sued over the Ronald Reagan FOIA request expired – at the latest – in October 2003, the Court should find that Rosenfeld's claim relating to Ronald Reagan records is time-barred.

III.    ROSENFELD FAILED TO EXHAUST THE REQUESTS FOR ROY BREWER
AND LABOR LEAGUE OF HOLLYWOOD VOTERS RECORDS

Defendant is also entitled to summary judgment dismissing certain of plaintiff's FOIA requests because plaintiff failed to exhaust administrative remedies under the Freedom of Information Act, 5 U.S.C. 522 et seq., with respect to these requests. A FOIA claimant who is dissatisfied with an agency's response to a FOIA request must file an administrative appeal with the agency. Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004). In the Ninth Circuit, this is a jurisdictional requirement. United States v. Steele, 799 F.2d 461, 466 (9th Cir. 1986); Hymen v. Merit Systems Protection Board, 799 F.2d 1421, 1423 (9th Cir. 1986) (overruled on other grounds by Capital Tracing, Inc. v. United States, 63 F.3d 859 (9th Cir. 1995)). The right to judicial review that ordinarily arises from the lack of a timely response lapses if an agency responds to the request at any time before the FOIA suit is filed, requiring that the claimant exhaust remedies with respect to that response. Oglesby v. Dept. of the Army, 920 F.2d 57, 63-64 (D.C. Cir. 1990).

1    In the case of Rosenfeld's claim for records pertaining to Brewer, the FBI released
2    documents to Rosenfeld on April 28, 2007. Complaint at ¶69. Rosenfeld failed to appeal this
3    response. Hardy Decl. at ¶12. Therefore, the Court should dismiss Rosenfeld's claim relating to
4    the Brewer records.

5    In the case of Rosenfeld's claim for records pertaining to the Labor League of Hollywood
6    Voters, the FBI released documents to Rosenfeld on April 25, 2007. Complaint at ¶113.
7    Rosenfeld failed to appeal this response. Hardy Decl. at ¶20. Therefore, the Court should dismiss
8    Rosenfeld's claim relating to the Labor League of Hollywood Voters records.

9    IV.    THE FBI CONDUCTED A REASONABLE SEARCH FOR RESPONSIVE RECORDS

10   A search for records responsive to a FOIA request need only be reasonable. Zemansky v.
11   EPA, 767 F.2d 569, 571 (9th Cir. 1985). The agency meets this burden by showing that it made
12   a "'good-faith effort to conduct a search for the requested records, using methods which can be
13   reasonably expected to produce the information requested.'" Nation Magazine v. U.S. Customs
14   Service, 71 F.3d 885, 890 (D.C.Cir. 1995)(quoting Oglesby v. U.S. Dept. Of the Army, 920 F.2d
15   57, 68 (D.C. Cir. 1990)). The key question is not "whether there might exist any other
16   documents possibly responsive to the request, but rather whether the search for those documents
17   was adequate." Steinberg v. U.S. Dept. Of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). "In
18   demonstrating the adequacy of the search, the agency may rely upon reasonably detailed,
19   nonconclusory affidavits submitted in good faith." Id. (citing Weisberg v. U.S. Dept. Of Justice,
20   745 F.2d at 1485 (D.C. Cir. 1984).

21   The detailed description of the FBI's search for documents responsive to plaintiff's FOIA
22   requests, as presented in the Hardy Declaration, demonstrates that the FBI's search for
23   documents was "reasonably calculated to uncover all relevant documents." Zemansky, 767 F.2d
24   at 571. The FBI conducted a search of the CRS using the following search terms: "Ronald W
25   Reagan", "Ronald Reagan", "Reagan, Ronald", "Ronald, Ronald, W", "Reagan, R, W", "Reagan,
26   R,", "Herbert Ellingwood", "Ellingwood, H", "Ellingwood, Herbert", "Alex Sherriffs",
27   "Sherriffs, Alex", Sherriffs, A", "Roy M Brewer", "Roy Brewer", "Brewer, Roy", "Brewer, Roy,
28

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF LAW IN SUPPORT THEREOF
C 07-03240 MHP                                16

1  M", "Brewer, R, M", "Brewer, R", "Neil Reagan", "Reagan, Neil", "Reagan, N", "Sacramento

2  "80" Files", "Motion Picture Industry Council", "Labor League of Hollywood Voters", or

3  "Motion Picture Alliance for the Preservation of American Ideals." Hardy Decl. ¶ 150. The

4  FBI's search identified both main files and cross-references in the CRS. Id. In addition, the FBI

5  conducted manual searches for responsive records in Field Offices, the Alexandria Records

6  Center, and the Pocatello Information Technology Center. Id. at 151. These two search methods

7  located an aggregate of 22,373 records. Id. at 152.

8  This detailed description of the search for records presented in the Hardy Declaration –

9  which enjoys the presumption of good faith, Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770,

10  771 (D.C.Cir. 1981) – demonstrates that the FBI's search for documents related to plaintiff's

11  FOIA requests was reasonable. Defendants have thus met their burden of showing a good-faith

12  effort to conduct an adequate search.

13                                    CONCLUSION

14  For the foregoing reasons, defendant's motion for summary judgment should be granted

15  in all respects and the Court should grant such other and further relief as the Court may deem just

16  and proper.

18  Dated: June 2, 2008

19                               Respectfully submitted,

20                               JOSEPH P. RUSSONIELLO
21                               United States Attorney

22                    By:      _____/s/_____
23                              ELLEN M. FITZGERALD
                                Assistant United States Attorney
24                              Attorney for Defendant