JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102-3495
Telephone:    (415) 436-7314
Facsimile:    (415) 436-6748
Email:        ellen.fitzgerald@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SETH ROSENFELD,<br><br>               Plaintiff,<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE, and UNITED STATES<br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>               Defendants. | No. C 90-3576 MHP<br>No. C 85-1709 MHP<br>No. C 85-2247 MHP<br>No. C 07-3240 MHP<br><br>**DECLARATION OF DAVID M.<br>HARDY IN SUPPORT OF<br>DEFENDANT'S MOTION FOR<br>PARTIAL SUMMARY JUDGMENT** |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SETH ROSENFELD,                          )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )        Civil Action No. 07-CV-03240
                                         )
FEDERAL BUREAU OF                        )
INVESTIGATION and                        )
U.S. DEPARTMENT OF JUSTICE,              )
                                         )
        Defendants.                      )
                                         )

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation

Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002.

Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate

General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of

Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October

1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely

worked with FOIA matters. I am also an attorney who has been licensed to practice law in the

state of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 190

employees who staff a total of ten (10) units and a field operational service center unit whose

collective mission is to effectively plan, develop, direct, and manage responses to requests for

access to FBI records and information pursuant to FOIA; Privacy Act; Executive Order 12958, as

amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions;

and Presidential and Congressional directives. The statements contained in this declaration are

based upon my personal knowledge, upon information provided to me in my official capacity,

and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information from its files pursuant to the provisions of

the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am

aware of the treatment which has been afforded plaintiff's FOIA requests seeking access to

records pertaining to nine subjects: (1) Ronald Reagan, (2) Herbert Ellingwood, (3) Alexander C.

Sherriffs, (4) Roy M. Brewer, (5) Neil Reagan, (6) "80" Files, (7) The Motion Picture Industry

Council, (8) The Labor League of Hollywood Voters, and (9) The Motion Picture Alliance for

the Preservation of American Ideals.

(4)     The purpose of this declaration is to provide the Court and plaintiff with an

explanation of the administrative history of the handling of plaintiff's FOIA requests, and to

explain the process and methods the FBI has used to search for records responsive to plaintiff's

requests. In compliance with the Court's May 6, 2008 Order, this declaration is submitted in

support of defendant's cross-motion for partial summary judgment and addresses three of

plaintiff's nine FOIA requests based on plaintiff's 1) failure to exhaust administrative remedies    .

-2-

for his FOIA requests pertaining to Roy M. Brewer and the Labor League of Hollywood Voters
and 2) failure to file a lawsuit within the statute of limitations for the requests pertaining to
Ronald Reagan, as specified in the First Cause of Action in plaintiff's Complaint.

(5)     I have reviewed plaintiff's First Amended Complaint for Injunctive Relief
("Amended Complaint") which contains two causes of action for requests made concerning
Ronald Reagan. Based on that review, I have determined that the First Cause of Action in the
Amended Complaint concerns requests for records made in the context of an earlier settlement of
two consolidated litigations brought by plaintiff.[1]  I have been informed that the parties reached a
settlement agreement in December 1995, which was approved by this Court on or about January
22, 1996 ("1996 Settlement Agreement"). As part of the settlement of these two earlier FOIA
lawsuits, the FBI and plaintiff explicitly agreed to treat plaintiff's request for records relating to
Ronald Reagan as a new FOIA request that would be addressed separately from any earlier
litigation. Specifically, the Settlement Agreement, stated that the FBI was to release "[a]ny and
all records at FBI HQ, San Francisco, Los Angeles, Sacramento, San Diego, and Washington
Field Offices, and all offices of origin on Ronald W. Reagan (date of birth 2/06/11; UC Regent
ex officio c. 1966-1978), from the earliest records through January 1, 1979."
However, the 1996 Settlement Agreement made clear that in the event plaintiff had any

_____

[1]     Rosenfeld, et al. v. United States, et al., C 85-0179 MHP, Rosenfeld, et al. v. U.S.
Dept. of Justice, C 85-02247 MHP, and Rosenfeld v. DOJ, et al., C 90-03576 MHP, arose from a
series of requests plaintiff made to the FBI from 1981 to 1987 for records regarding the Free
Speech Movement, University of California officials, FBI investigations of political activities at
the University of California, Berkeley, in the 1950s and 1960s and a now-defunct FBI
counterintelligence program named "COINTELPRO."

-3-

objections to the FBI's processing of his Ronald Reagan request, he would need to initiate a new

lawsuit. The Eighth Cause of Action of the Amended Complaint in this case pertains to a set of

requests dated August 6, 2007, for records concerning Ronald Reagan.

## CORRESPONDENCE

### I. Ronald Reagan (FOIPA #405193)
### Statute of Limitations Expired

(6)     By letter dated May 2, 1996, the FBI made an interim release to plaintiff of 1,935

pages out of 2,199 pages reviewed. Plaintiff was advised that certain information was withheld

pursuant to FOIA Exemptions 1, 2, 3, 6, 7(C), 7(D), and 7(E), 5 U.S.C. §§ 552 (b)(1), (b)(2),

(b)(3), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E). Plaintiff was advised of the procedure to

appeal any denial of information to the U.S. Department of Justice ("DOJ") Office of Information

and Privacy ("OIP"). Plaintiff was also advised that this interim release was made pursuant to the

1996 Settlement Agreement. In accordance with the agreement, the release concerned all records

pertaining to Ronald Reagan at FBIHQ and the Los Angeles Field Office ("LAFO"), Sacramento

Field Office ("SFO"), San Diego Field Office ("SDFO"), San Francisco Field Office ("SFFO")

and Washington Field Office ("WFO"). **(See Exhibit C to Plaintiff's Amended Complaint.)**

(7)     By letter dated February 27, 1997, the FBI made the final scheduled release to

plaintiff of 851 pages out of 902 pages reviewed pursuant to the 1996 Settlement Agreement.[2]

---

[2]  Plaintiff states in his Amended Complaint, ¶ 31, that on February 28, 2006, "DOJ sent
to Rosenfeld what it characterized as the 'Final Release' of records pursuant to it's obligations
under the settlement agreement." This release concerned records of the Communist Infiltration
of the Radiation Laboratory at the University of California Berkeley ("CINRAD"), and did not
pertain to any records on Ronald Reagan. **(See Exhibit M to Amended Complaint.)**

Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C), and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C), and (b)(7)(D). Plaintiff was advised of the procedure to appeal any denial of information to DOJ OIP. **(See Exhibit D to Plaintiff's Amended Complaint.)**

      (8)    By letter dated July 28, 1997, plaintiff appealed to DOJ OIP. **(See Exhibit E to Amended Complaint.)**

      (9)    By letter dated September 25, 1997, plaintiff again appealed to DOJ OIP. **(See Exhibit F to Amended Complaint.)**

      (10)    By undated letter, DOJ OIP made a supplemental release of one page and otherwise affirmed the actions of the FBI for this request. **(See Exhibit G to Amended Complaint.)**

      (11)    By letter dated April 17, 1998, the FBI released legible copies of five documents that were previously determined to be illegible by plaintiff; a list of main files and cross-references, which upon a search of FBIHQ and pertinent field office indices were found to be destroyed; and a list detailing the status of referrals to other federal government agencies. **(See Exhibit H to Amended Complaint.)**

      (12)    By letter dated March 2, 1998, plaintiff requested the search slips generated for the Ronald Reagan request. **(See Exhibit I to Amended Complaint.)**

      (13)    By letter dated February 26, 1999, DOJ OIP released approximately 25% of the search slips requested by plaintiff. By letter dated March 12, 1999, DOJ OIP released a copy of the FBIHQ index cards for the Ronald Reagan search. **(See Exhibit J to Amended**

**Complaint.)**

(14)    By letter dated June 24, 1999, the FBI released to plaintiff copies of 108 index cards concerning Ronald Reagan from the LAFO, SFO, SDFO, SFFO, and WFO.  Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 552(b)(6) and (b)(7)(C).  **(See Exhibit K to Amended Complaint.)**

(15)    By letter dated July 2, 1999, DOJ OIP released to plaintiff copies of the 108 index cards that were previously released by the FBI on June 24, 1999.  **(See Exhibit L to Amended Complaint.)**

(16)    By letter dated March 31, 2006, plaintiff wrote to DOJ OIP discussing the FBI's compliance with the Settlement Agreement.  **(See Exhibit N to Amended Complaint.)**

(17)    By letter dated May 4, 2006, plaintiff again wrote to DOJ OIP to discuss the FBI's compliance with the Settlement Agreement.  **(See Exhibit O to Amended Complaint.)**

(18)    By letter dated January 29, 2007, plaintiff appealed the FBI's failure to release any and all records in response to plaintiff's FOIA request for records concerning Ronald Reagan to DOJ OIP.  **(See Exhibit P to Amended Complaint.)**

(19)    By letter dated February 8, 2007, DOJ OIP acknowledged receipt of plaintiff's administrative appeal and assigned it Appeal Number 07-0563.  **(See Exhibit Q to Amended Complaint.)**

(20)    By letter dated March 1, 2007, plaintiff restated to DOJ OIP the reasons for appealing the FBI's failure to release any and all records concerning Ronald Reagan.  **(See Exhibit R to Amended Complaint.)**

-6-

(21)    By letter dated April 13, 2007, plaintiff again restated to DOJ OIP the reasons for appealing the FBI's failure to release any and records concerning Ronald Reagan. **(See Exhibit S to Amended Complaint.)**

### II. Herbert Ellingwood (FOIPA #1049408)

(22)    By six separate letters dated May 8, 2006, plaintiff submitted FOIA/Privacy Act requests to FBIHQ, the LAFO, SFO, SFFO, the SDFO, and WFO, seeking access to any and all records including but not limited to all main files, all see references, "Do Not File" files, channelized records, search slips - including search slips used to process this request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits concerning Herbert Ellingwood. **(See Exhibit T to First Amended Complaint.)**

(23)    By letter dated May 11, 2006, SDFO acknowledged receipt of plaintiff's May 8, 2006 request and informed plaintiff that the request was forwarded to FBIHQ for processing. **(See Exhibit U to Amended Complaint.)**

(24)    By letter dated May 18, 2006, the FBI acknowledged receipt of plaintiff's May 8, 2006 request. The FBI informed plaintiff that the request was assigned FOIPA No. 1049408. **(See Exhibit U to Amended Complaint.)**

(25)    By letter dated May 23, 2006, the FBI again acknowledged receipt of plaintiff's May 8, 2006 request to the SDFO and informed plaintiff that the request was assigned FOIPA No. 1049408.  **(See Exhibit U to Amended Complaint.)**

(26)    By letter dated June 30, 2006, the FBI acknowledged receipt of plaintiff's May 8, 2006 request to the SFO and informed plaintiff that the request was assigned FOIPA No.

1049408.  (See **Exhibit U to Amended Complaint.**)

(27)    By letter dated July 19, 2006, the FBI advised plaintiff that approximately 530 pages of responsive material had been located and that the costs for duplication of these records would be $43.00. The letter also advised plaintiff that he may want to consider reducing the scope of his request. The FBI requested that plaintiff notify the FBI either in writing or via fax of his decision to reduce the scope of his request. The FBI also advised plaintiff that the cost of duplication for the records responsive to his request was an estimate and unless he notified the FBI of his unwillingness to pay fees, it would be assumed that he was willing to pay fees.

(See **Exhibit V to Amended Complaint.**)

(28)    By letter dated October 16, 2006, plaintiff appealed to DOJ OIP.  (See **Exhibit W to Amended Complaint.**)

(29)    By letter dated December 18, 2006, DOJ OIP acknowledged receipt of plaintiff's administrative appeal. DOJ OIP advised plaintiff that DOJ regulations provide for an administrative appeal only after there has been an adverse determination by an agency and since the FBI had yet to respond to his request, there was no action to consider on appeal.

(See **Exhibit X to Amended Complaint.**)

(30)    By letter dated January 31, 2007, plaintiff wrote to FBIHQ requesting the status of his request to each specified field office.  (See **Exhibit Y to Amended Complaint.**)

(31)    By letter dated February 7, 2007, the FBI advised plaintiff of the status of his requests.  (See **Exhibit Z to Amended Complaint.**)

(32)    By letter dated March 1, 2007, plaintiff appealed to DOJ OIP.  (See **Exhibit AA**

-8-

**to Amended Complaint.)**

(33)     By letter dated June 6, 2007, the FBI provided plaintiff with an updated status of his requests. **(See Exhibit BB to Amended Complaint.)**

(34)     By letter dated June 27, 2007, the FBI made an interim release to plaintiff of 46 of out of 46 pages reviewed. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, and 7(C), 5 U.S.C. §§ 552 (b)(2), (b)(6) and (b)(7)(C). Plaintiff was further advised of the procedure to appeal any denial of information to DOJ OIP. **(See Exhibit CC to Amended Complaint.)**

(35)     By letter dated October 1, 2007, the FBI once again provided plaintiff with an updated status of his requests. **(See Exhibit A attached hereto.)**

(36)     By letter dated November 13, 2007, the FBI made another interim release to plaintiff of 1319 pages out of 1489 pages reviewed. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 3, 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(3), (b)(6), (b)(7)(C), and (b)(7)(D). Plaintiff was advised of the procedure to appeal any denial of information to DOJ OIP. Plaintiff was also advised that the FBI was charging him a duplication fee of $126.50. **(See Exhibit B attached hereto.)**

(37)     By letter dated December 19, 2007, plaintiff submitted payment of $126.50. **(See Exhibit C attached hereto.)**

(38)     By letter dated April 4, 2008, the FBI made a final release to plaintiff of 16 pages out of 16 pages reviewed. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). Plaintiff was advised of

-9-

the procedure to appeal any denial of information to DOJ OIP.  **(See Exhibit D attached**

**hereto.)**

(39)    The FBI has confirmed that DOJ OIP has no record of receiving an administrative

appeal of the FBI's April 4, 2008 release of records responsive to plaintiff's requests.

### III.  Alexander C. Sherriffs (FOIPA #1001628)

(40)    By two separate letters dated July 8, 2004, plaintiff submitted FOIA/Privacy Act

requests to FBIHQ and SFFO, seeking access to any and all records including but not limited to

main files, see references, ELSUR, Official and Confidential files, Official and Personal Files,

JUNE Files and "Do Not File" files concerning Alexander C. Sherriffs.  **(See Exhibit DD to**

**Amended Complaint.)**

(41)    By letter dated July 22, 2004, the FBI acknowledged receipt of plaintiff's July 8,

2004 request and informed him that the request was assigned FOIPA No. 1001628.  **(See Exhibit**

**E attached hereto.)**

· (42)    By letter dated August 11, 2004, the FBI advised plaintiff that no records

responsive to his request were located by a search of the automated and manual indices at

FBIHQ.  Plaintiff was advised of the procedure to appeal this response to DOJ OIP.  **(See**

**Exhibit F attached hereto.)**

(43)    By letter dated February 19, 2005, plaintiff wrote FBIHQ requesting the status of

his requests.  **(See Exhibit EE to Amended Complaint.)**

(44)    By letter dated May 12, 2005, plaintiff appealed to DOJ OIP.  **(See Exhibit**

**FF to Amended Complaint.)**

(45)    By letter dated May 26, 2005, DOJ OIP acknowledged receipt of plaintiff's administrative appeal and advised plaintiff that it had been assigned Appeal Number 05-1852. (See Exhibit G attached hereto.)

(46)    By letter dated November 8, 2005, plaintiff wrote FBIHQ regarding the status of his requests.    (See Exhibit GG to Amended Complaint.)

(47)    By letter dated November 8, 2005, plaintiff again appealed to DOJ OIP. (See Exhibit HH to Amended Complaint.)

(48)    By letter dated March 30, 2006, plaintiff again wrote FBIHQ regarding the status of his requests.    (See Exhibit II to Amended Complaint.)

(49)    By letter dated January 31, 2007, plaintiff again appealed to DOJ OIP. (See Exhibit JJ to Amended Complaint.)

(50)    By letter dated March 1, 2007, plaintiff appealed to DOJ OIP. (See Exhibit KK to Amended Complaint.)

(51)    By letter dated July 16, 2007, DOJ OIP advised plaintiff that his appeal was being closed due to the fact that plaintiff had brought the current litigation.    (See Exhibit H attached hereto.)

(52)    By letter dated April 1, 2008, the FBI made a release to plaintiff of 22 pages out of 22 pages reviewed.  Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C) and (b)(7)(D). Plaintiff was advised of the procedure to appeal any denial of information to DOJ OIP. (See Exhibit I attached hereto.)

-11-

### IV. Roy M. Brewer (FOIPA #1063060)
### Failure to Exhaust Administrative Remedies

(53)   By three separate letters dated October 13, 2006, plaintiff submitted

FOIA/Privacy Act requests to FBIHQ, WFO, and LAFO, seeking access to any and all records .

including but not limited to all main files, all see references, "Do Not File" files, channelized

records, search slips – including search slips used to process his requests, ELSUR records, index

cards, records that are or were maintained in SAC safes, and bulky exhibits concerning Roy

Martin Brewer.  **(See Exhibit LL to Amended Complaint.)**

(54)   By letter dated October 17, 2006, LAFO acknowledged receipt of plaintiff's

October 13, 2006 request and informed plaintiff that the request was forwarded to FBIHQ for

processing.  **(See Exhibit MM to Amended Complaint.)**

(55)   By letter dated October 25, 2006, WFO acknowledged receipt of plaintiff's

October 13, 2006 request and informed plaintiff that the request was forwarded to FBIHQ for

processing.  **(See Exhibit MM to Amended Complaint.)**

(56)   By letter dated November 17, 2006, the FBI acknowledged receipt of the

plaintiff's FOIA request to FBIHQ as well as the requests forwarded from LAFO and WFO.  The

FBI advised plaintiff that the requests to FBIHQ, LAFO and WFO had all been assigned FOIPA

No. 1063060.  **(See Exhibit MM to Amended Complaint.)**

(57)   By letter dated January 31, 2007, plaintiff appealed  to DOJ OIP on the basis that

the FBI had yet to release any records in response to his October 13, 2006 request regarding Roy

M. Brewer.  **(See  Exhibit NN to Amended Complaint.)**

(58)    By letter dated February 8, 2007, DOJ OIP acknowledged receipt of plaintiff's administrative appeal and advised plaintiff that it had been assigned Appeal Number 07-0573. **(See Exhibit OO to Amended Complaint.)**

(59)    By letter dated March 1, 2007, plaintiff wrote DOJ OIP to renew the original appeal of January 31, 2007.  **(See Exhibit PP to Amended Complaint.)**

(60)    By letter dated April 26, 2007, the FBI made an interim release of 231 pages out of 281 pages reviewed in response to plaintiff's request to LAFO.  Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, and 7(C), 5 U.S.C. §§ 552 (b)(2), (b)(6) and (b)(7)(C).  Plaintiff was advised of the procedure to appeal any denial of information to DOJ OIP.  **(See Exhibit QQ to Amended Complaint.)**  Our administrative records show that RIDS personnel closed plaintiff's October 13, 2006 request on April 26, 2007. In the absence of further communication from plaintiff, including any administrative appeal of the FBI's April 26, 2007 release to DOJ OIP, plaintiff's October 13, 2006 request was been administratively closed.  On July 20, 2007, DOJ OIP confirmed that no appeal had been filed by plaintiff since the FBI's April 26, 2007 release.

(61)    By letter dated July 16, 2007, DOJ OIP advised plaintiff this appeal is being closed since this request is in litigation.  **(See Exhibit J attached hereto.)**

(62)    By letter dated April 2, 2008, the FBI made another interim release to plaintiff of 290 pages out of 292 pages reviewed.  Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C), 7(D) and 7(E), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E).  Plaintiff was advised of the procedure to appeal any denial of

-13-

information to DOJ OIP. Plaintiff was also advised that a fee of $29.00 was assessed.[3]

**(See Exhibit K attached hereto.)**

(63)   By letter dated April 10, 2008, the FBI made a final release to plaintiff of 130 pages out of 219 pages reviewed. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 1, 2, 3, 6, 7(C), 7(D) and 7(E), 5 U.S.C. §§ 552 (b)(1), (b)(2), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D)and (b)(7)(E). Plaintiff was advised of the procedure to appeal any denial of information to DOJ OIP. Plaintiff was also advised that a fee of $13.00 was assessed.[4]   **(See Exhibit L attached hereto.)**

(64)   The FBI has confirmed that DOJ OIP has no record of receiving an administrative appeal of the FBI's April 10, 2008 release of records responsive to plaintiff's requests. Therefore, plaintiff has failed to exhaust the administrative remedies available to him prior to filing this litigation.

## V. Neil Reagan (FOIPA #1017395)

(65)   By three separate letters dated March 23, 2005, plaintiff submitted a FOIA/Privacy Act request to FBIHQ, WFO, and LAFO, seeking access to any and all records including but not limited to main files, see references, "Do Not File" files, channelized records, search slips – including search slips used to process his request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits concerning Neil Reagan. **(See Exhibit RR to Amended Complaint.)**

---

[3] As of this date, the FBI has not received payment from plaintiff.

[4] As of this date, the FBI has not received payment from plaintiff.

-14-

(66)    By letter dated March 30, 2005, the FBI acknowledged receipt of plaintiff's

FOIA request to FBIHQ and advised plaintiff that the request had been assigned FOIPA No.

1017395.  (See **Exhibit SS to Amended Complaint.**)

(67)    By letter dated April 13, 2005, the FBI acknowledged receipt of plaintiff's

request from LAFO advised that this request would be handled simultaneously with FBIHQ

request, under FOIA number 1017395.  (See **Exhibit SS to Amended Complaint.**)

(68)    By letter dated May 12, 2005, plaintiff wrote FBIHQ requesting to be advised as

to whether any of requested records were previously processed.  (See **Exhibit M attached**

**hereto.**)

(69)    By letter dated May 12, 2005, plaintiff appealed to DOJ OIP.  (See **Exhibit TT to**

**Amended Complaint.**)

(70)    By letter dated May 26, 2005, the FBI advised plaintiff that no records responsive

to his request were located by a search of the automated and manual indices either at FBIHQ,

LAFO, or WFO.  Plaintiff was advised of the procedure to appeal this response to DOJ OIP.

(See **Exhibit VV to Amended Complaint.**)

(71)    By letter dated May 26, 2005, DOJ OIP acknowledged receipt of plaintiff's

administrative appeal and advised plaintiff that it had been assigned Appeal Number 05-1850.

(See **Exhibit UU to Amended Complaint.**)

(72)    By letter dated June 10, 2005, plaintiff wrote to FBIHQ to reiterate his original

request of March 23, 2005.  (See **Exhibit N attached hereto.**)

(73)    By letter dated August 22, 2005, DOJ OIP notified plaintiff that it had remanded

-15-

his request to the FBI. Plaintiff was advised that the FBI was still processing his request and that he could appeal any future adverse determination made by the FBI. Plaintiff was also advised by DOJ OIP that if he was dissatisfied with DOJ OIP's action, he could seek judicial review in an appropriate federal court.  **(See Exhibit O attached hereto.)**

(74)   By letter dated September 6, 2005, DOJ OIP advised plaintiff that the FBI's response to him on May 26, 2005 satisfied the basis for his appeal.  **(See Exhibit WW to Amended Complaint.)**

(75)   By letter dated November 8, 2005, plaintiff again wrote to FBIHQ to reiterate his original request of March 23, 2005.  **(See Exhibit P attached hereto.)**

(76)   By letter dated November 8, 2005, plaintiff again appealed to DOJ OIP. **(See Exhibit XX to Amended Complaint.)**

(77)   By letter dated February 28, 2006, the FBI released 3 pages out of 3 pages reviewed in response to plaintiff's request. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). Plaintiff was advised of the procedure to appeal any denial of information to DOJ OIP. **(See Exhibit YY to Amended Complaint.)**

(78)   By letter dated January 31, 2007, plaintiff wrote FBIHQ again to reiterate his original request of March 23, 2005.  **(See Exhibit ZZ to Amended Complaint.)**

(79)   By letter dated February 8, 2007, the FBI advised plaintiff that a search of the Central Records System for the requested information was being conducted.  **(See Exhibit Q attached hereto.)**

(80)    By letter dated March 1, 2007, plaintiff appealed to DOJ OIP. **(See Exhibit AAA to Amended Complaint.)**

(81)    By letter dated May 9, 2007, the FBI advised plaintiff of the status of his request. **(See Exhibit BBB to Amended Complaint.)**

(82)    By letter dated August 8, 2007, the FBI again advised plaintiff of the status of his request. **(See Exhibit R attached hereto.)**

(83)    By letter dated September 4, 2007, the FBI released 88 pages out of 88 pages reviewed in response to plaintiff's request. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C), and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C), and (b)(7)(D). Plaintiff was advised of the procedure to appeal any denial of information to DOJ OIP. **(See Exhibit CCC to Amended Complaint.)**

(84)    By letter dated March 27, 2008, the FBI made a final release to plaintiff of 9 pages out of 9 pages reviewed. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C) and (b)(7)(D). Plaintiff was advised of the procedure to appeal any denial of information to the DOJ OIP. **(See Exhibit S attached hereto.)**

### VI.  "80" Files (FOIPA #1049330)

(85)    By letters dated April 28, 2006 and May 8, 2006 respectively, plaintiff submitted FOIA/Privacy Act requests to FBIHQ and SFFO, seeking access to any and all records including but not limited to all main files, all see references, "Do Not File" files, channelized records, search slips - including search slips used to process this request, ELSUR records, index cards,

and records that are or were maintained in SAC safes concerning the following Sacramento "80" classification main files: 80-130, 80-131, 80-132, 80-134, 80-135, 80-136, 80-137, 80-138, 80-139, and 80-140.  (See Exhibit DDD to Amended Complaint.)

(86)    By letter dated May 17, 2006, the FBI acknowledged receipt of plaintiff's FOIA request to FBIHQ and advised plaintiff that the request had been assigned FOIPA No. 1049330. (See Exhibit T attached hereto.)

(87)    By letter dated September 25, 2006, the FBI released 94 pages out of 94 pages reviewed in response to plaintiff's request.  Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). Plaintiff was advised of the procedure to appeal any denial of information to DOJ OIP. (See Exhibit U attached hereto.)

(88)    By letter dated October 15, 2006, plaintiff appealed to DOJ OIP.

(See Exhibit EEE to Amended Complaint.)

(89)    By letter dated October 24, 2006, plaintiff informed FBIHQ that the release made on September 25, 2006, was non-responsive to his request.  (See Exhibit FFF to Amended Complaint.)

(90)    By letter dated December 18, 2006, DOJ OIP rendered plaintiff's pending administrative appeal moot since the documents were processed and released to him.

(See Exhibit GGG to Amended Complaint.)

(91)    By letter dated December 21, 2006, the FBI acknowledged receipt of plaintiff's FOIA/Privacy Act request to FBIHQ and advised plaintiff that a search of the Central Records

-18-

System for the requested information was being conducted.  **(See Exhibit HHH to Amended Complaint.)**

(92)    By letter dated January 18, 2007, plaintiff again appealed to DOJ OIP.

**(See Exhibit III to Amended Complaint.)**

(93)    By letter dated March 1, 2007, plaintiff appealed to DOJ OIP.  **(See Exhibit JJJ to Amended Complaint.)**

(94)    By letter dated May 9, 2007, the FBI advised plaintiff of the status of FOIA/Privacy Act request.  **(See Exhibit KKK to Amended Complaint.)**

(95)    By letter dated July 30, 2007, the FBI made a interim release to plaintiff of 967 pages out of 1040 pages reviewed.  Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C) and (b)(7)(D).  Plaintiff was advised of the procedure to appeal any denial of information to DOJ OIP.  Plaintiff was also advised that a fee of $86.70 was assessed.  **(See Exhibit LLL to Amended Complaint.)**

(96)    By letter dated September 5, 2007, plaintiff appealed to DOJ OIP withholdings in the FBI's release of July 30, 2007.  **(See Exhibit V attached hereto.)**

(97)    By letter dated September 17, 2007, DOJ OIP acknowledged receipt of plaintiff's administrative appeal and advised plaintiff that it had been assigned Appeal Number 07-2428.  **(See Exhibit W attached hereto.)**

(98)    By letter dated October 9, 2007, DOJ OIP advised plaintiff this appeal was being closed since this request is in litigation.  **(See Exhibit X attached hereto.)**

(99)  By letter dated November 14, 2007, the FBI made a final release to plaintiff of 17

pages out of 21 pages reviewed.  Plaintiff was advised that certain information was withheld

pursuant to FOIA Exemptions 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(6), (b)(7)(C) and (b)(7)(D).

Plaintiff was advised of the procedure to appeal any denial of information to DOJ OIP.

**(See Exhibit Y attached hereto.)**

(100)  By letter dated December 19, 2007, plaintiff submitted payment of $86.70 for

records released on July 30, 2007.  **(See Exhibit Z attached hereto.)**

### VII.  Motion Picture Industry Council (FOIPA #1050646 & 1076785)

(101)  By two separate letters dated June 14, 2006, plaintiff submitted a FOIA/Privacy

Act request to FBIHQ and LAFO, seeking access to any and all records including but not limited

to all main files, all see references, "Do Not File" files, channelized records, search slips -

including search slips used to process this request, ELSUR records, index cards, records that are

or were maintained in SAC safes, and bulky exhibits concerning Motion Picture Industry

Council.  **(See Exhibit MMM to Amended Complaint.)**

(102)  By letter dated June 22, 2006, the FBI acknowledged receipt of plaintiff's FOIA

request and advised plaintiff that the request had been assigned FOIPA No. 1050646.

**(See Exhibit NNN to Amended Complaint.)**

(103)  By letter dated August 21, 2006, the FBI advised plaintiff that no records

responsive to his request were located by a search of the automated and manual indices at FBIHQ

or LAFO.  Plaintiff was advised of the procedure to appeal this response to DOJ OIP.

**(See Exhibit OOO to Amended Complaint.)**

(104)  By letter dated October 16, 2006, plaintiff appealed the FBI's "no records" determination to DOJ OIP.  (See **Exhibit RRR to Amended Complaint.**)

(105)  By a separate letter dated October 16, 2006, plaintiff wrote to FBIHQ concerning the non-disclosure of deceased persons names that appear in responsive records.  (See **Exhibit SSS to Amended Complaint.**)

(106)  By letter dated November 13, 2006, DOJ OIP acknowledged receipt of plaintiff's administrative appeal and advised plaintiff that it had been assigned Appeal Number 07-0126. (See **Exhibit TTT to Amended Complaint.**)

(107)  By letter dated December 19, 2006, DOJ OIP informed plaintiff that it had remanded his request to the FBI for further searches for responsive records, including for cross-references.  (See **Exhibit UUU to Amended Complaint.**)

(108)  By letter dated February 8, 2007, the FBI informed plaintiff that a search of the indices in the central records system for responsive records was being conducted.  (See **Exhibit VVV to Amended Complaint.**)

(109)  By letter dated March 1, 2007, plaintiff appealed to DOJ OIP. (See **Exhibit XXX to Amended Complaint.**)

(110)  By letter dated March 13, 2007, the FBI released two CDs to the plaintiff containing 13,533 pages which were located in the Public Reading Room at FBIHQ. (See **Exhibit WWW to Amended Complaint.**)

(111)  By letter dated May 1, 2007, the FBI advised plaintiff that approximately 1100 pages of responsive material had been located and that the costs associated with these pages

-21-

would be $100.00. The letter also advised plaintiff that he may want to consider reducing the scope of his request. Plaintiff was requested to notify the FBI either in writing or via fax of his decision to reduce the scope of his request. The plaintiff was also advised that the cost is an estimate and unless he notifies the FBI of his unwillingness to pay fees, it would be assumed that he is willing to pay fees. **(See Exhibit BBBB to Amended Complaint.)**

(112) By letter dated June 29, 2007, DOJ OIP informed plaintiff that since the FBI responded to plaintiff's request, the appeal from the FBI's failure to respond is moot. **(See Exhibit DDDD to Amended Complaint.)**

(113) By letter dated July 31, 2007, the FBI informed plaintiff that his request was waiting assignment to a FOIA analyst. **(See Exhibit CCCC to Amended Complaint.)**

(114) By letter dated November 2, 2007, the FBI informed plaintiff that his request was being reviewed by an analyst. **(See Exhibit AA attached hereto.)**

(115) By letter dated January 31, 2008, the FBI again informed plaintiff that his request was being reviewed by an analyst. **(See Exhibit BB attached hereto.)**

(116) By letter dated February 28, 2008, the FBI made a release to plaintiff of 1018 pages out of 1024 pages reviewed under FOIPA 1076785. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 1, 2, 3, 6, 7(C), 7(D) and 7(E), 5 U.S.C. §§ 552 (b)(1), (b)(2), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E). Plaintiff was advised of the procedure to appeal any denial of information to DOJ OIP. Plaintiff was also advised that a fee of $101.80 was assessed.[5] **(See Exhibit CC attached hereto.)**

---

[5] As of this date, the FBI has not received payment from plaintiff.

-22-

### VIII.  Labor League of Hollywood Voters (FOIPA # 1050649)
### Failure to Exhaust Administrative Remedies

(117)  By two separate letters dated June 14, 2006, plaintiff submitted a FOIA/Privacy

Act request to FBIHQ and LAFO, seeking access to any and all records including but not limited

to all main files, all see references, "Do Not File" files, channelized records, search slips -

including search slips used to process this request, ELSUR records, index cards, records that are

or were maintained in SAC safes, and bulky exhibits concerning Labor League of Hollywood

Voters.  (See Exhibit MMM to Amended Complaint.)

(118)  By letter dated June 22, 2006, the FBI acknowledged receipt of plaintiff's FOIA

request and advised plaintiff that the request had been assigned FOIPA No. 1050649.

(See Exhibit NNN to Amended Complaint.)

(119)  By letter dated August 28, 2006, the FBI advised plaintiff that no records

responsive to his request were located by a search of the automated and manual indices at FBIHQ

or LAFO.  Plaintiff was advised of the procedure to appeal this response to DOJ OIP.

(See Exhibit QQQ to Amended Complaint.)

(120)  By letter dated October 16, 2006, plaintiff wrote to FBIHQ concerning the non-

disclosure of deceased persons names that appear in responsive records.  (See Exhibit SSS to

Amended Complaint.)

(121)  By letter dated November 13, 2006, DOJ OIP acknowledged receipt of plaintiff's

administrative appeal and assigned it appeal number 07-0125.  (See Exhibit TTT to Amended

Complaint.)

(122)  By letter dated December 19, 2006, DOJ OIP informed plaintiff that it had remanded his request to the FBI for further searches for responsive records, including for cross-references.  (See **Exhibit UUU to Amended Complaint.**)

(123)  By letter dated January 31, 2007, plaintiff wrote FBIHQ regarding the status of his request.  (See **Exhibit DD attached hereto.**)

(124)  By letter dated February 8, 2007, the FBI informed plaintiff that a search of the indices in the Central Records System for responsive records was being conducted.

(See **Exhibit VVV to Amended Complaint.**)

(125)  By letter dated March 1, 2007, plaintiff appealed to DOJ OIP. (See **Exhibit XXX to Amended Complaint.**)

(126)  By letter dated April 25, 2007, the FBI made a release to plaintiff of 49 pages out of 53 pages reviewed.  Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C) and (b)(7)(D). Plaintiff was advised of the procedure to appeal any denial of information to DOJ OIP.

(See **Exhibit EE attached hereto.**)

(127)  By letter dated June 29, 2007, DOJ OIP informed plaintiff that since the FBI responded to plaintiff's request, the appeal from the FBI's failure to respond is moot.

(See **Exhibit DDDD to Amended Complaint.**)

(128)  The FBI has confirmed that DOJ OIP has no record of receiving an administrative appeal from plaintiff in connection with the FBI's April 25, 2007 release.  Therefore, plaintiff has failed to exhaust the administrative remedies available to him prior to filing this litigation.

## IX.  Motion Picture Alliance for the Preservation of American Ideals
### Ideals (FOIPA #1050648)

(129)  By two separate letters dated June 14, 2006, plaintiff submitted a FOIA/Privacy Act request to FBIHQ and LAFO, seeking access to any and all records including but not limited to all main files, all see references, "Do Not File" files, channelized records, search slips - including search slips used to process this request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits concerning Motion Picture Alliance for the Preservation of American Ideals.  (See Exhibit MMM to Amended Complaint.)

(130)  By letter dated June 22, 2006, the FBI acknowledged receipt of plaintiff's FOIA request and advised plaintiff that the request had been assigned FOIPA No. 1050649.

(See Exhibit NNN to Amended Complaint.)

(131)  By letter dated August 21, 2006, the FBI informed plaintiff that approximately 820 potentially responsive pages were located and that the estimated cost would be $72.00.  The plaintiff was also given the option to reduce the scope of his request.  (See Exhibit PPP to

Amended Complaint.)

(132)  By letter dated October 16, 2006, plaintiff wrote to FBIHQ concerning the non-disclosure of deceased persons names that appear in responsive records.  (See Exhibit SSS to

Amended Complaint.)

(133)  By letter dated January 31, 2007, plaintiff wrote FBIHQ regarding the status of his request.  (See Exhibit FF attached hereto.)

(134)  By letter dated April 25, 2007, the FBI informed plaintiff that approximately

-25-

1,041 potentially responsive pages were located and that the estimated cost was $94.10. The plaintiff was also given the option to reduce the scope of his request.  **(See Exhibit YYY to Amended Complaint.)**

(135)  By letter dated May 9, 2007, the FBI advised plaintiff of the status of his request. **(See Exhibit XXX [#2] to Amended Complaint.)**

(136)  By letter dated August 7, 2007, the FBI again advised plaintiff of the status of his request.  **(See Exhibit ZZZ to Amended Complaint.)**

(137)  By letter dated June 29, 2007, DOJ OIP acknowledged receipt of plaintiff's administrative appeal.  DOJ OIP advised plaintiff that DOJ regulations provide for an administrative appeal only after there has been an adverse determination by an agency and since the FBI had yet to respond to his request, there was no action to consider on appeal. **(See Exhibit DDDD to Amended Complaint.)**

(138)  By letter dated September 28, 2007, the FBI made a release to plaintiff of 991 pages out of 1006 pages reviewed.  Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 3, 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(3), (b)(6), (b)(7)(C) and (b)(7)(D).  Plaintiff was advised of the procedure to appeal any denial of information to DOJ OIP.  Plaintiff was also advised that a fee of $89.10 was assessed. **(See Exhibit AAAA to Amended Complaint.)**

(139)  By letter dated December 19, 2007, plaintiff submitted payment of $89.10 for records released on September 28, 2007.  **(See Exhibit GG attached hereto.)**

### X. Ronald Reagan (FOIPA #1089424)

(140)  By six separate letters dated August 6, 2007, plaintiff submitted a FOIA/Privacy Act request to FBIHQ, LAFO, SFO, SFFO, SDFO, and WFO, seeking access to any and all records including but not limited to all main files, all see references, search slips - including search slips used to process this request, index cards, abstract records, and copies of duplicate records that are distinguished by substantive administrative markings, including but not limited to any hand written notations on the document concerning Ronald Reagan that have not been previously released to plaintiff.  **(See Exhibit EEEE to Amended Complaint.)**

(141)  By letter dated August 14, 2007, SFFO  acknowledged receipt of plaintiff's August 6, 2007 request and informed plaintiff that the request was forwarded to FBIHQ for processing.  **(See Exhibit FFFF to Amended Complaint.)**

(142)  By letter dated August 24, 2007, the FBI acknowledged receipt of plaintiff's August 6, 2007 request from the SFFO and informed plaintiff that the request was assigned FOIPA No. 1049424.  **(See Exhibit HH attached hereto.)**

(143)  By letter dated April 11, 2008, the FBI released 35 pages out of 35 pages reviewed in response to plaintiff's request. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C), and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C), and (b)(7)(D). Plaintiff was also advised that the manual and automated indices at FBIHQ, LAFO, SFO, SFFO, SDFO, and WFO were re-checked in an effort to find any additional records identifiable with Ronald Reagan and that other than the enclosed documents, no additional records were located that were found to be responsive to his request.  **(See Exhibit II**

**attached hereto.)**

## FBI'S SEARCH FOR RECORDS

(144)  In this case, the FBI has employed two mechanisms as part of its search efforts to identify records responsive to plaintiff's requests. These methods are the same methods that the FBI uses to search for records potentially responsive to any other FOIA/Privacy Act request it receives. In order to locate records responsive to plaintiff's requests, the FBI conducted a search for records by 1) conducting a search for records in the FBI's Central Records System ("CRS"), and 2) performing manual searches for potentially responsive records.

## EXPLANATION AND SEARCH OF THE FBI'S CENTRAL RECORDS SYSTEM

(145)  The CRS enables the FBI to maintain information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities. The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. This system consists of a numerical sequence of files, called FBI "classifications," which are broken down according to subject matter. The subject matter of a file may relate to an individual, organization, company, publication, activity, or foreign intelligence matter (or program). Certain records in the CRS are maintained at FBIHQ, whereas records that are pertinent to specific field offices of the FBI are maintained in those field offices. Although the CRS is primarily designed to serve as an investigative tool, the FBI searches the CRS for documents that are potentially responsive to FOIA/Privacy Act requests. The mechanism that the FBI uses to search the CRS is the Automated Case Support System ("ACS").

(146)  On or about October 16, 1995, the ACS system was implemented for all Field

-28-

Offices, Legal Attaches ("Legats"), and FBIHQ in order to consolidate portions of the CRS that were previously automated. ACS can be described as an internal computerized subsystem of the CRS. Because the CRS cannot electronically query the case files for data, such as an individual's name or social security number, the required information is duplicated and moved to the ACS so that it can be searched. More than 105 million records from the CRS were converted from automated systems previously utilized by the FBI. Automation did not change the CRS; instead, automation has facilitated more economic and expeditious access to records maintained in the CRS.

(147) The retrieval of data from the CRS is made possible through the ACS using the General Indices, which are arranged in alphabetical order.[6] Entries in the General Indices fall into two categories:

> (a) A "main" entry — A "main" entry, or "main" file, carries the name corresponding with a subject of a file contained in the CRS.
> (b) A "reference" entry — "Reference" entries, sometimes called "cross-references" are generally only a mere mention or reference to an individual, organization, or other subject matter contained in a document located in another "main" file on a different subject matter.

(148) Searches made in the General Indices to locate records concerning a particular subject, such as National Security Letters, are made by searching the subject requested in the index.

(149) The ACS consists of three integrated, yet separately functional, automated

---

[6] The General Indices, which became fully automated on September 24, 1987, also include Index cards which allow a manual search for records prior to that date.

applications that support case management functions for all FBI investigative and administrative cases:

(a) Investigative Case Management ("ICM") – ICM provides the ability to open, assign, and close investigative and administrative cases as well as set, assign, and track leads. The Office of Origin ("OO"), which sets leads for itself and other field offices, as needed, opens a case. The field offices that receive leads from the OO are referred to as Lead Offices ("LOs"). When a case is opened, it is assigned a Universal Case File Number ("UCFN"), which is used by FBIHQ, as well as all FBI field offices and Legats that are conducting or assisting in the investigation. Using fictitious file number "111-HQ-12345" as an example, an explanation of the UCFN is as follows: "111" indicates the classification for the specific type of investigation; "HQ" is the abbreviated form used for the Office of Origin of the investigation, which in this case is FBI Headquarters; and "12345" indicates the individual case file number for the particular investigation.

(b) Electronic Case File ("ECF") – ECF serves as the central electronic repository for the FBI's official text-based documents. ECF supports the universal serial concept in that only the creator of a document serializes it into a file. This provides a single-source entry of serials into the computerized ECF system. All original serials are maintained in the OO case file.

(c) Universal Index ("UNI") – UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index; however, the LOs may index additional information as needed. UNI, an index of approximately 98.9 million records, functions to index names to cases, and to search

names and cases for use in FBI investigations. Names of individuals or organizations are recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.

(150) The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the FBI Special Agent ("SA") - and on occasion, support employees - assigned to work on the investigation, the Supervisory SA ("SSA") in the field office conducting the investigation, and the SSA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. Without a "key" (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal and national security statutes. Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, issued within a specified time frame.

(151) RIDS initiated a search in the CRS for records responsive to each of the plaintiff's requests on the following dates: Ronald Reagan (September 11, 2007); Herbert Ellingwood (June 1, 2006); Alex Sherriffs (July 22, 2004); Roy M. Brewer (November 17, 2006); Neil Reagan (April 15, 2005); Sacramento "80" Files (August 25, 2006); Motion Picture Industry Council (August 11, 2006); Labor League of Hollywood Voters (August 11, 2006); and Motion Picture Alliance for the Preservation of American Ideals (August 11, 2006). The FBI used the

-31-

following search terms to conduct the searches: "Ronald W Reagan", "Ronald Reagan",

"Reagan, Ronald", "Ronald, Ronald, W", "Reagan, R, W", "Reagan, R,", "Herbert Ellingwood",

"Ellingwood, H", "Ellingwood, Herbert", "Alex Sherriffs", "Sherriffs, Alex", Sherriffs, A", "Roy

M Brewer", "Roy Brewer", "Brewer, Roy", "Brewer, Roy, M", "Brewer, R, M", "Brewer, R",

"Neil Reagan", "Reagan, Neil", "Reagan, N", "Sacramento "80" Files", "Motion Picture Industry

Council", "Labor League of Hollywood Voters", or "Motion Picture Alliance for the Preservation

of American Ideals."   This search identified both main files and cross-references.

### FBI'S USE OF MANUAL METHODS TO SEARCH FOR RESPONSIVE RECORDS

(152)   In addition to searching the CRS for records responsive to plaintiff's requests,

FBIHQ conducted manual searches on the following subject matters or individuals in specific

field offices, at the FBI's Alexandria Records Center ("ARC"), or at the Pocatello Information

Technology Center ("PITC"):

> (a)  Ronald Reagan............San Diego (SD), Sacramento (SC), PITC, Washington Field Office (WFO), Los Angeles (LA), San Francisco (SF), FBIHQ, and the ARC
>
> (b) Herbert Ellingwood......SD, SF, WFO, LA, FBIHQ, and the ARC
>
> (c) Alex Sherriffs...............SF
>
> (d) Roy Brewer...................LA, WFO
>
> (e) Neil Reagan...................LA, WFO, ARC
>
> (f) Sacramento "80" Files...SF
>
> (g) Motion Picture Industry Council..........LA, FBIHQ, ARC
>
> (h) Labor League of Hollywood Voters.....LA, FBIHQ, ARC

(i) Motion Picture Alliance for the
Preservation of American Ideals...........LA, HQ

## SEARCH RESULTS

(153)   Through these two search methods the FBI located an aggregate total of 22,373

pages of records responsive to plaintiff's requests, all of which are discussed in detail in the

Correspondence section, supra.  The FBI will submit a subsequent Vaughn declaration which

will discuss in a detailed fashion the nature of the records located through these searches and

explain each of the exemptions invoked to withhold certain of these records.

-33-

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibits A through II attached hereto are true and correct copies.

Executed this 2⁷ᵗʰ day of June, 2008.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.