JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102-3495
Telephone: (415) 436-7314
Facsimile: (415) 436-6748
Email: ellen.fitzgerald@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SETH ROSENFELD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, and UNITED STATES FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendants. | No. C 90-3576 MHP; No. C 85-1709 MHP<br>No. C 85-2247 MHP; No. C 07-3240 MHP<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

## INTRODUCTION

This case comes before the Court on the parties' cross-motions for partial summary judgment pursuant to Fed. R. Civ. Pro. 56. For the following reasons, the Court GRANTS defendants' motion for partial summary judgment in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Seth Rosenfeld, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522 et seq. By his complaint, plaintiff alleges that defendants have improperly withheld records responsive to his FOIA requests for agency records pertaining to the movie industry in Hollywood in the 1960s and 1970s. Specifically, Mr. Rosenfeld's 27 FOIA requests, dated from July 2004 to October 2006, seek the production of records related to

nine subjects: former President Ronald Reagan, Herbert Ellingwood, Alex Sherriffs, Roy M. Brewer, Neil Reagan, the "80" Files, the Motion Picture Industry Council, the Labor League of Hollywood Voters, and the Motion Picture Alliance for the Preservation of American Ideals.

I.   Plaintiff's FOIA Requests

The subject of this action is a series of 27 FOIA requests filed by plaintiff through which he sought access to FBI records pertaining to nine different individuals and organizations. Specifically, plaintiff's requests records pertaining to former President Ronald Reagan; Herbert Ellingwood (the former deputy general counsel to Ronald Reagan); Alex Sherriffs (a Vice Chancellor at Berkeley in the 1960s who became the State Education Advisor for then-Governor Ronald Reagan);[1] Roy Brewer (who headed the Hollywood branch of the movie industry's leading union of stage hands during the blacklist era, and was also the co-chairman with Ronald Reagan of the Screen Actors Guild); Neil Reagan (brother of Ronald Reagan and Hollywood agent); ten "80" files (files related to "Public Relations Matters"); the Motion Picture Industry Council; the Labor League of Hollywood Voters; and the Motion Picture Alliance for the Preservation of American Ideals. The scope of plaintiff's requests include main files, all see references, "Do Not File" files, channelized records, and search slips, including search slips used to process these requests, ELSUR records, Official and Confidential files, Official and Personal Files, JUNE Files, index cards, records that are or were maintained in SAC safes, and bulky exhibits. Moreover, Mr. Rosenfeld's requests have been directed not only to FBIHQ, but to the Los Angeles, Sacramento, San Francisco, San Diego, and Washington Field Offices.

A.   Request for Ronald Reagan Records (First Cause of Action)

---

[1] Mr. Rosenfeld's request for access to FBI documents concerning Ronald W. Reagan located at FBIHQ, San Francisco, Los Angeles, Sacramento, San Diego and Washington Field Offices, through January 1, 1979, straddles both the prior consolidated cases as well as this new case. Mr. Rosenfeld's attempt to fold challenges to this request into the prior Settlement Agreement were rejected by Magistrate Judge LaPorte at a December 2006 hearing, and Mr. Rosenfeld has included challenges to the FBI's document releases concerning Ronald Reagan in the context of this new lawsuit. To date, the FBI has processed and released approximately 2,786 pages related to Ronald W. Reagan, including a response to plaintiff's March 2, 1998 request for the FBI's search slips generated in responding to this request.

As part of the settlement of an earlier FOIA lawsuit by Rosenfeld, the FBI and Rosenfeld agreed to treat Rosenfeld's request for various records relating to Ronald Reagan as a new FOIA request that would be addressed separately from any earlier litigation.[2] Declaration of David Hardy, dated June 2, 2008 ("Hardy Decl.") ¶ 6; First Amended Complaint at ¶ 18. The FBI released 1,935 pages of responsive records to Rosenfeld by letter dated May 2, 1996, and an additional 851 pages of responsive records by letter dated February 27, 1997. Id. at ¶ 22. This latter letter stated that the enclosed document production completed the FBI's response to Rosenfeld's request. Id.

Rosenfeld appealed the FBI's FOIA response in two appeal letters dated July 28, 1997 and September 25, 1997. Hardy Decl. ¶¶ 8, 9. The FBI later released one additional page to Rosenfeld. Id. at ¶ 10.

B.    Request for Herbert Ellingwood Records

By six separate letters dated May 8, 2006, plaintiff submitted FOIA/Privacy Act requests to FBIHQ, the Los Angeles Field Office ("LAFO"), the Sacramento Field Office ("SFO"), the San Francisco Field Office ("SFFO"), the San Diego Field Office ("SDFO"), and the Washington Field Office ("WFO"), seeking access to any and all records including but not limited to all main files, all see references, "Do Not File" files, channelized records, search slips - including search slips used to process this request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits concerning Herbert Ellingwood. Hardy Decl. ¶ 22.

Defendant acknowledged receipt of plaintiff's requests and, by letter dated July 19, 2006, FBIHQ advised plaintiff that approximately 530 pages of responsive material had been located. Hardy Decl. ¶ 27. Plaintiff appealed. Hardy Decl. ¶ 28. By letter dated June 27, 2007, FBIHQ made an interim release of 46 out of 46 pages reviewed to plaintiff. Plaintiff was advised that

---

[2] Plaintiff's First Amended Complaint contains two causes of action for FOIA requests for records relating to Ronald Reagan. The First Cause of Action concerns requests made prior to the settlement of a prior lawsuit by plaintiff. Hardy Decl. ¶ 5. The Eighth Cause of Action pertains to another set of requests, dated August 7, 2007, for records about Ronald Reagan.

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
C 07-03240 MHP                                       3

certain information was withheld pursuant to FOIA Exemptions 2, 6, and 7(C), 5 U.S.C. §§ 552 (b)(2), (b)(6) and (b)(7)(C). Hardy Decl. ¶ 34. By letter dated November 13, 2007, FBIHQ made another interim release of 1319 pages out of 1489 pages reviewed to plaintiff. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 3, 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(3), (b)(6), (b)(7)(C) and (b)(7)(D).Hardy Decl. ¶ 36. By letter dated April 4, 2008, FBIHQ made a final release of 16 pages out of 16 pages reviewed to plaintiff. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). Hardy Decl. ¶ 38.

C.    Request for Alexander C. Sheriffs Records

By two separate letters dated July 8, 2004, plaintiff submitted FOIA/Privacy Act requests to FBIHQ and SFFO, seeking access to any and all records including but not limited to main files, see references, ELSUR, Official and Confidential files, Official and Personal Files, JUNE Files and "Do Not File" files concerning Alexander C. Sherriffs. Hardy Decl. ¶ 39. Defendants acknowledged receipt of plaintiff's requests, and by letter dated August 11, 2004, FBIHQ advised plaintiff that no records pertinent to his request were located by a search of the automated and manual indices. Hardy Decl. ¶ 41. Plaintiff appealed. Hardy Decl. ¶ 43. By letter dated July 16, 2007, defendants advised plaintiff that his appeal would be closed because the request was the subject of litigation. Hardy Decl. ¶ 50.

By letter dated April 1, 2008, defendants made a release of 22 pages out of 22 pages reviewed to plaintiff. Defendants further advised plaintiff that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C) and (b)(7)(D). Hardy Decl. ¶ 51.

D.    Request for Roy Brewer Records

On October 13, 2006, Rosenfeld made three FOIA requests to the FBI for records relating to Roy Brewer. First Amended Complaint at ¶ 70. When Rosenfeld had not received a response from the FBI by January 31, 2007, Rosenfeld filed an appeal with the FBI. Id. at ¶ 73. Rosenfeld filed a second appeal on March 1, 2007. Id. at ¶ 75.

On April 26, 2007, the FBI released 231 pages of records to Rosenfeld. First Amended Complaint at ¶ 76 and Exhibit QQ. Rosenfeld did not appeal this response. Hardy Decl. at ¶ 59.

By letter dated April 2, 2008, FBIHQ made another interim release of 290 pages out of 292 pages reviewed to plaintiff. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C), 7(D) and 7(E), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E). Hardy Decl. ¶ 61.

By letter dated April 10, 2008, FBIHQ made a final release of 130 pages out of 219 pages reviewed to plaintiff. Hardy Decl. ¶ 62. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 1, 2, 3, 6, 7(C), 7(D) and 7(E), 5 U.S.C. §§ 552 (b)(1), (b)(2), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D)and (b)(7)(E). Hardy Decl. ¶ 62. Plaintiff did not appeal this response. Hardy Decl. ¶ 63.

E.     Request for Neil Reagan Records

By three separate letters dated March 23, 2005, plaintiff submitted a FOIA/Privacy Act request to FBIHQ, WFO, and LAFO, seeking access to any and all records including but not limited to main files, all see references, "Do Not File" files, channelized records, search slips – including search slips used to process his request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits concerning Neil Reagan. Hardy Decl. ¶ 64.

By letter dated May 26, 2005, FBIHQ advised plaintiff that no records pertinent to his request were located by a search of the automated and manual indices either at FBIHQ, LAFO, or WFO. Hardy Decl. ¶ 69. Plaintiff appealed. Hardy Decl. ¶ 70.

By letter dated February 28, 2006, FBIHQ released 3 pages out of 3 pages reviewed in response to plaintiff's request. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). Hardy Decl. ¶ 76. By letter dated February 8, 2007, FBIHQ advised plaintiff that a search of the central records system for the requested information was being conducted. Hardy Decl. ¶ 78.

By letter dated September 4, 2007, FBIHQ released 88 pages out of 88 pages reviewed in response to plaintiff's request. Plaintiff was advised that certain information was

withheld pursuant to FOIA Exemptions 2, 6, 7(C), and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C), and (b)(7)(D). Hardy Decl. ¶ 82. By letter dated March 27, 2008, FBIHQ made a final release of 9 pages out of 9 pages reviewed to plaintiff. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C) and (b)(7)(D). Hardy Decl. ¶ 83.

F.  Request for "80" Files Records

By letters dated April 28, 2006 and May 8, 2006 respectively, plaintiff submitted FOIA/Privacy Act requests to FBIHQ and SFFO, seeking access to any and all records including but not limited to all main files, all see references, "Do Not File" files, channelized records, search slips - including search slips used to process this request, ELSUR records, index cards, and records that are or were maintained in SAC safes concerning the following Sacramento "80" classification main files: 80-130, 80-131, 80-132, 80-134, 80-135, 80-136, 80-137, 80-138, 80-139, and 80-140. Hardy Decl. ¶ 84. By letter dated September 25, 2006, FBIHQ released 94 pages out of 94 pages reviewed in response to plaintiff's request. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). Hardy Decl. ¶ 86. Plaintiff appealed. Hardy Decl. ¶ 87.

By letter dated December 21, 2006, FBIHQ acknowledged receipt of plaintiff's FOIA/Privacy Act request to FBIHQ and advised plaintiff that a search of the central records system for the requested information was being conducted. Hardy Decl. ¶ 90. By letter dated July 30, 2007, FBIHQ made a interim release of 967 pages out of 1040 pages reviewed to plaintiff. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C) and (b)(7)(D). Hardy Decl. ¶ 94. Plaintiff again appealed. Hardy Decl. ¶ 95.

By letter dated November 14, 2007, FBIHQ made a final release of 17 pages out of 21 pages reviewed to plaintiff. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(6), (b)(7)(C) and (b)(7)(D). Hardy Decl. ¶ 98.

G.     Records Pertaining to Motion Picture Industry Council

By two separate letters dated June 14, 2006, plaintiff submitted a FOIA/Privacy Act request to FBIHQ and LAFO, seeking access to any and all records including but not limited to all main files, all see references, "Do Not File" files, channelized records, search slips - including search slips used to process this request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits concerning Motion Picture Industry Council. Hardy Decl. ¶ 100.  By letter dated August 21, 2006, FBIHQ advised plaintiff that no records pertinent to his request were located by a search of the automated and manual indices at FBIHQ or LAFO.  Hardy Decl. ¶ 102.  Plaintiff appealed.  Hardy Decl. ¶ 103.

By letter dated February 8, 2007, FBIHQ informed plaintiff that a search of the indices in the central records system for responsive records was being conducted.  Hardy Decl. ¶ 107.  By letter dated March 13, 2007, FBIHQ released two CDs to the plaintiff.  Hardy Decl. ¶ 109.  By letter dated February 28, 2008, FBIHQ made a release of 1018 pages out of 1024 pages reviewed to plaintiff..  Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 1, 2, 3, 6, 7(C), 7(D) and 7(E), 5 U.S.C. §§ 552 (b)(1), (b)(2), (b)(3),  (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E).  Hardy Decl. ¶ 115.

H.     Records Pertaining to Labor League of Hollywood Voters

On June 14, 2006, Rosenfeld made a FOIA request to the FBI for records relating to the Labor League of Hollywood Voters.  Complaint at ¶97.  The FBI initially responded to this request on August 28, 2006, stating that it could find no responsive records. Id. at ¶103. Rosenfeld appealed this determination on October 16, 2006, and on December 19, 2006, the FBI remanded the case for further investigation into the existence of responsive records.  Id. at ¶¶ 106-07.

On April 25, 2007, the FBI provided Rosenfeld with 49 pages of responsive records concerning the Labor League of Hollywood Voters. Id. at ¶ 125.  Rosenfeld did not appeal this response. Hardy Decl. at ¶ 126.  Plaintiff did not appeal defendants' response. Hardy Decl. ¶ 127.

I.   <u>Records Pertaining to Motion Picture Alliance for the Preservation of American Ideals</u>

By two separate letters dated June 14, 2006, plaintiff submitted a FOIA/Privacy Act request to FBIHQ and LAFO, seeking access to any and all records including but not limited to all main files, all see references, "Do Not File" files, channelized records, search slips - including search slips used to process this request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits concerning the Motion Picture Alliance for the Preservation of American Ideals.  Hardy Decl. ¶ 128.

By letter dated September 28, 2007, FBIHQ made a release of 991 pages out of 1006 pages reviewed to plaintiff.  Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 3, 6, 7(C) and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(3), (b)(6), (b)(7)(C) and (b)(7)(D).  Hardy Decl. ¶ 137.

J.   <u>Records Pertaining to Ronald Reagan (Eighth Cause of Action)</u>

By six separate letters dated August 6, 2007, plaintiff submitted a FOIA/Privacy Act request to FBIHQ, LAFO, SFO, SFFO, SDFO, and WFO, seeking access to any and all records including but not limited to all main files, see references, search slips - including search slips used to process this request, index cards, abstract records, and copies of duplicate records that are distinguished by substantive administrative markings, including but not limited to any hand written notations on the document concerning Ronald Reagan that have not been previously released to plaintiff.  Hardy Decl. ¶ 139.

By letter dated April 11, 2008, FBIHQ released 35 pages out of 35 pages reviewed in response to plaintiff's request.  Hardy Decl.  ¶ 142.  Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C), and 7(D), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C), and (b)(7)(D).  <u>Id</u>. ¶ 142.  Plaintiff was also advised that the manual and automated indices at FBIHQ, LAFO, SFO, SFFO, SDFO, and WFO were re-checked in an effort to find any additional records identifiable with Ronald Reagan and that other than the enclosed documents, no additional records were located that were found to be responsive to his request.  <u>Id</u>. ¶ 142.

II.     The FBI's Search For, and Processing Of, Responsive Records

A.      The FBI's System of Records

The FBI maintains records, including administrative, applicant, criminal, personnel and other documents complied for law enforcement purposes, in its Central Records System ("CRS").  Hardy Decl. ¶ 144. The CRS consists of a numerical sequence of files, called FBI "classifications," which are broken down according to subject matter. Id.  The subject matter of a file may relate to an individual, organization, company, publication, activity, or foreign intelligence matter (or program).  Id. Some CRS records are located at FBIHQ, and other records that are pertinent to specific FBI field offices are maintained in those field offices. Id.

The FBI uses an Automated Case Support System ("ACS") to retrieve data from all Field Offices, Legal Attaches ("Legats") and FBIHQ.  Because the CRS cannot query the case files it contains for data, the FBI has converted and duplicated information and moved from CRS to the ACS so that searches can be performed.  Hardy Decl. ¶ 145.  The ACS contains General Indices which are arranged in alphabetical order; an entry in the General Indices is either a "main" entry or a "reference" entry.  Hardy Decl. ¶ 146.

The ACS has three separate automated applications that support the FBI's management of all investigative and administrative cases: Investigative Case Management ("ICM"), which allows the FBI to open, assign, and track leads; Electronic Case File ("ECF"), which serves as the central electronic repository for the FBI's official text-based documents; and Universal Index, which provides a complete subject/case index to all investigative and administrative cases.  Hardy Decl. ¶ 148.  UNI, an index of approximately 98.9 million records, functions to index names to cases, and to search names and cases for use in FBI investigations. Id. ¶ 148 (c). Names of individuals or organizations are  recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.  Id. ¶ 148(c).  The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. Id. ¶ 149.  The General Indices to the CRS files are the means by which the FBI can determine what retrievable

information, if any, the FBI may have in its CRS files on a particular subject matter or individual, issued within a specified time frame.

B.     The FBI's Search for Responsive Records

The FBI initiated a CRS search for records responsive to each of the plaintiff's requests on the following dates: Ronald Reagan (Eighth Cause of Action)(September 11, 2007); Herbert Ellingwood (June 1, 2006); Alex Sherriffs (July 22, 2004); Roy M. Brewer (November 17, 2006); Neil Reagan (April 15, 2005); Sacramento "80" Files (August 25, 2006); Motion Picture Industry Council (August 11, 2006); Labor League of Hollywood Voters (August 11, 2006); and Motion Picture Alliance for the Preservation of American Ideals (August 11, 2006). Hardy Decl. ¶ 151. The FBI used the following search terms to conduct the searches: "Ronald W Reagan", "Ronald Reagan", "Reagan, Ronald", "Ronald, Ronald, W", "Reagan, R, W", "Reagan, R,", "Herbert Ellingwood", "Ellingwood, H", "Ellingwood, Herbert", "Alex Sherriffs", "Sherriffs, Alex", Sherriffs, A", "Roy M Brewer", "Roy Brewer", "Brewer, Roy", "Brewer, Roy, M", "Brewer, R, M", "Brewer, R", "Neil Reagan", "Reagan, Neil", "Reagan, N", "Sacramento "80" Files", "Motion Picture Industry Council", "Labor League of Hollywood Voters", or "Motion Picture Alliance for the Preservation of American Ideals." This search identified both main files and cross-references. Id.

The FBI also conducted manual searches on the following subject matters or individuals in specific field offices, at the FBI's Alexandria Records Center or at the Pocatello Information Technology Center to locate records responsive to plaintiff's requests. Hardy Decl. ¶ 152.

C.     The FBI's Review of Responsive Records

The FBI's search located an aggregate of 22,373 pages of records responsive to plaintiff's requests. The FBI conducted a document-by-document review of the records and determined that some records would be released in full; some records would be released in part because they contained information exempt from disclosure and some records would be withheld in their entirety because they were exempt from disclosure under FOIA. The FBI has produced the non-exempt records to plaintiff. At a later date and in accordance with this Court's order, the

FBI will submit a Vaughn declaration which will address in detail the nature of the records located and will explain each of the exemptions invoked to withhold certain records. Hardy Decl. ¶ 152.

III.     Procedural History to Date

On or about June 19, 2007, plaintiff filed this action against the FBI[3] and DOJ, seeking documents relating to nine subjects: former President Ronald Reagan, Herbert Ellingwood, Alex Sherriffs, Roy M. Brewer, Neil Reagan, the "80" Files, the Motion Picture Industry Council, the Labor League of Hollywood Voters, and the Motion Picture Alliance for the Preservation of American Ideals. On or about July 20, 2007, defendants filed an administrative motion, seeking leave to file an early motion to dismiss certain of plaintiff's claims. This Court granted defendants' motion on or about September 26, 2007, and, on or about October 1, 2007, defendants filed a motion to dismiss certain  Instead of opposing defendants' motion, plaintiff filed a first amended complaint on or about October 22, 2007.

The parties appeared before this Court for a case management conference on February 25, 2008. In the Civil Pretrial Minutes entered after the case management conference, this Court ordered defendants to produce a narrative Vaughn index on or before April 28, 2008. The Court further ordered that the parties serve their cross-motions for summary judgment no later than June 2, 2008 and their oppositions no later than June 16, 2006.

On or about April 7, 2008, the parties filed a stipulation to modify the briefing schedule and a joint motion for clarification of the Court's Civil Pretrial Minutes.

On or about May 6, 2008, this Court ordered, pursuant to stipulation, that the parties were to serve cross-motions for summary judgment on all issues except for the applicability of asserted exemptions under FOIA on or before June 2, 2008.

---

[3] The FBI is not a proper defendant under FOIA, which only permits suits against "agencies." See 5 U.S.C. § 552(a)(4)(B). The FBI is a component of DOJ, the only appropriate defendant to this action.

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
C 07-03240 MHP                                                                 11

## ANALYSIS

I.  FOIA AND THE SUMMARY JUDGMENT STANDARD

FOIA was enacted to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Dept. of the Air Force v. Rose, 425 U.S. 352, 361 (1976) (internal quotation omitted). However, the public's interest in government information under FOIA is not absolute - '[i]t extends only to information that sheds light upon the government's performance of its duties." Hale ve. Department of Justice, 973 F.2d 894, 898 (10th Cir. 1992), vacated on other grounds, 509 U.S. 918 (1993). "Congress recognized . . . that public disclosure is not always in the public interest." CIA v. Sims, 471 U.S. 159, 166-67 (1985).

Thus, FOIA's "basic purpose" reflects a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." John Doe Agency v. John Doe Corp., 493 U.S. 146, 149 (1989)(quoting Rose, 425 U.S. at 360-361 (1976))(other citation omitted). FOIA is designed to achieve a workable balance between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy." John Doe, 493 U.S. at 152 (citation omitted).

FOIA actions are generally resolved through summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993). Summary judgment promotes judicial economy by preempting the trial of cases in which no genuine issue of material fact remains and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) and (e); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Upon demonstrating the absence of material fact, the burden shifts to the nonmoving party, who must go beyond the pleadings and designate "'*specific facts* showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)). The non-moving party cannot simply rest on her allegations without any significant probative evidence tending to

support the complaint. Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).

Here, the government must demonstrate on summary judgment that it conducted a search reasonably calculated to uncover all relevant documents and that any withheld material falls within a statutory exemption. Judicial Watch v. U.S. Dept. of Justice, 306 F.Supp.2d 58, 64 (D. D.C. 2004). See Schwarz v. Dept. of Treasury, 131 F.Supp.2d 142, 147 (D. D.C. 2000). The government may meet this burden by submitting declarations that describe the withheld material in reasonable detail and explain why it falls within the claimed FOIA exemption. *Id*. In accordance with this Court's order, dated May 6, 2008, defendant now serves their cross-motion for summary judgment on all issues except for the issue of the applicability of FOIA exemptions. The issue of whether defendants properly withheld records under any of FOIA's nine statutory exemptions will be the subject of a subsequent summary judgment motion.

II.     PLAINTIFF'S REQUEST FOR RONALD REAGAN RECORDS IS TIME-BARRED

Defendant is entitled to summary judgment because plaintiff's claims are barred, in part, by the applicable statute of limitations. The statute of limitations for filing a cause of action under FOIA is six years from accrual. Spannaus v. Dept. of Justice, 824 F.2d 52, 56 (D.C. Cir. 1987); Aftergood v. CIA, 225 F.Supp.2d 27, 29 (D.D.C. 2002); 28 U.S.C. § 2401(a). A FOIA claim accrues once a claimant has constructively exhausted administrative remedies, which in this case is when the time limit by which the agency must respond to the claimant's FOIA appeal expires. Aftergood, 225 F.Supp.2d at 29 (citing Spannaus, 824 F.2d at 57-58). A federal agency has 20 days to respond to a FOIA claimant's appeal. 5 U.S.C. § 552(a)(6)(A)(ii). The statute of limitations does not toll while a FOIA request is pending. Peck v. CIA, 787 F.Supp. 63, 66 (S.D.N.Y. 1992).

In a FOIA case, the statute of limitations is jurisdictional because it is a waiver of sovereign immunity and should thus be strictly construed in the government's favor. Peck, 787 F.Supp. at 64.

As Rosenfeld notes in his First Amended Complaint, the FBI completed its response to his Ronald Reagan FOIA request on February 27, 1997. First Amended Complaint at ¶22. And

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
C 07-03240 MHP                                    13

support the complaint. Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).

Here, the government must demonstrate on summary judgment that it conducted a search reasonably calculated to uncover all relevant documents and that any withheld material falls within a statutory exemption. Judicial Watch v. U.S. Dept. of Justice, 306 F.Supp.2d 58, 64 (D. D.C. 2004). See Schwarz v. Dept. of Treasury, 131 F.Supp.2d 142, 147 (D. D.C. 2000). The government may meet this burden by submitting declarations that describe the withheld material in reasonable detail and explain why it falls within the claimed FOIA exemption. *Id*. In accordance with this Court's order, dated May 6, 2008, defendant now serves their cross-motion for summary judgment on all issues except for the issue of the applicability of FOIA exemptions. The issue of whether defendants properly withheld records under any of FOIA's nine statutory exemptions will be the subject of a subsequent summary judgment motion.

II.     PLAINTIFF'S REQUEST FOR RONALD REAGAN RECORDS IS TIME-BARRED

Defendant is entitled to summary judgment because plaintiff's claims are barred, in part, by the applicable statute of limitations. The statute of limitations for filing a cause of action under FOIA is six years from accrual. Spannaus v. Dept. of Justice, 824 F.2d 52, 56 (D.C. Cir. 1987); Aftergood v. CIA, 225 F.Supp.2d 27, 29 (D.D.C. 2002); 28 U.S.C. § 2401(a). A FOIA claim accrues once a claimant has constructively exhausted administrative remedies, which in this case is when the time limit by which the agency must respond to the claimant's FOIA appeal expires. Aftergood, 225 F.Supp.2d at 29 (citing Spannaus, 824 F.2d at 57-58). A federal agency has 20 days to respond to a FOIA claimant's appeal. 5 U.S.C. § 552(a)(6)(A)(ii). The statute of limitations does not toll while a FOIA request is pending. Peck v. CIA, 787 F.Supp. 63, 66 (S.D.N.Y. 1992).

In a FOIA case, the statute of limitations is jurisdictional because it is a waiver of sovereign immunity and should thus be strictly construed in the government's favor. Peck, 787 F.Supp. at 64.

As Rosenfeld notes in his First Amended Complaint, the FBI completed its response to his Ronald Reagan FOIA request on February 27, 1997. First Amended Complaint at ¶22. And

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
C 07-03240 MHP                                    13

because Rosenfeld had appealed this response by September 25, 1997, his claim accrued – at the latest – on October 14, 1997.  See id. at ¶23.

Because the six-year statute of limitations under which Rosenfeld could have sued over the Ronald Reagan FOIA request expired – at the latest – in October 2003.  Plaintiff's claim relating to the Ronald Reagan documents is therefore time-barred, and defendants are entitled to the entry of summary judgment dismissing this claim.

### III. ROSENFELD FAILED TO EXHAUST THE REQUESTS FOR ROY BREWER AND LABOR LEAGUE OF HOLLYWOOD VOTERS RECORDS

Defendant is also entitled to summary judgment dismissing certain of plaintiff's FOIA requests because plaintiff failed to exhaust administrative remedies under the Freedom of Information Act, 5 U.S.C. 522 et seq., with respect to these requests.  A FOIA claimant who is dissatisfied with an agency's response to a FOIA request must file an administrative appeal with the agency.  Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004).  In the Ninth Circuit, this is a jurisdictional requirement.  United States v. Steele, 799 F.2d 461, 466 (9th Cir. 1986); Hymen v. Merit Systems Protection Board, 799 F.2d 1421, 1423 (9th Cir. 1986) (overruled on other grounds by Capital Tracing, Inc. v. United States, 63 F.3d 859 (9th Cir. 1995)).  The right to judicial review that ordinarily arises from the lack of a timely response lapses if an agency responds to the request at any time before the FOIA suit is filed, requiring that the claimant exhaust remedies with respect to that response.  Oglesby v. Dept. of the Army, 920 F.2d 57, 63-64 (D.C. Cir. 1990).

In the case of Rosenfeld's claim for records pertaining to Brewer, the FBI released documents to Rosenfeld on April 28, 2007.  Complaint at ¶69.  Rosenfeld failed to appeal this response. Hardy Decl. at ¶12.  In the case of Rosenfeld's claim for records pertaining to the Labor League of Hollywood Voters, the FBI released documents to Rosenfeld on April 25, 2007. Complaint at ¶113. Rosenfeld failed to appeal this response. Hardy Decl. at ¶20.  Therefore, plaintiff failed to exhaust administrative remedies with respect to his claim relating to the Roy Brewer and the Labor League of Hollywood Voters records, and defendants are entitled to the entry of summary judgment dismissing these two causes of action.

IV.    THE FBI CONDUCTED A REASONABLE SEARCH FOR RESPONSIVE RECORDS

A search for records responsive to a FOIA request need only be reasonable. Zemansky v. EPA, 767 F.2d 569, 571 (9th Cir. 1985). The agency meets this burden by showing that it made a "'good-faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'" Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 890 (D.C.Cir. 1995)(quoting Oglesby v. U.S. Dept. Of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990)). The key question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. U.S. Dept. Of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). "In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith." Id. (citing Weisberg v. U.S. Dept. Of Justice, 745 F.2d at 1485 (D.C. Cir. 1984).

The detailed description of the FBI's search for documents responsive to plaintiff's FOIA requests, as presented in the Hardy Declaration, demonstrates that the FBI's search for documents was "reasonably calculated to uncover all relevant documents." Zemansky, 767 F.2d at 571. The FBI conducted a search of the CRS using the following search terms: "Ronald W Reagan", "Ronald Reagan", "Reagan, Ronald", "Ronald, Ronald, W", "Reagan, R, W", "Reagan, R,", "Herbert Ellingwood", "Ellingwood, H", "Ellingwood, Herbert", "Alex Sherriffs", "Sherriffs, Alex", Sherriffs, A", "Roy M Brewer", "Roy Brewer", "Brewer, Roy", "Brewer, Roy, M", "Brewer, R, M", "Brewer, R", "Neil Reagan", "Reagan, Neil", "Reagan, N", "Sacramento "80" Files", "Motion Picture Industry Council", "Labor League of Hollywood Voters", or "Motion Picture Alliance for the Preservation of American Ideals." Hardy Decl. ¶ 150. The FBI's search identified both main files and cross-references in the CRS. Id. In addition, the FBI conducted manual searches for responsive records in Field Offices, the Alexandria Records Center, and the Pocatello Information Technology Center. Id. at 151. These two search methods located an aggregate of 22,373 records. Id. at 152.

The Court finds that the FBI's search for documents related to plaintiff's FOIA requests was reasonable, and defendants have thus met their burden of showing a good-faith effort to conduct an adequate search.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for partial summary judgment in its entirety.

IT IS SO ORDERED.

Dated: _____        _____
                            HON. MARILYN HALL PATEL
                            UNITED STATES DISTRICT JUDGE