James R. Wheaton, SBN 115230
David A. Greene, SBN 160107
FIRST AMENDMENT PROJECT
California Building
1736 Franklin Street, Ninth Floor
Oakland, CA 94612
Phone: (510) 208-7744
Facsimile: (510) 208-4562
wheaton@thefirstamendment.org
dgreene@thefirstamendment.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Seth Rosenfeld | Case No. 3:07-cv-03240-MHP |
| Plaintiff, | NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| Federal Bureau of Investigation, and United States Department of Justice | Date:   June 30, 2008 |
| | Time:  2:00 p.m. |
| Defendant. | Judge Marilyn Hall Patel |

# TABLE OF CONTENTS

**INTRODUCTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATEMENT OF FACTS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    **I.**    **THE DEFENDANTS MUST PROVE THAT THEY HAVE CONDUCTED AN ADEQUATE SEARCH AND PRODUCED ALL RESONSIVE RECORDS IN ORDER TO DEFEAT THIS SUMMARY JUDGMENT MOTION**. . . . . . . 2

    **II.**    **ROSENFELD EXHAUSTED HIS ADMINISTRATIVE REMEDIES FOR EACH OF HIS FOIA REQUESTS; EACH CAUSE OF ACTION IS THUS PROPERLY BEFORE THIS COURT**. . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    **III.**    **THE FBI FAILED TO FULFILL ITS DUTIES UNDER FOIA AND AS A RESULT HAS NOT PRODUCED ALL RESPONSIVE RECORDS TO ROSENFELD**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        **A.**    **THE SEARCH SLIPS PRODUCED DO NOT PROVIDE A CLEAR RECORD OF THE FBI'S EFFORTS**. . . . . . . . . . . . . . . . . . . . . . . . 4

        **B.**    **THE FBI DID NOT SEARCH ADEQUATELY FOR FIELD OFFICE RECORDS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        **C.**    **THE FBI HAS FAILED TO SEARCH ITS MANUAL, INACTIVE AND OTHER NON-AUTOMATED DATABASES**. . . . . . . . . . . . . . . . . . . 4

        **D.**    **THE FBI REFUSES CATEGORICALLY TO SEARCH FOR AND RELEASE ABSTRACTS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        **E.**    **THE FBI HAS NOT PROCESSED MOST CROSS REFERENCE RECORDS IN THE MANNER SPECIFIED IN ROSENFELD'S FOIA REQUESTS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    **IV.**    **THE FBI HAS FAILED TO CONDUCT AN ADEQUATE SEARCH FOR RECORDS WITH RESPECT TO EACH OF ROSENFELD'S FOIA REQUESTS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        **A.**    **RECORDS PERTAINING TO RONALD W. REAGAN**. . . . . . . . . . 6

            **1.**    **WHAT ROSENFELD REQUESTED**. . . . . . . . . . . . . . . . . . . . 6

            **2.**    **WHAT THE FBI RELEASED**. . . . . . . . . . . . . . . . . . . . . . . . 7

            **3.**    **HOW THE FBI FAILED TO COMPLY WITH FOIA**. . . . . . 8

                **a.**    **INADEQUATE SEARCHES OF FIELD OFFICES AND HEADQUARTERS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

                    **i.**    **THERE IS NO INDICATION THAT THE FBI PERFORMED THE SPECIFIC SEARCHES ROSENFELD REQUESTED**. . . . . . . . . . . . . . . 8

ii.   THE SEARCH SLIPS DEMONSTRATE THE INADEQUACY OF THE FBI'S SEARCHES. 10

iii.  THE PRE-PROCESSED RECORDS RELEASED TO ROSENFELD WERE LARGELY NOT RESPONSIVE TO HIS REQUESTS........ 11

b.   OUTSTANDING REFERRALS.................. 11

c.   OUTSTANDING CROSS REFERENCES AND MISCELLANEOUS RECORDS IDENTIFIED BUT NOT RELEASED. .................................. 11

d.   RE-PROCESSING OF PREVIOUSLY RELEASED RECORDS. ................................. 12

e.   OFFICE OF ORIGIN FILES NOT PRODUCED. ... 13

B.   RECORDS PERTAINING TO HERBERT ELLINGWOOD. ..... 13

1.   WHAT ROSENFELD REQUESTED. ................... 13

2.   WHAT THE FBI RELEASED......................... 14

3.   HOW THE FBI FAILED TO COMPLY WITH FOIA...... 14

C.   RECORDS PERTAINING TO ALEXANDER SHERRIFFS....... 15

1.   WHAT ROSENFELD REQUESTED. ................... 15

2.   WHAT THE FBI RELEASED......................... 16

3.   HOW THE FBI FAILED TO COMPLY WITH FOIA...... 16

D.   RECORDS PERTAINING TO ROY M. BREWER. ........... 17

1.   WHAT ROSENFELD REQUESTED. ................... 17

2.   WHAT THE FBI RELEASED......................... 17

3.   HOW THE FBI FAILED TO COMPLY WITH FOIA...... 18

E.   RECORDS PERTAINING TO NEIL REAGAN. ................ 18

1.   WHAT ROSENFELD REQUESTED. ................... 18

2.   WHAT THE FBI RELEASED......................... 19

3.   HOW THE FBI FAILED TO COMPLY WITH FOIA...... 19

F.   RECORDS PERTAINING TO "80 FILES"..................... 20

G.   RECORDS PERTAINING TO MOTION PICTURE INDUSTRY COUNCIL, LABOR LEAGUE OF HOLLYWOOD VOTERS AND MOTION PICTURE ALLIANCE FOR THE PRESERVATION OF AMERICAN IDEALS.................................... 20

1.   WHAT ROSENFELD REQUESTED. ................... 20

2.   WHAT THE FBI RELEASED......................... 21

3.   HOW THE FBI FAILED TO COMPLY WITH FOIA...... 21

CONCLUSION. ..................................................... 21

1

2

# TABLE OF AUTHORITIES

3

**FEDERAL CASES**

4

Campbell v. U.S. Dep't of Justice,

5

    164 F.3d 20 (D.C. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

6

7

Dobronski v. FCC,

8

    17 F.3d 275 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

9

Los Angeles Times Communications LLC v. U.S. Dep't of the Army,

10

    442 F. Supp. 2d 880 (C.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

11

12

Miscavige v. I.R.S.,

13

    2 F.3d 366 (11th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

14

Nat'l Res. Def. Council v. U.S. Dep't of Defense,

15

    388 F. Supp. 2d 1086 (C.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

16

Oglesby v. U.S. Dep't of the Army,

17

18

    920 F.2d 57 (D.C. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

19

Rosenfeld v. United States Dept. of Justice,

20

    57 F.3d 803 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21

Rosenfeld v. United States Dept. of Justice,

22

23

    761 F. Supp. 1440 (N.D. Cal. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

24

Ruotolo v. U.S. Dep't of Justice, Tax Div.,

25

    53 F.3d 4 (2nd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

26

Schrecker v. Department of Justice,

27

    254 F.3d 162 (D.C. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28

Schrecker v. U.S. Dep't of Justice,

349 F.3d 657 (D.C. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Weisberg v. U.S. Dep't of Justice,

745 F.2d 1476 (D.C. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Zemansky v. EPA,

67 F.2d 569, 571 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

United States  v. U.S. Dist. Court,

717 F.2d 478 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**UNITED STATES CODE**

5 U.S.C. § 552(a)(6)(A)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5 U.S.C. § 552(a)(6)(A)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5 U.S.C. § 552(a)(6)(C)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5 U.S.C. § 552(b)(7)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12

**CODE OF FEDERAL REGULATIONS**

28 C.F.R. § 16.9(c) (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**FEDERAL RULE OF CIVIL PROCEDURE**

Rule 26(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

Plaintiff Seth Rosenfeld's journalistic investigation of the FBI's operations with respect to the University of California has once again met considerable resistance from the FBI. The FBI largely ignores Rosenfeld's very specific requests for records and guidance as to where those records may be found. Instead, the FBI applies limited search procedures, making it unclear whether they actually searched any field office records or in specific indices or designated files. The FBI has also apparently declared some records, such as abstracts, totally off-limits, and refuses to search for and produce such records even when specifically requested to do so. The FBI has also refused to re-process previously-processed records in light of changed circumstances since the original processing that may have changed the applicability of exemptions.

This Court must order the FBI to search for and produce all requested records to Rosenfeld.

## STATEMENT OF FACTS

Rosenfeld is a professional journalist who for many years has been reporting on the FBI's activities in regard to the University of California. Rosenfeld's reporting has focused on nationally prominent events in and around the campus community, including but not limited to the loyalty oath of the 1950s, the civil rights movement of the early 1960s, the Free Speech Movement of 1964, the anti-war movement of the latter 1960s, the development of ethnic studies, other social and political movements, and individuals involved in those events. [Declaration of Seth Rosenfeld ("Rosenfeld Decl.") ¶ 2]

Rosenfeld's research has been based largely on FBI records released to him pursuant to requests and complaints filed under FOIA in the United States District Court for the Northern District of California in cases C 90-3576 MHP, C 85-1709 MHP, and C 85-2247 MHP. Pursuant to a settlement agreement entered by this Court in 1996, the Defendants have released numerous records, albeit not yet all. [Plaintiff's Exhibit A]  See Rosenfeld v. U.S. Dep't of Justice, 761 F. Supp. 1440, 1441-43 (N.D. Cal. 1991), and Rosenfeld v. U.S. Dep't of Justice, 57 F.3d 803, 806-07 (9th Cir. 1995).

Rosenfeld has continued his research. To that end, Rosenfeld submitted additional FOIA requests to the FBI. The details of each request that is the subject of this motion are set forth below.

1    Although the FBI has produced numerous pages of records to Rosenfeld in response to these
2    requests, it has grossly failed to comply with its duties under FOIA by refusing to search for and
3    release numerous other records.

### ARGUMENT

4    **I.    THE DEFENDANTS MUST PROVE THAT THEY CONDUCTED AN ADEQUATE
5         SEARCH AND PRODUCED ALL RESPONSIVE RECORDS IN ORDER TO
6         DEFEAT THIS SUMMARY JUDGMENT MOTION**

7    Summary judgment is the preferred method of adjudicating FOIA cases. Miscavige v. I.R.S.,
8    2 F.3d 366, 369 (11th Cir. 1993); Nat'l Res. Def. Council v. U.S. Dep't of Defense, 388 F. Supp. 2d
9    1086, 1094 (C.D. Cal. 2005). A court considering a FOIA summary judgment motion generally
10   conducts a two-stage inquiry. First, the Court must determine whether the agency has met its burden
11   of proving that it fully discharged its duties under FOIA. Zemansky v. EPA, 767 F.2d 569, 571 (9th
12   Cir. 1985). This burden remains with the agency even if the requestor is moving for summary
13   judgment, as he is here. See Los Angeles Times Communications LLC v. U.S. Dep't of the Army,
14   442 F. Supp. 2d 880, 894 (C.D. Cal. 2006) (cross-motions for summary judgment). Only if the
15   agency has met this burden does the Court move on to the second inquiry – whether the records not
16   disclosed are exempt from disclosure. See Dobronski v. FCC, 17 F.3d 275, 277 (9th Cir. 1994). In
17   the present case, the Court, pursuant to the request of the parties, has reserved that second
18   determination for a later proceeding. **Order**, (May 6, 2008).

19   With respect to the first question, an agency must produce specific evidence that proves that
20   it has conducted a search reasonably calculated to uncover all relevant documents requested.
21   Zemansky, 767 F.2d at 571. The adequacy of an agency's search for documents is judged by a
22   reasonableness standard, construing the facts in a light most favorable to the requester. Id. A search
23   will be considered adequate only if the agency has made "a good faith effort to conduct a search for
24   the requested records, using methods which can be reasonably expected to produce the information
25   requested." Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

26   A requestor may rebut an agency's assertion that it adequately searched its records by
27   suggesting specific places where responsive records may be found. See Weisberg v. U.S. Dep't of
28   Justice, 745 F.2d 1476, 1485, 1487 (D.C. Cir. 1984). But even in the absence of such suggestions,

1    an agency must demonstrate that it searched all records systems that are likely to turn up the

2    information requested. See Campbell v. U.S. Dep't of Justice, 164 F.3d 20, 28 (D.C. Cir. 1998).

3    **II.    ROSENFELD EXHAUSTED HIS ADMINISTRATIVE REMEDIES FOR EACH OF**
     **HIS FOIA REQUESTS; EACH CAUSE OF ACTION IS THUS PROPERLY BEFORE**
4    **THIS COURT**

5        A requestor may bring an action to enforce FOIA once he has exhausted his administrative

6    remedies. United States  v. U.S. Dist. Court, 717 F.2d 478, 480 (9th Cir. 1983). A FOIA requester's

7    "administrative remedies are 'deemed exhausted' if the agency fails to comply with the 'applicable

8    time limit' provisions of the FOIA." Ruotolo v. U.S. Dep't of Justice, Tax Div., 53 F.3d 4, 8 (2d Cir.

9    1995); 5 U.S.C. § 552(a)(6)(C)(i).

10       FOIA places the following time limits on agencies. Upon receiving a FOIA request, an

11   agency must "determine within twenty days . . . whether to comply with such request and shall

12   immediately notify the person making such request of such determination and the reasons therefor."

13   5 U.S.C. § 552(a)(6)(A)(i). Thus a requestor may file a FOIA lawsuit if the agency does not grant

14   or deny the request within 20 days. 5 U.S.C. 552(a)(6)(C)(i). An appeal is not required unless there

15   has been an adverse determination on the request. 28 C.F.R. § 16.9(c) (2006).

16       If the agency does timely deny the FOIA request, the requestor must then appeal the denial

17   to the agency.  28 C.F.R. § 16.9(c) (2006). An agency then has 20 days to make a determination of

18   the appeal.  5 U.S.C. § 552(a)(6)(A)(ii). Thus a requestor whose request has been denied may file

19   a FOIA lawsuit if the agency fails to rule on his appeal within 20 days of receipt of the appeal. See

20   5 U.S.C. § 552(a)(6)(C)(i).

21       Rosenfeld has exhausted his administrative remedies for each of the FOIA requests included

22   in this action. The First Amendment Complaint and the exhibits thereto set forth the complete record

23   of all requests, responses, and appeals. Defendants admitted in their Answer that these exhibits are

24   the best rendering of the relevant events.[1] [Answer]

25

26

27   _____

28       [1]Defendants' Answer also raised the statute of limitations as an affirmative defense. The
     same records establish that each action was timely filed.

III.  **THE FBI FAILED TO FULFILL ITS DUTIES UNDER FOIA AND AS A RESULT HAS NOT PRODUCED ALL RESPONSIVE RECORDS TO ROSENFELD**

Although each of Rosenfeld's FOIA requests included in this action involves specific issues regarding the FBI's failure to perform an adequate search for records, there are several issues that are common to each request.

A.  **THE SEARCH SLIPS PRODUCED DO NOT PROVIDE A CLEAR RECORD OF THE FBI'S EFFORTS**

As ordered by this Court, the FBI produced to Rosenfeld all the search slips it generated in processing his requests. **Order**, (May 6, 2008). However, the search slips produced do not provide a clear record of what was actually searched. The search slips are in many cases incomplete and do not indicate what kind of search was performed, what indices were searched, or which field office files were searched.  None of the  search slips that were produced were created at the field office to which the request was directed. [Plaintiff's Exhs. J, Q, R, V, Z, GG, MM, NN, OO]

The FBI has either (1) failed to comply fully with the Court's order and has withheld pertinent evidence from Rosenfeld in violation of Federal Rule of Civil Procedure 26(c), (2) kept vastly inadequate records of what searches it performed, and/or (3) did not search adequately for the records Rosenfeld requested.

B.  **THE FBI DID NOT SEARCH ADEQUATELY FOR FIELD OFFICE RECORDS**

As set forth below, each of Rosenfeld's FOIA requests was sent to at least one FBI field office. However, the FBI has failed to search adequately for field office records.

C.  **THE FBI HAS FAILED TO SEARCH ITS MANUAL, INACTIVE AND OTHER NON-AUTOMATED DATABASES**

Despite Rosenfeld's specific requests, detailed below, to search numerous manual indices, the FBI has in some cases not searched beyond the FBI's Central Records System (CRS) and other automated databases (ADB). This deficiency was admitted by the FBI in correspondence. [Plaintiff's Exh. B; Declaration of David A. Greene ("Greene Decl.") ¶2] In other instances, the FBI apparently conducted only a partial search of manual and/or inactive indices.

1

2

### D.    THE FBI REFUSES CATEGORICALLY TO SEARCH FOR AND RELEASE ABSTRACTS

The FBI has declared its abstracts[2] system off-limits to FOIA requesters. That is, even if a requester seeks "any and all records" or specifically requests abstracts, the FBI will not search them. Thus, the FBI did not release abstracts for any of the requests subject to this motion. [Plaintiff's Exhs. B,C; Greene Decl. ¶¶4,5]

This categorical exclusion of an entire records system is not authorized by FOIA. Courts have struck down similar categorical exclusions in the past, such as the FBI's former rule against searching "tickler" files. See Schrecker v. U.S. Dep't of Justice, 254 F.3d 162, 164 (D.C. Cir. 2001) ("Schrecker I"); Campbell, 164 F.3d at 27 n.1 (each holding that FBI must search tickler files). In those cases, the Court ordered that "tickler" files be searched. The FBI had refused to search any tickler files because the FBI could not be sure that a particular file even existed, and even if the files did exist, the FBI did not know where they were located. See Schrecker I, 254 F.3d at 164. The FBI has an even weaker case for categorically excluding abstracts. The FBI has articulated no reason why it cannot search and produce abstracts.

This Court should order the FBI to search and produce abstracts for each of the requests below.

### E.    THE FBI HAS NOT PROCESSED MOST CROSS REFERENCE RECORDS IN THE MANNER SPECIFIED IN ROSENFELD'S FOIA REQUESTS

In each request included herein, Rosenfeld specified the manner by which he wanted cross references[3] to be produced. Although there was some variation from request to request, Rosenfeld

---

[2]The abstract card system was used by the FBI between 1921 and 1979 to assist in the assignment of the next sequential serial number to an FBI document. Each card consists of a two to three sentence summary of the document's contents, and the document's date, file classification, case and serial numbers and author. For records that the FBI cannot locate, the abstract may be the only existing indication of that record's contents. Furthermore, the abstracts system was used by FBI officials to help them manage investigations. Thus, the abstracts provide useful information both about the subject of the documents and the FBI's administrative practices. [Rosenfeld Decl. ¶¶ 7-8]

[3]"Cross references," also known as "see references," are documents contained in files on other subjects in which information about the requested reference appears. [Rosenfeld Decl. ¶ 9]

typically specified that for larger cross reference documents, that the FBI produce the page on which the subject is referenced and a specified number of pages on either side of the reference, as well as any other pages needed for context. Rosenfeld also sought the first and last pages of the record.

In many of the cross reference records the FBI produced, it did not produce all of the pages Rosenfeld specifically requested. This Court should order the FBI to do so.

## IV.    THE FBI HAS FAILED TO CONDUCT AN ADEQUATE SEARCH FOR RECORDS WITH RESPECT TO EACH OF ROSENFELD'S FOIA REQUESTS

### A.    RECORDS PERTAINING TO RONALD W. REAGAN

#### 1.    WHAT ROSENFELD REQUESTED

The First and Eighth Causes of Action pertain to Rosenfeld's request for "Any and all records at FBI HQ, San Francisco, Los Angeles, Sacramento, San Diego, Washington Field Office, and all offices of origin on Ronald W. Reagan (date of birth 2/06/11; UC Regent ex officio c. 1966-1978), from the earliest records through January 1, 1979."[4] The Ronald Reagan records were originally requested as part of the January 1996 Settlement Agreement.[5] [Plaintiff's Exh. A at p. 11] The request was denoted FOIAPA Request No. 405,193 by the FBI. [Plaintiff's Exh. D]

After the FBI asserted that it had completed producing all the requested records, Rosenfeld, by letter dated May 4, 2006,[6] set out in specific detail how the FBI had not fully complied with its obligations under FOIA. [Plaintiff's Exh. E] The letter detailed how the FBI had failed to conduct adequate searches, and thus failed to provide all responsive records. The letter also requested that the FBI advise Rosenfeld of the status of parts of the request that remained pending, including the status of documents that FBI had referred to other agencies and documents that the FBI had

---

[4]Reagan was, of course, the 48th president. However, Rosenfeld's request predates his presidency and focuses instead on Reagan's roles as a prominent actor, president of the Screen Actor's Guild and California governor. [Rosenfeld Decl. ¶ 11]

[5]The settlement agreement provided, however, that the Ronald Reagan request be treated as a "new" request such that any issues arising from its processing would be subject to separate litigation. [Plaintiff's Exh. A at p.11]

[6]The FBI for the first time asserted that it had completed processing the Ronald Reagan records, and all other duties set forth in the Settlement Agreement, in its February 28, 2006 cover letter to its "final release" of records.[Plaintiff's Exh. F]

1    identified as responsive but could not find at the time. The letter also identified specific categories

2    of records that the FBI had not released, including "cross reference" documents.  [Plaintiff's Exh.

3    E]

4            On August 6, 2007, Rosenfeld submitted six new FOIA requests to the FBI's field offices

5    in San Diego, San Francisco, Sacramento, Los Angeles, and Washington, D.C., as well as to FBIHQ.

6    [Plaintiff's Exh. G] These requests sought the production of records Rosenfeld previously requested

7    regarding Ronald W. Reagan, excluding those that had already been produced to Rosenfeld. These

8    new Ronald Reagan requests expressly incorporated the May 4, 2006 letter and also specifically

9    requested that the FBI re-process the records that had already been produced to him in light of the

10   subsequent deaths of persons listed within them, subsequent declassification, or any other basis for

11   additional disclosure. [Plaintiff's Exh. G] Rosenfeld requested re-processing because information

12   that may have been validly withheld pursuant to the FOIA privacy exemption, 5 U.S.C. §

13   552(b)(7)(C), when the original request was processed, would now be subject to release.  Rosenfeld

14   also specifically requested all cross references, index cards and abstracts. [Plaintiff's Exh. G] These

15   requests were ultimately denoted FOIPA No. 1089424-000 by the FBI. [Plaintiff's Exh. H]

16               **2.     WHAT THE FBI RELEASED**

17           Between May 2, 1996 and July 2, 1999, the FBI released approximately 2895 pages of

18   records, plus search slips used to process the request, and an unspecified number of index cards from

19   FBI Headquarters. [First Amended Complaint ¶¶ 22-30] But as explained in the May 4, 2006 letter,

20   other components of the FOIA request remained to be processed. [Plaintiff's Exh. E; First Amended

21   Complaint ¶¶ 23-30]

22           Since the filing of the Complaint in this matter, the FBI has released the following additional

23   records:

24   •       5,995 pages of records that were previously processed for another requestor were produced

25           to Rosenfeld on November 28, 2007. [Plaintiff's Exh. H] These records were, however,

26           largely unresponsive to Rosenfeld's request. The vast majority of the records are dated after

27           the cut-off date for Rosenfeld's request, which was January 1, 1979. [Rosenfeld Decl. ¶ 17]

28   •       35 pages of records were produced on April 11, 2008. [Plaintiff's Exh. I]

### 3.    HOW THE FBI FAILED TO COMPLY WITH FOIA

Rosenfeld's May 4, 2006 letter set out several categories of records that had not been produced. Many of the defects noted in that letter remain uncorrected, including but not limited to those set forth as follows.

### a.    INADEQUATE SEARCHES OF FIELD OFFICES AND HEADQUARTERS

### i.    THERE IS NO INDICATION THAT THE FBI PERFORMED THE SPECIFIC SEARCHES ROSENFELD REQUESTED

Rosenfeld's May 4, 2006 letter detailed how the FBI's searches for Ronald Reagan was improperly narrow. The letter detailed indices that should have been searched, variations of search terms that should have been performed, and locations where responsive records were likely to have been found. [Plaintiff's Exh. E]

One of the major deficiencies pointed out in the letter was the FBI's failure to search properly for field office and FBIHQ records. In his May 4, 2006 letter, Rosenfeld explained that the FBI's search of the specified field offices were inadequate because, among other defects, "all reference" searches were not conducted. The letter indicated that the search for records at FBI Headquarters was defective because several indices had not been searched.  Rosenfeld thus, in that letter, specifically requested that the FBI search all of the indices including, but not limited to, the active, inactive, General, Confidential, ELSUR, FOIMS, Global, ISIS, OCIS, IIS, Micro, Regional, SDIS and ADB indices. Rosenfeld also requested that the FBI search all major case indices including COMPIC, HEARNAP, RYMUR and WEAFUG. [Plaintiff's Exh. E]

Rosenfeld also noted in the May 4, 2006 letter that numerous searches that should have been conducted were not. To address that deficiency, Rosenfeld asked the FBI to check in certain places likely to contain Ronald Reagan records. He specified that the FBI should search for the Ronald Reagan records in the files on COMPIC; the Screen Actors Guild; the Labor League of Hollywood Voters; the Motion Picture Industry Council; Herb Sorrell; the Hollywood Independent Citizens Committee of the Arts, Sciences and Professions; the Music Corporation of America; and in the records of the late actors Larry Parks, Howard Da Silva and Alexander Knox, about each of whom

1    Ronald Reagan is reported, in other FBI documents, to have provided the FBI information.

2    [Plaintiff's Exh. E]

3         Rosenfeld also noted the FBI's failure to search for information concerning Ronald Reagan's

4    1965 memoir, "Where's the Rest of Me? The Ronald Reagan Story," by searching under reasonable

5    variations of the title and the name of the co-author, Richard G. Hubler. [Plaintiff's Exh. E]

6         Rosenfeld also noted the FBI's failure to search for and release any and all records

7    concerning Reagan's meeting with the FBI around 1948 and his role in providing information to the

8    FBI, "including but not limited to informant reports, FD-302s and informant files such as 134

9    classification files." [Plaintiff's Exh. E]  Rosenfeld also asked the FBI to provide a copy of the pages

10   of the General Indices Statistical Data (GISD) book at headquarters and each field office showing

11   any and all records concerning Ronald Reagan. [Plaintiff's Exh. E]

12        Rosenfeld also requested that the FBI perform a six-way breakdown of Ronald Reagan's

13   name and also search for variations of "Governor, State of California" and "California Governor's

14   Office." [Plaintiff's Exh. E]

15        In response to Rosenfeld's detailed and specific request, the FBI responded summarily in its

16   April 11, 2008 cover letter, that "the manual and automated indices at FBIHQ and the San Francisco,

17   Los Angeles, Sacramento, San Diego, and Washington Field Offices were re-checked in an effort

18   to find any additional records identifiable with Ronald Reagan," and that only the 35 pages included

19   with the letter were located. [Plaintiff's Exh. I]

20          **ii.    THE   SEARCH   SLIPS   DEMONSTRATE   THE**

21                **INADEQUACY OF THE FBI'S SEARCHES**

22       The search slips produced by the FBI as a record of its fulfillment of the Ronald Reagan

23   records FOIA requests demonstrate that the FBI's effort was even more limited than it indicated in

24   the cover letter.

25       The search slips show that all searches were performed on the same date, September 10,

26   2007, by the same searcher. [Plaintiff's Exh. J] It appears that rather than actually searching for

27   records at the actual field offices, the FBI had a single person search the field office records remotely

28   from a single location or summarize incompletely the work that was done by others at various other

locations. There were no search slips that were created at any of the field offices, or for FBIHQ, or

which show that any searches were actually done at the specific offices. [Plaintiff's Exh. J; Rosenfeld Decl. ¶ 21]

Furthermore, the search slips do not indicate that an "all references" search was performed or otherwise indicate which indices were searched. Nor do the search slips indicate that the FBI searched any of the indices or case or subject files, or employed the other search terms Rosenfeld specifically indicated. [Plaintiff's Exh. J; Rosenfeld Decl. ¶ 20]

And perhaps most importantly, the search slips show that the FBI did not conduct many of the searches specified in the May 4, 2006 letter. [Plaintiff's Exh. E] Among those searches not performed were those pertaining to Reagan's autobiography and co-author, or the files of Alexander Knox, the Screen Actor's Guild, the six-way breakdown of Reagan's name and variations of "Governor, State of California." [Plaintiff's Exh. J; Rosenfeld Decl. ¶ 22]

As far as what was searched, the search slips indicate that there were only six cross references from the San Francisco field office for Ronald Reagan. [Plaintiff's Exh. J at p.4] It is difficult to believe that those six documents are the complete record of the FBI's files on Ronald Reagan in San Francisco. Surely, the FBI maintained voluminous records on the man who was, during the relevant time period, the Governor of California, a member of the board and then president of the Screen Actors Guild and a noted film actor when the FBI was actively investigating communism in Hollywood through the case it code-named COMPIC. [Rosenfeld Decl. ¶ 23]

Given the narrowness of this search it is perhaps not surprising that the FBI was only able to produce 35 pages of records to Rosenfeld on April 11, 2008. [Plaintiff's Exh. I]

### iii.    THE PRE-PROCESSED RECORDS RELEASED TO ROSENFELD WERE LARGELY NOT RESPONSIVE TO HIS REQUESTS

The FBI may claim that it has reasonably complied with the Ronald Reagan request by producing almost 6,000 pages on November 28, 2007. These pages were from a previously processed request and had been released to several other FOIA requesters prior to Rosenfeld. [Plaintiff's Exh. H; Rosenfeld Decl. ¶ 17] However, the released records are largely non-responsive to Rosenfeld's particular Ronald Reagan requests for the following reasons. First, as noted above, the vast majority of the records are dated after the cut off date for the requested records. Second, the released records

1    contain no field office records, even though plaintiff requested responsive records from the SF, SD,

2    LA, Sacramento and Washington field offices. Third, the released records contain no cross

3    references at all. Fourth, the released records do not contain all office of origin records.[Rosenfeld

4    Decl. ¶ 17]

### b.    OUTSTANDING REFERRALS

6    Prior correspondence from the FBI had identified dozens of documents that had been referred

7    to other governmental agencies for processing. Rosenfeld requested in his May 4, 2006 letter that

8    he be advised as to the status of these referrals, many of which are now over 12 years old. [Plaintiff's

9    Exh. E] The FBI has not responded to this request from Rosenfeld to be advised of the status of these

10   referrals. [Rosenfeld Decl. ¶ 24]

### c.    OUTSTANDING CROSS REFERENCES AND MISCELLANEOUS RECORDS IDENTIFIED BUT NOT RELEASED

13   The May 4, 2006 letter listed nine FBIHQ cross references that the FBI had indicated had

14   been identified as responsive but could not be found. The letter also listed four additional records

15   that were identified in FBI materials but not released. Rosenfeld sought an explanation of the status

16   of, and the production of, these cross references. [Plaintiff's Exh. E]

17   In the cover letter to its April 11, 2008 production, the FBI asserted that three records had

18   been destroyed (HQ 66-6575, SF 80-0-2602-A, SF 9-2094), three records could not be located (HQ

19   105-196603-5, HQ 62-112228-A, 62-112228-47-A), two records were accessioned to the National

20   Archives (HQ 91-01-1374, SC 194-4-1), and that one record (HQ main file 175-383) was included

21   in the pre-processed release of November 28, 2007. [Plaintiff's Exh. I]

22   The FBI's response is unsatisfactory. For the records that were apparently destroyed, the FBI

23   did not produce any records documenting the destruction – documents which themselves would be

24   responsive to Rosenfeld's requests. For the records that the FBI could not locate, the FBI must

25   demonstrate that reasonable efforts were made to find them. Regarding the records that the FBI

26   indicated were accessioned to the National Archives, the NARA has told Rosenfeld that it does not

27   have them. [Rosenfeld Decl. ¶ 25]

28   ///

### d.     RE-PROCESSING OF PREVIOUSLY RELEASED RECORDS

The balance of privacy rights made subject to 5 U.S.C. § 552(b)(7)(C) changes considerably after the subject named in the records dies. See Schrecker v. U.S. Dep't of Justice, 349 F.3d 657, 665 (D.C. Cir. 2003) ("Schrecker II"). The death of the subject diminishes the privacy interests, potentially tipping the balance in favor of disclosure. See id.

As a result, records processed at one point in time will reflect the balance of privacy rights at that specific time. Unless records are re-processed to take into account deaths and other changed circumstances between the initial processing and a scheduled re-release of the records, information to which no exemption applies will be improperly withheld.

Rosenfeld's August 6, 2007 request indicated that records previously released to him need not be re-released to him "unless there is additional information in them that was withheld but can now be disclosed." [Plaintiff's Exh. G] To facilitate such re-processing, Rosenfeld referred the FBI to and attached a copy of an earlier letter in which he provided the FBI with a list of individuals who were likely to appear in Ronald Reagan records who were deceased or public figures, and thus had greatly diminished privacy interests. [Plaintiff's Exh. G] In subsequent correspondence, for example, Rosenfeld requested that all information concerning the recently deceased Jane Wyman, Ronald Reagan's ex-wife, be released.

The FBI, however, disputes that it has any duty to re-process previously released records in light of subsequent deaths. [Plaintiff's Exh. C; Greene Decl. ¶¶ 4-5] The FBI admits that it did not reprocess any of the main or cross reference files. [Plaintiff's Exh. H]

This issue arises in two ways with the present Ronald Reagan requests.[7] First, the FBI did not re-process the 5,995 pages that had been processed for a prior requestor to see if any additional information within the records could be disclosed given the passage of time since the initial

---

[7]The merits of the applicability of the personal privacy or any other claimed FOIA exemption are beyond the scope of this summary judgment motion. **Order** (May 6, 2008). Rather, the issue to be addressed here is the FBI's duty to re-process previously released records instead of simply re-asserting an exemption.

1    processing. It simply gave Rosenfeld exactly what it gave the prior requester. [Plaintiff's Exhs. C,

2    H]

3         Second, the FBI likewise denies that it has a duty to re-process the records that were

4    previously released to Rosenfeld in 1998 and 1999. [Plaintiff's Exh. C; Greene Decl. ¶¶ 4-5]

5         By failing to re-process such records, the FBI has violated its duties under FOIA to produce

6    all responsive, non-exempt records.

7                    **e.    OFFICE OF ORIGIN FILES NOT PRODUCED**

8         Rosenfeld requested all office of origin files. Office of origin is any FBI office that originates

9    a case on a subject. This is usually the office closest to the subject of the investigation. But it may

10   also be FBIHQ. The search slips indicate that no such searches were performed. There may be

11   numerous office of origin records concerning Ronald Reagan that were not produced. [Rosenfeld

12   Decl. ¶23]

13            **B.    RECORDS PERTAINING TO HERBERT ELLINGWOOD**

14                **1.    WHAT ROSENFELD REQUESTED**

15        On May 8, 2006, Rosenfeld submitted a request to the Los Angeles, Sacramento, San

16   Francisco, San Diego, and Washington field offices, and FBIHQ, seeking "any and all records in any

17   way concerning the late Herbert E. Ellingwood, also known as Herb Ellingwood." [Plaintiff's Exh.

18   K][8] Rosenfeld specified that the FBI should search "any and all records, including but not limited

19   to the main files, see references, Do Not File files, channelized references, search slips, including

20   search slips used to process this request, ELSUR records, index cards, records that are or were

21   maintained in SAC safes, and bulky exhibits." Rosenfeld specified that the FBI conduct an "all

22   references" search of all automated and manual, active and inactive, indices. Rosenfeld further

---

24        [8]Herbert Ellingwood was a prosecutor in the Alameda County District Attorney's Office
25   in the early 1960s. In the later 1960s through the 1970s he served in Governor Reagan's cabinet,
     specializing in matters concerning law enforcement and civil unrest. Ellingwood's job included
26   monitoring and suppressing student protests at UC-Berkeley. Mr. Ellingwood was in frequent
     contact with FBI officials in his official capacity as a representative of Governor Reagan.  The
27   FBI considered him a special contact of the Sacramento FBI office, someone whom the head of
     that FBI field office had designated as an especially helpful source for investigations. [Plaintiff's
28   Exh. P; Rosenfeld Decl. ¶ 26]

1  specifically requested that the search be conducted using a six-way breakdown of Mr. Ellingwood's

2  name. [Plaintiff's Exh. K]

### 2.    WHAT THE FBI RELEASED

4  By letter dated July 19, 2006, the FBI responded that it had located approximately 530 pages

5  responsive to Rosenfeld's request. [Plaintiff's Exh. L] However, Rosenfeld received no records from

6  the FBI until almost a year later. On June 27, 2007, the FBI sent Rosenfeld an "interim release" of

7  46 pages. [Plaintiff's Exh. M] The 46 pages were apparently comprised of material from two files.

8  [Plaintiff's Exh. M]

9  More documents were produced afer the filing of the Complaint. An additional 1,286 pages,

10  from four files, were produced on November 13, 2007, which the cover letter characterized as the

11  "final release." [Plaintiff's Exh. N] An additional 14 pages were released on April 4, 2008. The

12  cover letter to this last release indicated that these additional pages were found after the FBI searched

13  "inactive indices concerning 'see references.'" [Plaintiff's Exh. O]

### 3.    HOW THE FBI FAILED TO COMPLY WITH FOIA

15  Like the Ronald Reagan request, Rosenfeld provided a great amount of detail and direction

16  to the FBI regarding this FOIA request.

17  However, according to the search slips it produced, the FBI did not conduct the full search

18  that Rosenfeld requested. The FBI conducted two separate searches for Ellingwood records. The first

19  search was conducted on May 24, 2006. The search slips indicate that only the automated databases

20  were searched, and that only main files were searched. The FBI apparently did not check either cross-

21  references or any of the manual or inactive indices. [Plaintiff's Exh. Q]

22  A second search was conducted on February 11, 2008. The cover letter to the April 4, 2008

23  release indicated that this was a search of unspecified inactive indices for cross references.

24  [Plaintiff's Exh. O]  The search slip does not specify what kind of search was performed. For the

25  FBIHQ records, the search slip shows that the only index searched was the "ADB-HQGI," apparently

26  the Automated Data Base- Head Quarters General Index.  [Plaintiff's Exh. R] Such a search would

27  not encompass all potentially responsive files, including but not limited to older files and see

28  references dating from the fifties, sixties and seventies. [Rosenfeld Decl. ¶ 31]

1   But for both searches, it is unclear what records actually housed at the actual field offices

2   were searched. [Plaintiff's Exhs. Q, R; Rosenfeld Decl. ¶ 31]

3   The records that were released contain very few records from the sixties and the seventies.

4   Instead, the vast majority of the released records concern Mr. Ellingwood's appointment in the 1980s

5   to President Reagan's administration. During this period, Mr. Ellingwood likely had numerous

6   contacts with the FBI concerning law enforcement, civil unrest and campus protests. Each of these

7   contacts would have generated numerous records. The records also contain few cross references. It

8   is likely that Mr. Ellingwood's name likely came up in other topics that were the subject of FBI

9   records. [Rosenfeld Decl. ¶ 31]

10   The FBI has thus not complied in full with Rosenfeld's request.

11   **C.    RECORDS PERTAINING TO ALEXANDER SHERRIFFS**

12   **1. WHAT ROSENFELD REQUESTED**

13   By letters dated July 8, 2004 and February 19, 2005, Rosenfeld requested from FBIHQ and

14   the San Francisco field office "any and all records in any way concerning Alexander C. Sherriffs."[9]

15   [Plaintiff's Exhs. S, T] Rosenfeld specifically requested "any and all records, in each and every

16   record system maintained by the FBI, on or offsite, including but not limited to main files, ELSUR,

17   Official and Confidential files, Official and Personal Files, JUNE Files and Do Not File files."

18   [Plaintiff's Exhs. S, T]

19   ///

20   ///

21

22   [9]The late Dr. Sherriffs was a psychology professor at UC-Berkeley from the fifties

23   through the late sixties. He was also a vice chancellor in charge of student affairs, and played a

24   key role in enforcing a rule that prohibited students from engaging in First Amendment political activity on campus, which led the students to respond with the Free Speech Movement, a major protest of the sixties. In addition, dating at least from the early sixties, Sherriffs was in frequent

25   contact with FBI agents at the San Francisco Field office, providing them with information about

26   students, professors and other administrators and their involvement in First Amendment activities and campus policies. In the late sixties, Dr. Sherriffs left the university to join Governor

27   Reagan's administration as education advisor. Rosenfeld believes that in this capacity, Dr.

28   Sherriffs continued to have frequent contact with FBI officials relative to campus dissent. [Rosenfeld Decl. ¶ 33]

1

2.     **WHAT THE FBI RELEASED**

Rosenfeld received no substantive response to his requests prior to the filing of the Complaint in this matter. By letter dated April 1, 2008, the FBI produced only 22 pages of records from 10 separate documents. [Plaintiff's Exh. U] Each document was from an FBI HQ file. No records from the San Francisco Field Office were produced. [Plaintiff's Exh. V]

3.     **HOW THE FBI FAILED TO COMPLY WITH FOIA**

The mere fact that the FBI claims to have only 22 pages on Mr. Sherriffs in and of itself indicates that the FBI did not search for responsive records. It is simply inconceivable that the FBI does not have more documents, and no documents at the San Francisco Field Office, pertaining to the man who played so prominent a role in events so closely watched by the FBI. [Rosenfeld Decl. ¶ 35]

Nor, however, has the FBI provided any information to suggest that it conducted an adequate search for these records. Unlike other releases, the FBI provided no information in its cover letter regarding what indices or field offices were searched. [Plaintiff's Exh. U]

Nor do the search slips indicate that an adequate search was performed. The search slips show that a single search was conducted on February 11, 2008. Again, the FBI did not provide search slips actually created at the San Francisco filed office, and it appears on the basis of the released search slip that grossly inadequate searches were conducted. The search slips do not indicate which indices were searched, whether an all references search was performed, whether active and inactive files were searched, or whether a manual search was performed. [Plaintiff's Exh. V]

The search slips do show that the FBI identified 13 cross reference documents FBIHQ and one main file from the San Francisco field office, denoted SF 80-928. The SF main file record could not be found and was not produced. [Plaintiff's Exh. V] But there is no evidence of what efforts were made to find this record. Four other records listed on the search slip (HQ 62-19060-2665, HQ 62-19060-2793, HQ 140-13514-18, HQ 100-151646-35) were not produced. One that was produced (HQ 62-103031-124x) is not listed on the search slip. No FBIHQ main files were located. [Plaintiff's Exh. V; Rosenfeld Decl. ¶ 36]

The search was thus inadequate.

D.      **RECORDS PERTAINING TO ROY M. BREWER**

1.      **WHAT ROSENFELD REQUESTED**

By three separate and identical letters dated October 13, 2006, Rosenfeld submitted requests to the FBI Washington Field Office, the Los Angeles Field Office, and FBIHQ for "any and all records in any way concerning the late Roy Martin Brewer."[10] [Plaintiff's Exh. W] Rosenfeld listed seven organizations with which Mr. Brewer was involved and requested that records concerning those organizations be checked for references to Mr. Brewer. Rosenfeld also requested that records concerning Ronald Reagan be checked for references to Mr. Brewer. [Plaintiff's Exh. W] Rosenfeld also specifically requested that all records be produced, including but not limited to "all main files, all see references, Do Not File files, channelized records, search slips, including search slips used to process this request, ELSUR records, index cards, records that are or were maintained in SAC safes, and bulky exhibits." [Plaintiff's Exh. W] Rosenfeld also specified that the FBI conduct an "'all references' check of all indices, both automated and manual, active and inactive." [Plaintiff's Exh. W]

2.      **WHAT THE FBI RELEASED**

The FBI released 231 pages on April 26, 2007. All records were from the Washington Field Office. [Plaintiff's Exh. X] No records from any other field offices were produced.

The FBI released an additional 290 pages on April 2, 2008. The cover letter to that disclosure indicated that these records were cross references identified when the central records system at FBIHQ was searched. [Plaintiff's Exh. Y]

3.      **HOW THE FBI FAILED TO COMPLY WITH FOIA**

It appears that the FBI did not search manual or inactive indices, or any of the other indices Rosenfeld specified in his request. Nor does it appear that the FBI checked for Brewer references in the records of the organizations identified in the FOIA request, nor in the Ronald Reagan records.

---

[10]The late Roy Brewer was a union official in Hollywood in the fifties and sixties who worked closely with Ronald Reagan to oust communists from the film industry. Rosenfeld is informed and believes that Mr. Brewer also worked closely with FBI agents to accomplish this goal. [Plaintiff's Exh. W; Rosenfeld Decl. ¶ 38]

The single search slip produced is undated and does not indicate which indices were searched or whether an all references search was performed. There are no search slips created at the individual field offices.[Plaintiff's Exh. Z]

The FBI did apparently search through the first 39 serials of FBI headquarters file, 100-138754, which was the FBI's main file on its investigation of communists in Hollywood, code-named "COMPIC." This is a massive file that consists of hundreds of serials, or documents. However, inexplicably, the FBI apparently stopped its search of this file at serial 39. There are likely numerous other serials in this file that concern Mr. Brewer and that are responsive to Rosenfeld's request. [Rosenfeld Decl. ¶ 41]

In addition, the FBI released relatively few cross references concerning Mr. Brewer. Given Mr. Brewer's activities there are likely numerous additional cross references that are responsive to Rosenfeld's request that should have been released. [Rosenfeld Decl. ¶ 42]

Even the FBI has indicated, in its April 2, 2008 cover letter, that there are more records on Mr. Brewer that remain to be produced. [Plaintiff's Exh. Y] But to date those records have not been released. [Rosenfeld Decl. ¶¶ 42, 43]

The FBI's response to Rosenfeld was thus inadequate.

**E.     RECORDS PERTAINING TO NEIL REAGAN**

**1.     WHAT ROSENFELD REQUESTED**

By three separate and identical letters dated March 23, 2005 to the FBI Washington Field Office, the Los Angeles Field Office, and FBI Headquarters, Rosenfeld requested "any and all records in any way concerning Neil Reagan."[11] [Plaintiff's Exh. AA] Rosenfeld again specifically requested that the FBI search "main files, see references, Do Not File files, channelized records, search slips, inclding search slips used to process this request, index cards, records that are or were maintained in SAC safes, and bulky exhibits." [Plaintiff's Exh. AA]

------

[11]The late Neil Reagan was the older brother of Ronald Reagan. He worked in advertising and public relations. In addition, starting in the late 1940s, he worked with the FBI, helping FBI agents gather information about people involved in left-wing political activity in Hollywood. Mr. Reagan described his work for the FBI in an oral history interview published by the State of California. [Plaintiff's Exh. FF; Rosenfeld Decl. ¶ 45]

1    ### 2.    WHAT THE FBI RELEASED

2    On May 26, 2005, the FBI responded that its search of the central records system files,

3    manual and ELSUR indices at FBI Headquarters, Los Angeles Field Office and Washington Field

4    Office revealed no records responsive to Rosenfeld's request. [Plaintiff's Exh. BB] On February 28,

5    2006, following Rosenfeld's administrative appeal, the FBI produced 3 pages of records. [Plainitiff's

6    Exh. CC] Eighty-eight additional pages were produced on September 4, 2007 after the filing of the

7    Complaint. [Plaintiff's Exh. DD] According to the cover letter to the release, the released files were

8    six cross-references located at FBIHQ. An additional 9 pages were released April 3, 2008.

9    [Plaintiff's Exh. EE] These pages were also cross references located at FBIHQ. [Plaintiff's Exh. EE]

10    These pages were mostly news clippings from the 1980s. [Rosenfeld Decl. ¶ 47]

11    ### 3.    HOW THE FBI FAILED TO COMPLY WITH FOIA

12    Again, it is impossible to tell from the released search slips what records the FBI searched

13    or did not search concerning Rosenfeld's request for records concerning Neil Reagan. The single-

14    paged search slip that the FBI released is incomplete; it does not indicate what records were searched

15    or not searched at each specified FBI office. The search slip only indicates that a single search for

16    records was performed on February 11, 2008. According to the search slip, no records were found

17    at either the Washington or Los Angeles Field Office. [Plaintiff's Exh. GG]

18    Neil Reagan was a confidential FBI informant. That fact is confirmed by an FBI record

19    [Plaintiff's Exh. HH] and by Reagan himself in his oral history. [Plaintiff's Exh.FF] Given Neil

20    Reagan's status as a confidential informant, the FBI must have numerous other responsive records

21    concerning Mr. Reagan including records relating to his work as an informant and his contacts with

22    the FBI. [Rosenfeld Decl. ¶ 50]

23    The FBI also failed to process cross references as requested. Rather than release the full

24    document, the FBI released only selected pages. As a result, it is impossible for Rosenfeld to have

25    a full and accurate understanding of the record and how it relates to Neil Reagan. [Rosenfeld Decl.

26    ¶ 51]

27    The FBI's search was thus inadequate.

28    ///

F.    **RECORDS PERTAINING TO "80 FILES"**

Rosenfeld does not contest that the FBI fully discharged its duty to search and produce the specified Sacramento Field Office files containing the "80" designation. Rosenfeld reserves the right to challenge the FBI's assertion of exemptions with respect to these records when the Court considers exemption issues.

G.    **RECORDS PERTAINING TO MOTION PICTURE INDUSTRY COUNCIL, LABOR LEAGUE OF HOLLYWOOD VOTERS AND MOTION PICTURE ALLIANCE FOR THE PRESERVATION OF AMERICAN IDEALS**

1.    **WHAT ROSENFELD REQUESTED**

By letters dated June 14, 2006, Rosenfeld sent copies of this request to the FBI's Los Angeles filed office and to FBIHQ. Rosenfeld requested "any and all records in any way concerning . . . the Motion Picture Industry Council, also known as MPIC, the Motion Picture Alliance for the Preservation of American Ideals, also known as MPA, [and] the Labor League of Hollywood Voters."[12] [Plaintiff's Exh.II] As with his other requests, Rosenfeld specifically requested that all indices be searched and all records produced. [Plaintiff's Exh. II]

2.    **WHAT THE FBI RELEASED**

On April 25, 2007, the FBI produced 49 pages on the Labor League. [Plaintiff's Exh. JJ] The cover letter does not indicate what searches were done. On September 28, 2007, the FBI produced 991 pages regarding MPA. [Plaintiff's Exh. KK] The cover letter does not indicate what searches were done. The FBI produced 1,018 pages on MPIC on February 28, 2008. [Plaintiff's Exh. LL]

///

///

///

---

[12]These three organizations existed in Hollywood in the Cold War era and were involved in eliminating suspected communists from the film industry. Among those active in, or in contact with, these groups, were Roy Brewer and Ronald Reagan. Rosenfeld believes that these groups, through their representatives, also had periodic contact with FBI agents and that the FBI created extensive records concerning these organizations, including but not limited to main files, see references, abstracts and index cards. [Rosenfeld Decl. ¶ 53]

### 3.    HOW THE FBI FAILED TO COMPLY WITH FOIA

As in the above cases, the released search slips either show that narrow and non-responsive searches were conducted, such as a search only of the Automated Data Base (ADB) or of Main files; or, the search slips are so incomplete that it is impossible to tell what files and indexes were searched at each FBI field office.[Plaintiff's Exhs. MM, NN, OO; Rosenfeld Decl. ¶ 56]

The FBI has released numerous pages in response to these three requests. However, Rosenfeld's review of the records  indicates that for the same reasons as those set forth above the FBI has not conducted a thorough search for, and released, all non-exempt responsive main files and cross references. [Rosenfeld Decl. ¶ 57]

The FBI thus failed to comply fully  with FOIA.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff Seth Rosenfeld's Motion for Summary Judgment and order the FBI to comply with FOIA in, including but not limited to, the following ways:

1. Fully process each of Rosenfeld's FOIA requests, including those seeking records pertaining to Ronald Reagan as detailed in the May 4, 2006 and August 6, 2007 letters; search all automated and manual indices specified by Rosenfeld, all subjects and search terms specified by Rosenfeld and in all locations by Rosenfeld; perform searches at the specified filed offices;

2. Search and produce abstracts for each requested subject;

3. Re-process all previously processed responsive records, whether previously processed fro Rosenfeld or another requester, to take into account deaths of individuals appearing in those records and other changed circumstances;

4. Process all cross references in the manner specified by Rosenfeld; and

5. Create an accurate and thorough record of how al searches were conducted and produce those records to Rosenfeld;

DATED: June 2, 2008                    Respectfully submitted,

James R. Wheaton
David A. Greene
FIRST AMENDMENT PROJECT


By:            /s/
Attorneys for Plaintiff
SETH ROSENFELD