1   JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney
2   JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
3   ELLEN M. FITZGERALD (NY 2408805)
    Assistant United States Attorney
4   450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
5   Telephone:    (415) 436-7314
    Facsimile:    (415) 436-6748
6   Email:        ellen.fitzgerald@usdoj.gov

7   Attorneys for Defendants

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11  SETH ROSENFELD,                )   No. C 90-3576 MHP; No. C 85-1709 MHP
                                   )   No. C 85-2247 MHP; No. C 07-3240 MHP
12              Plaintiff,         )
                                   )
13          v.                     )   **DEFENDANT'S MEMORANDUM OF**
                                   )   **LAW IN OPPOSITION TO**
14  UNITED STATES DEPARTMENT OF    )   **PLAINTIFF'S CROSS-MOTION FOR**
    JUSTICE, and UNITED STATES     )   **PARTIAL SUMMARY JUDGMENT**
15  FEDERAL BUREAU OF              )
    INVESTIGATION,                 )   Hearing Date: June 30, 2008
16                                 )   Time:          2:00 p.m.
                Defendants.        )   Courtroom:     11, 19th Floor
17  _____)

18                      MEMORANDUM OF LAW

19                    PRELIMINARY STATEMENT

20          Defendants, the United States Department of Justice and the United States Federal

21  Bureau of Investigation ("FBI"), by and through their undersigned attorneys and upon the

22  annexed declaration of David M. Hardy, dated June 16, 2008 ("Hardy Decl."), hereby oppose

23  plaintiff's cross-motion for partial summary judgment.

24  //

25  //

26  //

27  //

28  //

DEFENDANTS' OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
C 07-03240 MHP

ARGUMENT

I.    THE FBI'S SEARCH WAS REASONABLY CALCULATED TO UNCOVER
      RESPONSIVE RECORDS AT ALL FIELD OFFICES

        FOIA "does not mandate" that the FBI comply with requests for "an all-encompassing

search of the records of every field office" of the agency.  Marks v. United States Dept. of

Justice, 578 F.2d 261, 263 (9th Cir. 1978).  Department of Justice FOIA regulations, moreover,

put plaintiff on notice that it was his responsibility to direct his requests to the FBI field offices

that were most likely to have responsive records.  See 28 C.F.R. § 16.3(a).  Here, the FBI

searched for records at all the field offices to which plaintiff sent a request for records.  Hardy

Decl. ¶ 22.

        The search slips provided to plaintiff document the searches conducted by the staff at FBI

Headquarters.  Hardy Decl. ¶ 6.  The FBI field offices are no longer required to create search

slips. Id.  The FBI has compiled the search slips from those few field offices that did use search

slips and will make these available to plaintiff on or before June 30, 2008.

II.    THE FBI PERFORMED MANUAL SEARCHES FOR RESPONSIVE RECORDS

        As set forth in defendants' memorandum of law in support of their cross-motion for

partial summary judgment, the FBI conducted manual searches for records pertaining to the

subject matters or individuals in plaintiff's requests in specific field offices, at the FBI's

Alexandria Records Center, or at the Pocatello Information Technology Center ("PITC").  See

Defendants' Memorandum of Law at 17.  The specific field offices also performed manual

searches on the following dates:

| (a) | Ronald Reagan | San Diego (SD) | 01/22/2008 |
| | | Sacramento (SC) | 01/22/2008 |
| | | PITC | 02/06/2008 |
| | | Washington Field Office (WFO) | 02/22/2008 |
| | | Los Angeles (LA) | 01/22/2008 |
| | | San Francisco (SF) | 02/06/2008 |
| (b) | Herbert Ellingwood | SD | 07/21/2006 |
| | | SF | 07/21/2006 |
| | | WFO | 07/21/2006 |
| | | LA | 07/18/2006 |
| (c) | Alex Sherriffs | SF | 07/29/2004 |
| (d) | Roy Brewer | LA | 12/01/2006 |
| | | WFO | 11/29/2006 |

| (e) | Neil Reagan | LA | 05/23/2005 |
| | | | 03/10/2008 |
| | | WFO | 05/23/2005 |
| | | | 03/10/2008 |
| (f) | Motion Picture Industry Council | LA | 08/18/2006 |
| (g) | Labor League of Hollywood Voters | LA | 08/18/2006 |
| (h) | Motion Picture Alliance for the Preservation of American Ideals | LA | 08/18/2006 |

Hardy Decl. ¶ 6.

The FBI also searched the Electronic Surveillance Indices, which has its own system of records notice. Hardy Decl. ¶ 20.

With respect to the specific search for records relating to Roy Brewer, the FBI conducted a good faith search and processed all serials in which Brewer's name was indexed in file 100-138754. Hardy Decl. ¶ 24. His name appeared in 39 of the serials, and the FBI processed these documents. Id. The FBI does not conduct a page-by-page review of an entire file where the individual is indexed as a cross-reference for particular serials. Id.

III.    IT IS UNREASONABLE TO REQUIRE THE FBI TO CONDUCT MANUAL SEARCHES OF MILLIONS OF ABSTRACTS

From 1921 to 1979, the FBI used abstract cards as part of its numerical filing system. Hardy Decl. ¶ 8. The abstract card system was a tool used by FBI clerical employees (before the change to automated record keeping) to assign the next sequential serial number to a document in a particular file, as well as to quickly distinguish documents within a given file. Id. The entry-level clerks who typed abstract cards were neither trained nor expected to interpret the documents in front of them. Id. ¶ 9. These employees simply typed a two or three sentence summary of the information onto the abstract card in order to memorialize the receipt of a new document and the assignment of a new serial for placement in the file; they did not determine the importance of the contents of the document. Id.

There are approximately 2,000 boxes of abstract cards stored in the Federal Records Center facility in Suitland, Maryland. Hardy Decl. ¶ 13. They have been in storage for over twenty years. Id. ¶ 12. The abstract cards are not now and were never intended to be used as a means to search for and retrieve documents from a case file. Id. There is no master index for the abstract cards contained within each box and many boxes are devoid of markings. Id. ¶ 13.

Unlike the case files, which the FBI has searched for responsive records via the automated case retrieval system, the abstract card system must be hand-searched because it is not automated. Id. ¶ 14. Abstracts cannot be searched by subject matter. Id.

The FBI estimates that a hand-search of approximately 2,000 boxes of abstract cards, containing 15,000 cards each, would take one FBI employee 38 years to complete.[1] Hardy Decl. ¶ 15. The individual performing the search would have to review each card for each of the nine subjects requested by plaintiff; it would take approximately one week to review one box of abstract cards. Id.

Plaintiff's demand that the FBI search for and process all abstract cards for each of the subjects of his FOIA requests is unreasonable because the FBI would have to conduct a search by-hand. As set forth in the Hardy Declaration, the FBI's efforts to find documents responsive to plaintiff's requests were reasonable and adequate and fulfilled the agency's statutory search requirements. See Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986). The FBI is only required to perform a search that is *reasonable*, "it does not have to be exhaustive." Youngblood v. Commissioner, 2000 WL 852449 at * 6 (C.D. Cal. March 6, 2000) (emphasis added). FOIA requires that the FBI must only respond to a request that "reasonably describes" the records such that a search can be conducted by a "professional employee of the agency who [is] familiar with the subject area of the request to locate the record with a reasonable amount of effort." Marks v. United States Dept. of Justice, 578 F.2d 261, 263 (9th Cir. 1978). The Ninth Circuit concluded that "[i]t would be an unreasonable interpretation of the FOIA" to construe it to require an open-ended search of abstract cards, and [t]his is particularly true when the agency has made a good faith effort to comply." 578 F.2d at 263.

## IV. THE FBI SEARCHED FOR CROSS-REFERENCES FOR ALL SUBJECTS REQUESTED BY PLAINTIFF

A cross-reference is a mention or reference to an individual or organization contained in a document in a different main file on a different subject matter. Hardy Decl. ¶ 16. The FBI searched for cross-references for all subjects requested by plaintiff. Id. The FBI considers cross-reference pages to be responsive when the pages mention the subject of a request and

---

[1] In addition, it would cost the FBI approximately $60,000 to have the boxes removed from the records storage facility for processing and returned.

pages contain context for the pages in which the subject of the request was mentioned.  Id.
These responsive pages giving context include the first page of the document, which contains the
date and subject matter, as well as any other pages that explain the context of the page where the
subject is mentioned.  Id.  The remaining pages within a cross-reference document are "outside
the scope" of the request.  Id.

V.    THE FBI WILL REPROCESS RONALD REAGAN RECORDS RELEASED TO
      PLAINTIFF ON MAY 2, 1996 AND FEBRUARY 27, 1997

FBI records pertaining to Ronald Reagan are indexed either by his name in main files on
him or in cross-references mentioning him. Hardy Decl. ¶ 18.  A search of the CRS located all
records that were indexed to his name, and these records were processed. Id. To find any
mention of "Ronald Reagan" in all the files listed by plaintiff would require a page-by-page
review of each file. Id. ¶ 19.  The FBI does not conduct such reviews of serials and/or files in
which a subject is not indexed as either a main entry or a cross-reference. Id.

The FBI interpreted plaintiff's August 6, 2007 letter as a request only for any additional
records on Ronald Reagan not previously produced to him by the FBI.  The FBI, however, will
reprocess the records released in the FBI's letters to plaintiff, dated May 2, 1996, and
February 27, 1997, and will search for subsequent deaths of individuals listed in the records,
subsequent declassification, or any other basis for additional disclosure.  The FBI will also
handle the referrals related to these responsive records once again.

//
//
//
//
//
//
//
//
//
//
//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONCLUSION

For the foregoing reasons and for the reasons set forth in defendants' memorandum of law in support of its cross-motion for partial summary judgment and the accompanying declarations and exhibits, defendant's cross-motion for partial summary judgment should be granted in all respects and the Court should grant such other and further relief as the Court may deem just and proper.


Dated: June 16, 2008

                                        Respectfully submitted,

                                        JOSEPH P. RUSSONIELLO
                                        United States Attorney

                        By:     _____/s/_____
                                        ELLEN M. FITZGERALD
                                        Assistant United States Attorney
                                        Attorney for Defendant