1  David A. Greene, SBN 160107
   James R. Wheaton, SBN 115230
2  FIRST AMENDMENT PROJECT
   1736 Franklin Street, 9th Floor
3  Oakland, CA 94612
   Tel: (510) 208-7744
4  Fax: (510) 208-4562
   wheaton@thefirstamendment.org
5  dgreene@thefirstamendment.org

6  Attorneys for Plaintiff Seth Rosenfeld

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12 | SETH ROSENFELD,                  )
13 |                                  ) Case No. 3:07-cv-03240-MHP
   |         Plaintiff,               )
14 |                                  )
15 |    v.                            )
   |                                  ) PLAINTIFF'S OBJECTIONS TO, AND
16 |                                  ) MOTION TO STRIKE, DEFENDANT'S
   | UNITED STATES DEPARTMENT OF      ) EVIDENCE
17 | JUSTICE, and UNITED STATES       )
   | FEDERAL BUREAU OF                )
18 | INVESTIGATION,                   )
19 |                                  ) Date: June 30, 2008
   |         Defendants.              ) Time: 2:00 p.m.
20 |                                  ) Judge Marilyn Hall Patel

21
22
23
24
25
26
27
28

## OBJECTIONS

PLAINTIFF HEREBY OBJECTS to the following evidence submitted by Defendant in support of its Motion for Partial Summary Judgment.

| EVIDENCE | OBJECTION |
|---|---|
| Declaration of David Hardy in Support of Defendants' Motion for Partial Summary Judgment ("Hardy Decl.") ¶¶ 144-153 | FRCP 37(c)(1): To the extent the declarant derived his statements from documentary evidence of the FBI's efforts to search for the records Rosenfeld requested, and such documentary evidence was not initially disclosed to Rosenfeld pursuant to Fed. R. Civ. Pro. 26(a), the statements are inadmissible pursuant to Fed. R. Civ. Pro. 37(c)(1). |
| Hardy Decl. ¶ 13: "By letter dated February 26, 1999, **DOJ OIP released approximately 25% of the search slips requested by plaintiff.** By letter date March 12, 1999, DOJ OIP released a copy of the FBIHQ index cards for the Ronald Reagan search." | (1) Hearsay: Declarant asserts the truth of the out-of-court statement that the FBI released approximately 25% of the search slips.<br><br>(2) Lacks foundation: declarant does not explain the basis for his knowledge of the facts in the statement<br><br>(3) Lacks personal knowledge: declarant does not establish that he has first-hand knowledge of the facts in his statement |
| Hardy Decl. ¶ 39: "**The FBI has confirmed that DOJ OIP has no record of receiving an administrative appeal of the FBI's April 4, 2008 release of records responsive to plaintiff's request.**" | (1) Hearsay: The declarant seeks to prove the truth of the out-of-court statement that the FBI confirmed that the DOJ OIP did not, in fact, receive an administrative appeal of the FBI's April 4, 2008 release of records.<br><br>(2) Lacks personal knowledge: The declarant fails to show that he has personal knowledge of the facts asserted.<br><br>(3) Lacks foundation: The declarant fails to show the basis for his knowledge of the asserted facts. |

| | |
|---|---|
| Hardy Decl. ¶ 60: "Our administrative records show that RIDS personnel closed plaintiff's October 13, 2006 request on April 26, 2007." | (1) Hearsay: The declarant asserts the truth of the contents of the administrative records that are not in evidence<br><br>(2) Best evidence: The records themselves are the best evidence of their contents<br><br>(3) Lacks personal knowledge: The declarant fails to show that he has personal knowledge of the contents of the administrative records<br><br>(4) Lacks foundation: The declarant fails to establish the basis for his knowledge of the contents of the administrative records |
| Hardy Decl. ¶ 60: "On July 20, 2007, DOJ OIP confirmed that no appeal had been filed by plaintiff since the FBI's April 26, 2007 release." | (1) Hearsay: the declarant seeks to prove the truth of the OIP's out-of-court assertion.<br><br>(2) Lacks personal knowledge: The declarant has failed to show that he has personal knowledge of either the OIP's communication with the FBI or the truth of the OIP's assertion.<br><br>(3) Lacks foundation: The declarant fails to show the basis for his knowledge of the assertions. |
| Hardy Decl. ¶ 64: "The FBI has confirmed that DOJ OIP has no record of receiving an administrative appeal of the FBI's April 10, 2008 release of records responsive to plaintiff's requests." | (1) Hearsay: The declarant seeks to prove the truth of the out-of-court statements made between the FBI and OIP, specifically the purported assertion by OIP that it did not receive an administrative appeal<br><br>(2) Lacks personal knowledge: The declarant fails to establish that he has personal knowledge of the communications between the FBI and OIP.<br><br>(3) Lacks foundation: The declarant fails to establish that the basis for his knowledge of the communication between the FBI and OIP. |

| | |
|---|---|
| Hardy Decl. ¶ 128: "**The FBI has confirmed that DOJ OIP has no record of receiving an administrative appeal from plaintiff in connection with the FBI's April 25, 2007 release.**" | (1) Hearsay: The declarant seeks to prove the truth of the statements pruportedly made by OIP to the FBI.<br><br>(2) Lacks foundation: The declarant does not establish that he has personal knowledge of the communications between the FBI and OIP.<br><br>(3) Lacks foundation: The declarant does not demonstrate the basis for his purported knoweldge of the communications between the FBI and OIP. |
| Hardy Decl. ¶ 144: "In this case, **the FBI has employed two mechanisms as part of its search efforts to identify records responsive to plaintiff's requests**. These methods are the same methods that the FBI uses to search for records potentially responsive to any other FOIA/Privacy Act request it receives. **In order to locate records responsive to plaintiff's request, the FBI conducted a search for records by 1) conducting a search for records in the FBI's Central Records System ("CRS"), and 2) performing manual searches for potentially responsive records.**" | (1) Lacks personal knowledge: The declarant fails to show that he has personal knowledge of the matters about which he attests.<br><br>(2) Lacks foundation: The declarant fails to demonstrate the basis for his purported knowledge of the matters about which he attests. |
| Hardy Decl. ¶ 151 | (1) Lacks personal knowledge: The declarant fails to show that he has personal knowledge of the matters about which he attests.<br><br>(2) Lacks foundation: The declarant fails to demonstrate the basis for his purported knowledge of the matters about which he attests. |

| | |
|---|---|
| Hardy ¶ 152 | (1) Lacks personal knowledge: The declarant fails to show that he has personal knowledge of the matters about which he attests.<br><br>(2) Lacks foundation: The declarant fails to demonstrate the basis for his purported knowledge of the matters about which he attests. |

## MOTION TO EXCLUDE EVIDENCE

Plaintiff hereby moves to exclude the preceding evidence.

Respectfully submitted,

DATED: June 16, 2008          By: _____/s/_____

James R. Wheaton
David A. Greene
FIRST AMENDMENT PROJECT
Attorneys for Plaintiff