1   JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney
2   JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
3   ELLEN M. FITZGERALD (NY 2408805)
    Assistant United States Attorney
4   450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
5   Telephone:  (415) 436-7314
    Facsimile:  (415) 436-6748
6   Email:  ellen.fitzgerald@usdoj.gov

7   Attorneys for Defendants

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  SETH ROSENFELD,                    )   No. C 90-3576 MHP; No. C 85-1709 MHP
                                       )   No. C 85-2247 MHP; No. C 07-3240 MHP
12                 Plaintiff,          )
                                       )
13        v.                           )   **(AMENDED) THIRD DECLARATION
                                       )   OF DAVID M. HARDY**
14  UNITED STATES DEPARTMENT OF        )
    JUSTICE, and UNITED STATES         )
15  FEDERAL BUREAU OF                  )
    INVESTIGATION,                     )
16                                     )
                   Defendants.         )
17  _____  )

18

19

20

21

22

23

24

25

26

27

28

(AMENDED) THIRD DECLARATION OF DAVID M. HARDY
C 07-03240 MHP

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SETH ROSENFELD,                          )
                                         )
        Plaintiff,                       )
                                         )
            v.                           )   Civil Action No. 07-CV-03240
                                         )
FEDERAL BUREAU OF                        )
INVESTIGATION and                        )
U.S. DEPARTMENT OF JUSTICE,              )
                                         )
        Defendants.                      )
                                         )

## THIRD DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation

Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002.

Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate

General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of

Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October

1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely

worked with FOIA matters. I am also an attorney who has been licensed to practice law in the

state of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 195

employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded plaintiff's October 13, 2006 FOIA requests which seeks access to records pertaining to nine subjects: (1) Ronald Reagan, (2) Herbert Ellingwood, (3) Alexander C. Sherriffs, (4) Roy M. Brewer, (5) Neil Reagan, (6) "80" Files, (7) The Motion Picture Industry Council, (8) The Labor League of Hollywood Voters, and (9) The Motion Picture Alliance for the Preservation of American Ideals.

(4)     The purpose of this declaration is to provide the Court and plaintiff with an explanation of the handling of certain aspects of plaintiff's FOIA requests to FBIHQ, the Washington Field Office ("WFO"), the Los Angeles Field Office ("LAFO"), the Sacramento Field Office ("SFO"), the San Diego Field Office ("SDFO"), and the San Francisco Field Office ("SFFO"). This declaration will discuss my qualification as a declarant, Cross References, Manual Searches, the Office of Origin files, the Reading Room, and exhibits further detailing the searches conducted at the field offices for records requested by plaintiff.

2

**David M. Hardy as a Declarant**

(5)     Information regarding automated and manual indices search results can be found in the FBI's FOIPA Document Processing System ("FDPS"), as well as on search slips generated by FBIHQ and the various Field Offices. As Section Chief and managing supervisor of RIDS, I am responsible for tasking individuals to oversee the initiation of FOIA searches. I personally reviewed search notes presented by employees from the Litigation Support Unit (LSU) regarding the automated and manual indices search initiation and results which were retrieved from FDPS as well as reviewed copies of the search slips which were generated by FBIHQ and the various Field Offices in response to plaintiff's request.

**Cross References**

(6)     Cross references were found for the following subjects requested by Plaintiff: Ronald Reagan (9), Herbert Ellingwood (5), Roy Brewer (89), Neil Reagan (8), Alexander Sherriffs (9), Motion Picture Industry Council (1), Labor League of Hollywood Voters (1), and Motion Picture Alliance for the Preservation of American Ideals (12). Of the total 134 cross references located, one cross reference (Subject Roy M. Brewer - FOIPA #1063060) was referred to the Department of State for direct response. **(See Exhibit A.)**. Per an undated letter received from the State Department, a direct release was made to the plaintiff. Eighty-nine cross references were processed as requested by plaintiff and found already to be in compliance with the court's order. In seventy-eight of the 89 processed cross references, (all of which were 10 pages or less), the entire document (with pertinent redactions) was released to plaintiff. In eleven of the 89 processed cross references where the document was more than 10 pages, the entire introduction section, administrative pages and the page(s) that mention the subject have

3

already been released to the plaintiff. The remaining 44 cross references are being reprocessed

to comply with the court's order and should be released to the plaintiff no later than

November 24, 2008.

**Office of Origin Files**

(7)    Plaintiff contends that the FBI failed to produce "Office of Origin" files. "Office

of Origin" files are the field office files created and maintained by the office closest to the

activity of the subject or investigative interest. This results in the file being created and

maintained either by FBIHQ or one of the respective field offices; there is no separate "Office of

Origin" file category. The office of origin can be determined by looking at the creation office on

the first serial of each file. The field office files have been released to plaintiff regarding his

requests of Herbert Ellingwood, Roy M. Brewer, Neil Reagan, Motion Picture Alliance for the

Preservation of American Ideals, and Ronald Reagan and, therefore, included all "Office of

Origin" files. FOIA requesters are required to submit their requests directly to the field office(s)

they believe possess responsive records. See 28 C.F.R. §§ 16.3(a) & 16.41(a) (2006). A

requester can not circumvent this requirement by asking for all "office of origin" files.

**Reading Room Files**

(8)    The FBI is required by Subsection (a)(2)(D) of the FOIA, 5 U.S.C. § 552(a)(2)(D),

to make certain records available for public inspection and copying. Copies of all records,

regardless of form or format, which have been released under FOIA to any person and which,

because of the nature of their subject matter, the agency determines have become or are likely to

become the subject of subsequent FOIA requests for substantially the same records are to be

maintained in such a manner for public inspection and copying. This information is sometimes

4

referred to as "Reading Room" material and is available in three forms: previously processed
paper format which can also be viewed in person at the FBIHQ Reading Room; on the World
Wide Web in FBI's FOIA Electronic Reading Rooms ("ERR"), or on Compact Disc ("CD").

(9)     To qualify for the previously processed paper format in the physical Reading
Room, material must be processed in such a way to make it releasable to the general public in its
redacted form. The release should be of interest to a large segment of the general public and it
should be anticipated that a substantial number of additional requests for the information will be
received.

(10)    The ERR contains many of the same records that are located in the physical
Reading Room. The documents in the ERR have been converted from paper to electronic PDF
format for easier viewing. The ERR is arranged in two ways: (1) Alphabetically by subject or (2)
large subject matter categories (i.e., Terrorism, Espionage, Communism, etc.). Some subjects on
the ERR have a voluminous number of pages associated with their file and the ERR may not
have the entire file scanned due to lack of server space. If the material is not in complete form,
the web page will indicate what is contained within the material. The ERR may only contain
summaries for some subjects.

(11)    If material has not been requested more than three times in two years, then it is
considered for removal from the ERR. The material is reviewed by the FBI historian to
determine what material maintains historical value. The material that is deemed to be historical
is placed on a CD. The other material is sent to NARA for review and archiving.

## Manual Searches

(12)    When a request is received at FBIHQ, a determination is made regarding whether

5

a manual search is required. This determination is based on date of birth of the subject of the request, event date, or organization creation date. A manual search is not required if the date of birth is after 1958 or if the event date or organization creation was after 1979. For a request made to FBIHQ, a search of the manual indices cards located at the Alexandria Records Center ("ARC") is conducted. These cards are organized in alphabetical order by subject and contain the file number, whether it is a main file or cross reference and identifying information of subject. When a potentially responsive file is located, this file is ordered via the FBI's File Access Control Systems ("FACS")[1] and reviewed for responsiveness.

(13)    Each of the five field offices that received a request from the plaintiff conducted a manual search of their own files. Although each field office maintains independent procedures for how their searches are conducted, their methods are similar. The index card are organized so that files can be located by name or file number. Once a potentially responsive file is identified and located, field office personnel review the file for responsiveness based on the information provided in the request letter. Information regarding the file and its responsiveness is sent to FBIHQ personnel in an e-mail or written notice. The FBIHQ requests the file be forwarded for processing.

## Adequacy of the Field Office Searches (by Subject)

### Ronald Reagan

(14)    Plaintiff has received the search slips from the FBIHQ searches. The SFFO, LAFO, SDFO, WFO, and SCFO have submitted their respective search slips to FBIHQ which are attached as **Exhibit B**.

--------

[1] The FACS is discussed in the Fourth Hardy Declaration.

6

(15)    The following information was received from the LAFO on June 24, 2004 in response to an FBIHQ request for a manual search of their indices. LAFO provided twelve pages of photocopies of manual indices cards containing information regarding various file numbers, search criteria and summary memos. The search criteria was for Ronald Wilson Reagan, Ronald W. Reagan and Ronald Reagan. The summary memos are located in the following files and reference the Screen Actors Guild: 80-579 (serial 2, 3, 58 and 59) dated July 20, 1976, 100-8120 (serial 136 and 161) dated September 28, 1959 and 116-70463 (serial 3) dated January 1, 1967.

(16)    Upon completion of the electronic indices search at FBIHQ, a request was made to the LAFO via e-mail on July 23, 2004 for receipt for the following files: 80-859, 116-70463, 161-2715, 100-75300, 100-76832, 44-3130, 100-77477, 100-79981, 100-86769, 174-740, 100-79066 and 300A-LA-232508. On August 2, 2004 a follow-up request was made for this information. One file, 44-3130, was "unable to locate." One file, 174-740, was indicated as destroyed on 8/10/2005. One file, 300A-LA-232508, was found to be a pending case. The remaining files were shipped to FBIHQ on August 5, 2004.

(17)    The following responses were received from the LAFO in reference to a July 18, 2005 request from FBIHQ for a manual search of their indices. A memo was received by FBIHQ on September 15, 2005, indicating that a manual search had been completed by an employee in the LAFO Legal Unit and that the following main files were being shipped under separate cover: 175-206, 9-7181, 175-193, 175-197, 175-198, 199-679, 175-173, 175-170, 175-204, 157-6457, 9-6853 and 9-5770. The following files were listed as destroyed: 9-4835 (date unknown) and 9-4875 (date unknown). One file, 175-195, was identified as "unable to locate."

(18)    Another memo was received by FBIHQ on October 11, 2005 indicating that

7

during the manual search an additional main file 175-189 was located and being shipped under separate cover. An additional file, 300A-LA-232580 was previously identified as a pending file, but a search revealed it was "unable to locate" at that time. Additional searching was to be completed.

(19)    A manual search of the LAFO was requested on January 7, 2008, for all main files and cross references prior to January 1, 1979, per plaintiff's request letter of August 6, 2007 - no records were located. Upon completion of an additional search of the electronic indices at FBIHQ, the following files were located, requested via an e-mail dated February 4, 2008 and shipped under a separate cover to FBIHQ: 185-LA-130295, 194B-LA-1722824-W (serial 41), 200A-LA-117276 (serial 9), 300A-LA-232508, 56C-LA-195816 (serial 12), 58A-LA-111204 (serials 13 and 18), 69C-PX-41605 (LA)(serials 148 and 150), 100-79056, 175-0 (serials 1634, 1892, 1958 and 2081), 175C-217, 175C-218, 175C-224, 183-924-E (serials 237, 239 and 240), 211-0 (serial 14), 247A-9-U (serial 197), 89-0 (serial 309), 89B-758, 9-5770, 9A-7939 and 9A-7992. The following files were determined "unable to locate" 157-6457, 80-3 (serial 5183), 66-6575 (serial 52) and 44-3130. The following files were listed as destroyed: 100-8120 (serials 136 and 161), 9-4835, 9-4875 and 174-740.

(20)    Following a search of FBIHQ electronic indices, an undated request was made to the SCFO for potentially responsive files. The following files were located: 100-2093, 100-3107, 100-3388, 100A-8101 (serial 98), 105-434 (serial 35), 175-00 (serial 59), 175-28, 175-37, 175-42, 175-43, 175-73A (serials 10 and 52), 175-73B (serial 9, 49 and 72), 175-73E (serial 64 and 65), 175-94, 183-112 (serial 12), 183-115 (serial 40), 183-142 (serial 19), 183-218 (serial 20), 183-312 (serial 11), 183-79 (serial 206), 183-94 (serial 41), 194-17 (serial 64), 194-4 (serial

8

1), 194-9 (serial 3), 194A-18050 (serials 76 and 82), 197-5, 211-00 (serials 17 and 21), 62-109, 62-177, 62-86, 9-301 and 9-439. The following file was shipped to FBIHQ on March 7, 2008: 194A-SC-18050.

Herbert Ellingwood

(21)    On May 8, 2006, plaintiff submitted six separate FOIA/Privacy Act requests to FBIHQ, SFFO, LAFO, SDFO, WFO, and SCFO for records regarding Herbert Ellingwood. Plaintiff has received the search slips from FBIHQ. The SFFO, LAFO, SDFO, WFO, and SCFO have submitted their respective search slips to FBIHQ which are attached as **Exhibit C**.

(22)    A request made to the LAFO on July 11, 2006, regarding a manual search of their indices revealed the following cross reference: 211-00 (serial 3). It was not indicated whether or not this file was shipped to FBIHQ. A request was made to the LAFO on November 16, 2006, for a manual search of their indices. The following cross reference file was located and shipped under separate cover to FBIHQ on November 20, 2006: LA 161B-5224. A request was made to this field office on February 21, 2008 regarding a search of their manual indices. No main files for this field office were located.

(23)    Per an undated Field Office File Request form the following files were requested and shipped under separate cover from the SCFO: 80-238 (serial 134) and 80-394. One file, 161B-785 was destroyed on January 6, 2006. There were no records located for a search of Herb Willingwood (an identified alias).

(24)    A search of the electronic indices at FBIHQ resulted in the identification of one WFO record, WF 190-C1-Sub R (serial 181). Per an electronic communication ("EC") dated September 27, 2006, the above serial was destroyed in accordance with MAOP, Part 2-4.5.2

9

(8.a).

Alex Sherriffs

(25)    On July 8, 2004, plaintiff submitted two separate FOIA requests to FBIHQ and

SFFO for records regarding Alex Sherriffs. Plaintiff has received the search slips from the

FBIHQ searches. The LSU LAS is currently retieving the responsive search slips for release. An

approximate due date for this release is October 22, 2008.

Roy M. Brewer

(26)    On October 13, 2006, plaintiff submitted three separate FOIA requests to

FBIHQ, LAFO, and WFO for records regarding Roy M. Brewer. Plaintiff has received the

search slips from FBIHQ. The LAFO and WFO have submitted their respective search slips to

FBIHQ which are attached as **Exhibit D**.

(27)    A February 15, 2008 request for a search of the LAFO manual indices produced

the following cross reference serials that were shipped to FBIHQ under separate cover: 100-

15732 (serial 852 and 1340). The following cross reference files were destroyed: 62-2484 (serial

182), 62-2837 (serial 838), 100-15732 (serial 537, 551, 649, 718, 754, 765, 940, 1934, 2084 and

2714), 100-23721 (serial 16), 100-15732B (serial 1002, 1259, 1509, 1835 and 2028), 100-20360

(serial 55), 62-3093 (serial 57), 100-22183 (serial 13), 62-3084 (serial 57, 58 and 85), 100-46832

(serial 5), 100-46411 (serial 9), 100-47307 (serial 1a2), 100-44774 (serial 360) and 100-53004

(serial 62).

Neil Reagan

(28)    On March 23, 2005, November 8, 2005, and January 31, 2007, plaintiff submitted

three separate FOIA requests to FBIHQ, LAFO, and WFO for records regarding Neil Reagan.

10

Plaintiff has received the search slips from FBIHQ. The LAFO and WFO have submitted their respective search slips to FBIHQ which are attached as **Exhibit E**.

(29)    A May 9, 2005 e-mail request was made of the LAFO for a search of their manual indices. The criteria for this search was Neil Reagan and John Neil Reagan, which resulted in no records being located.

(30)    An electronic search of FBIHQ indices resulted in the location of a potentially responsive WFO file. A request was submitted to WFO regarding file, WF 190-CI Sub R (serial 104). On September 27, 2006, WFO reported, in accordance with MAOP, Part 2.4.5.2 (8.a), the serial had been destroyed. No destruction date was provided.

"80" Files

(31)    On April 28, 2006 and October 24, 2006, plaintiff submitted a FOIA/Privacy Act request to FBIHQ for records regarding the specific Sacramento main "80" files. Plaintiff has received the search slips from FBIHQ.

Motion Picture Industry Council

(32)    On June 14, 2006, plaintiff submitted two separate FOIA requests to FBIHQ and LAFO for records regarding the Motion Picture Industry Council. Plaintiff has received the search slips from FBIHQ. The LAFO submitted their search slips to FBIHQ which are attached as **Exhibit F**. In a response dated June 12, 2008 from the LAFO, no records were located.

Labor League of Hollywood Voters

(33)    On June 14, 2006, plaintiff submitted two separate FOIA requests to FBIHQ and LAFO for records regarding the Labor League of Hollywood Voters. Plaintiff has received the search slips from FBIHQ. The LAFO submitted their search slips to FBIHQ which are

11

attached as **Exhibit G**.  A request for a manual search was sent to the LAFO and returned on June 12, 2008 with no records located.

      <u>Motion Picture Alliance for the Preservation of American Ideals</u>

      (34)    On June 14, 2006, plaintiff submitted two separate FOIA requests to FBIHQ and LAFO for records regarding the Motion Picture Alliance for the Preservation of American Ideals.  Plaintiff has received the search slips from FBIHQ.  The LAFO submitted their search slips to FBIHQ which are attached as **Exhibit H**.

      (35)    The LAFO received a request from FBIHQ on February 7, 2007 for a manual search of their indices, which resulted in a no records response on March 19, 2007.  Two files were located that made mention of the subject and were forwarded to FBIHQ on April 30, 2007.  Those two files are 62-2484 (serials 190 and 196) and 100-15732 (serials 172, 173, 200, 228, 274, 320, 489, 976, 2468 and 2662).  The LAFO included serial 1023 from the Sub B folder of 100-15732.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that **Exhibits A through H** attached hereto is a true and correct copy.

Executed this ⟶22⟵ day of September, 2008.


DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.